ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 19 2011

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FULTON COUNTY SHERIFF THEODORE JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>897 EDGEWOOD AVENUE, N.E., ATLANTA, GEORGIA FULTON COUNTY, GEORGIA, Parcel Number: 14-0014-0010-024-3; JOHN B. NELSON; and GUISHARD, WILBURN & SHORTS, LLC, SHORTS, LLC,<br><br>Defendants. | CASE NO. 1:11-CV-0164-RLV<br><br>**Removed from**:<br>Fulton County Superior Court<br>Case No. 2010-CV-191519 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441(a) and (b), Defendant John B. Nelson ("Nelson") hereby gives notice of removal of this action from the Superior Court of Fulton County, Georgia, Case No. 2010-CV-191519, where it is now pending, to the United States District Court for the Northern District of Georgia, Atlanta Division.

## BACKGROUND

1.

On September 28, 2010, Fulton County Sheriff Theodore Jackson ("Sheriff")

filed an interpleader action against Nelson and Guishard, Wilburn & Shorts, LLC ("GWS") in the Superior Court of Fulton County, Georgia, Case No. 2010-CV-191519 (the "State Court Action").  A true and correct copy of the Sheriff's Complaint filed in the State Court Action is attached hereto as **Exhibit 1** (the "Complaint").

2.

Other than the Complaint, the documents listed on **Exhibit 2** are the only other papers filed in the State Court Action. True and correct copies of said papers are attached hereto as **Exhibits 3-10**.

3.

In the State Court Action, the Sheriff seeks to interplead what it has described as excess funds in the amount of $212,524.07 from a property tax sale of certain real property located in Fulton County, Georgia owned by John B. Nelson (the "Subject Funds").

4.

The Sheriff does not dispute that the Subject Funds should be paid to John B. Nelson, however, the Sheriff contends that the following two parties have appeared to claim and collect the Subject Funds: **(A)** John B. Nelson (whose affidavit and

application for the Subject Funds was delivered to the Sheriff by the undersigned Georgia attorney); and **(B)** GWS, which presented documents to the Sheriff wherein it claimed to be the duly appointed agent for John B. Nelson authorized to recover the Subject Funds.

5.

Plaintiff is a resident of the State of Georgia. Defendant Nelson is a citizen of the State of Colorado.

6.

In the Complaint, the Sheriff incorrectly describes GWS as a "Georgia Corporation" with a principal place of business at 175 Carnegie Place, Suite 115, Fayetteville, Georgia 30214." In fact, as shown on the document from the Georgia Secretary of State website attached hereto as **Exhibit 11**, GWS is a <u>Delaware</u> limited liability company and having, as its Georgia registered agent, one Earl Glenn, believed to be the same person known as former Fulton County Sheriff Lieutenant Earl Glenn.

7.

The basis for the claim to the excess funds made by <u>GWS, purporting to act as agent for John B. Nelson</u>, are agency appointment documents containing the forged

signature of John B. Nelson that GWS claims to have procured in Colorado based on a fake and counterfeit photographic Colorado identification card.

8.

Nelson never authorized GWS to represent him in any capacity whatsoever. Nelson has never signed any documents appointing GWS as his agent.

9.

As found by an official investigation of the State of Colorado Secretary of State, Notary Public Division, Licensing and Enforcement, the signature on the bogus GWS agency appointment document also bears the forged signature and fabricated certification and stamp of the Colorado notary public who is shown as having acknowledged and notarized the forged signature of John B. Nelson in Montezuma County, Colorado. Full faith and credit are to be afforded to the findings and decision of the Colorado Secretary of State, Notary Public Division.

10.

Prior to the filing of the interpleader action, the Sheriff was repeatedly notified in writing that the GWS documents were forged or false.   Evidence of the forgery has also been personally provided to the Sheriff.  Despite having such evidence in his possession, the Sheriff insisted on filing the interpleader action.

11.

According to the filings in Fulton Superior Court, on September 30, 2010, GWS was served with a summons and a copy of the Complaint and its answer was required to be filed on or before October 30, 2010. GWS, however, never appeared or filed any answer in the State Court Action. As of the date of filing of this Petition, GWS is irredeemably in default and any right to open that default as matter of right has expired.

12.

Given the foregoing facts, Nelson has repeatedly demanded that the Sheriff dismiss the interpleader action and simply pay over the Subject Funds. The Sheriff has refused these demands and, instead, continues to insist on the prosecution of the interpleader action while, at the same time, praying in the Complaint for an award of expenses and the entry of an order discharging him from all liability.

13.

On December 17, 2010, the Sheriff was called to appear in the State Court Action pursuant to that certain "Notice of Default Calendar." See **Exhibit 6**. While Nelson (who had not yet been served) did not make any appearance at that hearing, he has since confirmed that the Sheriff's counsel were asked during that hearing by

the presiding judge whether the Sheriff wanted a default judgment entered against GWS. In response, the Sheriff's counsel said "No."

14.

At the same December 17, 2010 hearing, the Sheriff presented, *ex parte*, his motion for an order authorizing payment of the Subject Funds to the Clerk of the Fulton County Superior Court. An order was entered granting such request [See **Exhibit 10**], and Nelson has reason to believe that such payment has been made by the Sheriff to said Clerk.

## **GROUNDS FOR REMOVAL**

15.

28 U.S.C. § 1441(a) of the United States Code authorizes the removal of any civil action to the district court of the United States for the district and division embracing the place where that action is pending if the district court has original jurisdiction over that civil action.

16.

28 U.S.C. § 1441(b) of the United States Code authorizes the removal of any civil action to the district court of the United States for the district and division embracing the place where that action is pending if the district court has original

jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States. Such actions may be removed without regard to the citizenship or residence of the parties.

17.

The State Court Action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a), in that it is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

18.

Because it has never appeared and is in default, GWS is either presumed or deemed to have consented to removal or its consent to removal is not required.

19.

Removal is also proper because the State Court Action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1335 in that it is a civil action of interpleader filed by the Sheriff having in his custody or possession money or property in the amount of $212,524.07 as to which it claims that two or more adverse claimants exist of diverse citizenship.

20.

Original jurisdiction is also in this Court because of the interstate nature of the acts upon which the competing and adverse claims of GWS and the Sheriff are made and upon the implication of those acts or omissions under federal law.

21.

Summons and a copy of the Complaint filed in the State Court Action were delivered to Nelson on December 20, 2010. This removal is timely.

22.

As noted on the attached certificate of service, a copy of this Notice of Removal is being served by United States Mail on counsel for Plaintiff and GWS, and is being contemporaneously filed with the Clerk of the Superior Court of Fulton County, Georgia, as provided by law.

**CONCLUSION**

WHEREFORE, Nelson having removed this action from the State Court to this Court prays that the Court: (a) consider and accept this Notice of Removal as provided by law governing the removal of cases to this Court; (b) make any and all necessary or proper orders to effect and perfect the removal of this case from said Superior Court of Fulton County, Georgia including, but not limited to, an order

compelling the payment of the Subject Funds to the Clerk of this Court; and (c) make such other orders as may be appropriate.

Respectfully submitted this 19th day of January, 2011.

                                               **FRANK X. MOORE & ASSOCIATES**

                                               Francis X. Moore
                                               Georgia Bar No. 519120

1847 Peeler Road, Suite D
Atlanta, Georgia 30338
404-849-6176
fmoore@fxm-law.com