## IN THE SUPERIOR COURT OF FULTON COUNTY
### STATE OF GEORGIA

FULTON COUNTY SHERIFF, )
THEODORE JACKSON, )
                    )
       Petitioner, )
                    )
v. )
                    )
897 EDGEWOOD AVENUE, N.E., )
ATLANTA, GEORGIA )
FULTON COUNTY, GEORGIA, )
Parcel Number: 14-0014-0010-024-3; JOHN )
B. NELSON; GUISHARD, WILBURN & )
SHORTS, LLC, )
                    )
       Respondents. )

CIVIL ACTION FILE
NUMBER: 2010CV191519

**FILED IN OFFICE**

**SEP 28 2010**

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

### FULTON COUNTY SHERIFF THEODORE JACKSON'S PETITION FOR INTERPLEADER

**COMES NOW**, THEODORE JACKSON, SHERIFF OF FULTON COUNTY, GEORGIA ("Sheriff") and, pursuant to O.C.G.A. §§ 48-4-5 and 23-3-90 and files this Petition for Interpleader in order to determine the proper person or entity entitled to payment of excess funds held by the Sheriff. In support of his Petition, the Sheriff shows the Court as follows:

1.

On December 5, 2000, the Sheriff held a non-judicial tax sale ("Tax Sale") of property having a tax identification number of 14-0014-0010-024-3 and popularly known as, or referred to as 897 Edgewood Avenue, Atlanta, Fulton County, Georgia ("Property"). The Property was sold out of the name of John B. Nelson, Ambassador.



2.

The amount of taxes, penalties, interest, costs and all expenses of the sale was Eight Thousand Eight Hundred Fifty-One and 66/100 Dollars ($8,851.66).

3.

Foxworthy, Inc. was the successful bidder, at the Tax Sale, in the amount of Two Hundred Twenty-One Thousand Three Hundred Seventy Five and 73/100 Dollars ($221,375.73).

4.

There are excess funds from the sale in the amount of Two Hundred Twelve Thousand Five Hundred Twenty Four and 07/100 Dollars ($212,524.07) (hereinafter referred to as "Excess Funds").

5.

Accordingly, this Court has jurisdiction and venue of this matter.

### **Chain of Title**

6.

The Sheriff realleges and reincorporates by reference paragraphs 1 through 5 to the Petition for Interpleader as if fully set forth herein.

7.

**Jon D. Engle** and **Verdery C. Engle**, grantors, transferred and conveyed interest in the Property to **Charles R. Gray**, grantee, by virtue of a Warranty Deed, dated June 30, 1979, and recorded on July 16, 1979 at Deed Book 7300, Page 379, Fulton County, Georgia records. See Warranty Deed attached hereto as Exhibit "A".

8.

**Charles Gray**, grantor, transferred and conveyed interest in the Property to **John B. Nelson, Ambassador**, grantee, by virtue of a Quit Claim Deed dated February 12, 1996, and recorded on February 12, 1996, at Deed Book 20625, Page 43, Fulton County, Georgia records. See Quitclaim Deed attached hereto as Exhibit "B".

9.

**John B. Nelson, Ambassador**, by and through **Sheriff Jacquelyn H. Barrett** transferred and conveyed interest in the Property to **Foxworthy, Inc.** by Tax Deed, dated December 5, 2000, and recorded on December 29, 2000 at Deed Book, 29816, Page 298. See Tax Deed attached hereto as Exhibit "C". Said Tax Deed was subsequently modified in order to correct the transposition of the Deed Book and Page references on the Original Tax Deed and a new Corrective Tax Deed was issued. See Corrective Tax Deed attached hereto as Exhibit "D".

10.

On April 8, 2002, **Foxworthy, Inc.** filed a Petition to Quiet Title on the Property. See Petition to Quiet Title, attached hereto as Exhibit "E". On November 27, 2002, the Court issued an Order holding that Fee Simple Title in the Property was vested with Foxworthy, Inc. by virtue of the by Tax Deed, dated December 5, 2000, and recorded on December 29, 2000 at Deed Book, 29816, Page 298. See Final Order and Decree attached hereto as Exhibit "F". Such Order was appealed and the Appeal was dismissed by Order of the Supreme Court. See Supreme Court Order dated September 17, 2003 attached hereto as Exhibit "G".

**Interested Parties**

11.

The Sheriff realleges and reincorporates by reference paragraphs 1 through 10 to the Petition for Interpleader as if fully set forth herein.

12.

**John B. Nelson**, as record title owner on the date of the Tax Sale has a potential claim to the proceeds by virtue of a Quit Claim Deed dated February 12, 1996, and recorded on February 12, 1996, at Deed Book 20625, Page 43, Fulton County, Georgia records.  John B. Nelson is a resident of the state of Colorado and may be served at 14675 Colorado Road 35.6, Mancos, Colorado, 81328.

13.

**Guishard, Wilburn & Shorts** has a potential claim to the proceeds by virtue of a claim for Excess Funds submitted to the Sheriff which includes a Letter of Authorization to Recover Funds (Limited Power of Attorney) on behalf of John B. Nelson. See Claim, including Title Report, attached hereto as Exhibit "H".  Guishard, Wilburn & Shorts is a Georgia Corporation and may be served at its principal place of business at 175 Carnegie Place, Suite 115, Fayetteville, Georgia 30214.

14.

The person known as **John B. Nelson** represented by **Frank X. Moore** of Frank X. Moore & Associates, has a potential claim to the proceeds by virtue of a Quit Claim Deed dated February 12, 1996, and recorded on February 12, 1996, at Deed Book 20625, Page 43, Fulton County, Georgia records.  Frank X. Moore has also submitted a claim on behalf of John B. Nelson. See Claim, including Title Report, attached hereto as Exhibit "I".  John B. Nelson is a

resident of the state of Colorado and may be served at 14675 Colorado Road 35.6, Mancos, Colorado, 81328.

## Competing Claims

### 15.

The Sheriff realleges and reincorporates by reference paragraphs 1 through 14 to the Petition for Interpleader as if fully set forth herein.

### 16.

The Sheriff is unable to determine the proper party entitled to the excess funds since both Guishard, Wilburn & Shorts, on behalf of John B. Nelson and John B. Nelson, by and through his attorney Frank X. Moore, have submitted competing claims for disbursement of the entire $212,524.07 in Excess Funds being held by the Sheriff related to the Tax Sale.

## Expense Reimbursement

### 17.

The Sheriff realleges and reincorporates by reference paragraphs 1 through 16 to the Petition for Interpleader as if fully set forth herein.

### 18.

Petitioner has incurred expenses in connection with bringing this Interpleader action (service of process and filing costs) and pursuant to O.C.G.A. § 23-3-90, is entitled to an award of expenses.

### 19.

**WHEREFORE**, the Sheriff prays:

1. That this Court issue an Order authorizing the Sheriff to deposit the Excess Funds into the registry of the Court;

2. That the Respondents be required to interplead and settle among themselves their rights to the Excess Funds;

3. That the Court determine which person or entity is authorized to receive the excess funds;

4. That the Court Order that the excess funds be paid in accordance with its determination and that the Petitioner is discharged from all liability in this action;

5. That the Sheriff be awarded the costs incurred in bringing this action; and

6. That the Court Order other relief as it deems just and proper.

Respectfully submitted, this 28th day of September, 2010.

OFFICE OF THE FULTON COUNTY ATTORNEY
R. David Ware
COUNTY ATTORNEY
Georgia Bar No. 737756

_____
Matthew C. Welch
Georgia State Bar No. 747190

_____
William Shannon Sams
Georgia State Bar No. 101051

141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0261 (office)
(404) 730-6324 (facsimile)

6

**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| FULTON COUNTY SHERIFF, THEODORE JACKSON | ) ) ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CIVIL ACTION FILE NUMBER: |
| 897 EDGEWOOD AVENUE, N.E., ATLANTA, GEORGIA FULTON COUNTY, GEORGIA, Parcel Number: 14-0014-0010-024-3; JOHN B. NELSON; GUISHARD, WILBURN & SHORTS, LLC | ) ) ) ) ) ) ) | |
| Respondents. | ) ) | |

## **VERIFICATION**

The undersigned does hereby verify and state that the information contained in the Fulton

County Sheriff's Petition for Interpleader is true and correct.

BY: _Theodore Jackson_

Theodore Jackson
Fulton County Sheriff

Sworn and subscribed before me this
___ day of September, 2010.

_____
NOTARY PUBLIC
[Sign and Seal]
My Commission Expires

BESSIE D DEBOWLES
Notary Public
DeKalb County, Georgia
Commission Expires August 1, 2012

EXHIBIT "A"

GEORGIA, Fulton County, Clerk's Office Superior Court
Filed & Recorded, JUL 16 1979 at 9:20 M.,  _Litan J. Price_  CLERK

## Lawyers Title Insurance Corporation

### ATLANTA BRANCH OFFICE

## WARRANTY DEED

STATE OF CEORGIA           COUNTY OF DEKALB

THIS INDENTURE, Made the 30th          day of June          , in the year
one thousand nine hundred seventy-nine     , between

JON D. ENGLE AND VERDERY C. ENGLE

of the County of Fulton          , and State of Georgia, as party or parties of the
first part, hereinafter called Grantor, and

CHARLES R. GRAY

as party or parties of the second part, hereinafter called Grantee (the words "Grantor" and
"Grantee" to include their respective heirs, successors and assigns where the context requires or
permits).

WITNESSETH that: Grantor, for and in consideration of the sum of  Ten  and no/100's
————————————————————————( $10.00    ) DOLLARS
in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby
acknowledged, has granted, bargained, sold, aliened, conveyed and confirmed, and by these presents
does grant, bargain, sell, alien, convey and confirm unto the said Grantee,

All that tract or parcel of land lying and being in Land Lot 14 of the 14th District,
Fulton County, Georgia, and being part of Lot 66 according to a Map of Inman Park
as made by Joel Burt, C.E., on April 18, 1896, and more particularly described as
follows:
BEGINNING at a point on the south side of Edgewood Avenue 91 feet west of the
southwest corner of Edgewood Avenue and Waverly Way; running thence west along the
south side of Edgewood Avenue 74 feet; running thence south 210 feet to a point;
running thence east 74 feet to a point; running thence north 210 feet to the point
of beginning; being improved city property and known as 897 (formerly695)
Edgewood Avenue, N.E., according to the present system of numbering streets and
houses in the city of Atlanta, Georgia.

This conveyance is made subject to that certain Deed to Secure Debt from Bonnie
Dees and Jeffrey Dees to Standard Federal Savings and Loan Association, dated July 15,
1975 and recorded July 17, 1975, at Deed Book 6306, page 157, Fulton County, Georgia
records, securing an indebtedness in the original principal amount of $40,000.00,
which Deed to Secure Debt was assumed by Grantor. This conveyance is made further
subject to that certain Deed to Secure Debt from Grantor to Bonnie L. Dees, dated
July 13, 1977, and recorded July 20, 1977, at Deed Book 6748, page 252, aforesaid
records, securing an indebtedness in the original principal amount of $31,500.00.
Grantee assumes and agrees to pay the indebtedness secured by the above-referenced
Deeds to Secure Debt.

TO HAVE AND TO HOLD the said tract or parcel of land, with all and singular the rights,
members and appurtenances thereof, to the same being, belonging, or in anywise appertaining, to the
only proper use, benefit and behoof of the said Grantee forever in FEE SIMPLE.
AND THE SAID Grantor will warrant and forever defend the right and title to the above
described property unto the said Grantee against the claims of all persons whomsoever.

IN WITNESS WHEREOF, the Grantor has signed and sealed this deed, the day and year above
written.

Signed, sealed and delivered in presence of:

N. P.
SEAL

_____ (Seal)
JON D. ENGLE
_____ (Seal)
VERDERY C. ENGLE
_____ (Seal)

BOOK 7300 PAGE 379

## GENERAL POWER OF ATTORNEY

**TO ALL PERSONS,** be it known, that *Shirley R. Gray*
the undersigned Grantor, does hereby grant a general power of attorney to
*Karen L. Martin* , as my attorney-in-fact.

My attorney-in-fact shall have full powers and authority to do and undertake all
acts on my behalf that I could do personally including but not limited to the right to sell,
deed, buy, trade, lease, mortgage, assign, rent or dispose of any of my present or future
real or personal property; the right to execute, accept, undertake and perform any and all
contracts in my name; the right to deposit, endorse, or withdraw funds to or from any of my
bank accounts, depositories or safe deposit box; the right to borrow, lend, invest or
reinvest funds on any terms; the right to initiate, defend, commence or settle legal actions
on my behalf; the right to vote (in person or by proxy) any shares or beneficial interest in
any entity, and the right to retain any accountant, attorney or other advisor deemed
necessary to protect my interests generally or relative to any foregoing unlimited power.

My attorney-in-fact hereby accepts this appointment subject to its terms and
agrees to act and perform in said fiduciary capacity consistent with my best interests as he
in his best discretion deems advisable, and I affirm and ratify all acts so undertaken.

This power of attorney may be revoked by me at any time, and shall automatically
be revoked upon my death, provided any person relying on this power of attorney before
or after my death shall have full rights to accept the authority of my attorney-in-fact until
receipt of actual notice of revocation.

Signed under seal this **22ND** day of **August** , 19 **94**

_____
Grantor

_____
Attorney-in-Fact

BK 20625  PG 44

EXHIBIT B

EXHIBIT "B"

28-JUN-2010  12:19PM   FROM-Augusta Title Inc.                    4045210214              T-765   P.020/026   F-369

Return To: KAREN MARTIN
262 CARSON ST
ATLANTA GA 30307

Doc#000000260 Bk#000004128
GEORGIA, FULTON COUNTY
Filed and Recorded
02/12/1996 04:57P
JUANITA HICKS
Clerk, Superior Court Fulton County, Georgia
Real Estate Transfer Tax
Paid 0.00
Date 02/12/1996
JUANITA HICKS
Clerk, Superior Court
By: ___
Deputy Clerk

A290-19
R.290-96

# QUITCLAIM DEED

THIS QUITCLAIM DEED, Executed this  12th   day of February   , 19 96 .

by first party,  Charles R. Gray

whose post office address is  897 Edgewood Ave. NE, Atlanta, GA  30307

to second party,  John B. Nelson, Ambassador

whose post office address is  14675 CR35.6, Mancos, CO  81238

WITNESSETH, That the said first party, for good consideration and for the sum of  Fifty Dollars GOLD
Dollars ($ 50.00GOLD) paid by the said second party, the receipt whereof is hereby
acknowledged, does hereby remise, release and quitclaim unto the said second party forever, all the rights, title, inter-
est and claim which the said first party has in and to the following described parcel of land, and improvements and
appurtenances thereto in the County of Fulton               , State of  Georgia          to wit:

897 Edgewood Avenue:  See attached Warranty Deed for Description
EXHIBIT A

IN WITNESS WHEREOF, The said first party has signed and sealed these presents the day and year first
above written. Signed, sealed and delivered in presence of:

_____            _____
Signature of Witness                Signature of First Party  SEE ATTACHED POWER OF ATTORNEY.
                                                              EXHIBIT B
_____            KAREN MARTIN for CHARLES GRAY.
Print name of Witness               Print name of First Party

_____            N/A
Signature of Witness                Signature of First Party
ANGIE LEGAKIS                       N/A
Print name of Witness               Print name of First Party

State of  Georgia
County of  Dekalb
On  Feb. 12, 1996     before me,   Tiffany D. Stiggins
appeared  Karen Martin
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s)
is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon
behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

N.P.
SEAL   Signature of Notary  Tiffany Stiggins

              Notary Public, DeKalb County, Georgia          Affiant _____ Known _____ Produced ID
              My Commission Expires Nov. 27, 1999           Type of ID _____

                                                                     (Seal)
                                                                   [Revised 10/89]

EXHIBIT "C"

Nm:BILLY(94620), Rq:476

When recorded, please

return to:

Foxworthy, Inc.
Box 724017
Atlanta, GA 31139

Deed Book 29816 Pg 298
Filed and Recorded Dec-29-2000 09:12am
2000-0342111
Real Estate Transfer Tax $9.99
Juanita Hicks
Clerk of Superior Court
Fulton County, Georgia

NOTE TO CLERK: CROSS REFERENCE ARE
AS SHOWN ON SCHEDULE "A"

RE.
BOOK 4521  PAGE 065
BOOK 4521  PAGE 064
BOOK 4666  PAGE 161
14-0014-0010-024-3

STATE OF GEORIGA
COUNTY OF FULTON

## TAX DEED

This indenture (the "Deed") made this 5, day of DECEMBER 2000, by and between JOHN B. NELSON, AMBASSADOR ("Owner") by and through Jacquelyn H. Barrett, not individually, but in her official capacity as the Sheriff of Fulton County, (hereinafter "Grantor") and FOXWORTHY, INC (hereinafter Grantee").

WHEREAS, in the obedience to certain writ(s) of fieri facias, issued from the Tax Commissioner of Fulton County, Which writ are/is more particularly described in Schedule "A" below, on the date which is shown in Schedule "A" below as the "Sale Date", during the legal hours of sale, Grantor did expose for sale at public outcry to The highest bidder for cash before the courthouse door in Fulton County, Georgia, the Property (as hereinafter defined), at which sale Grantee was the highest and best bidder for the sum shown in Schedule "A" as the "Sale Price" (hereinafter the "Sale Price"), and the Property was then and thereknocked off to Grantee for said sum. Said sale was made after advertising the time, place, and terms thereof in the Fulton County Daily Report, published in Atlanta, Georgia, in the aforesaid county, and being the publication in which Sheriff's advertisements for said county are now published, once a week for four weeks prior to said sale, and said advertisement in all respects complied with the requirements of Code Section 9-13-140 of the Official Code of Georgia Annotated. Notice of the time, place, and terms of the sale of the Property was given pursuant to Code Section 48-4-1 of the Official Code of Georgia Annotated. Said sale was made for the purpose of paying ad valorem taxes owed, the interest and penalties on said taxes, and the expenses of the sale, all of which were mature and payable because of failure to pay same interest and penalties on said taxes, and the expenses of the sale, all of which were mature and payable because of failure to pay same when due.

NOW THEREFORE, in consideration of the sum of the sale price as stated in Schedule "A", receipt of which is hereby acknowledged, Grantor does hereby bargain, sell, and convey unto Grantee, its successors and assigns, so far as the office of Grantor authorizes her, the following described property (herein referred to as the "Property"); to wit:

All that tract or parcel of land lying and being in Fulton County, Georgia and being more particularly described on Schedule "A" below and by this reference made a part hereof.

TO HAVE AND TO HOLD the Property unto Grantee, its successors and assigns in fee simple.

IN WITNESS WHEREOF, Grantor has signed and sealed this Deed as of the day and year first above written.

## CROSS REFERENCE

Signed, sealed, and delivered
in the presence of

_Mila C. Roberson_
Unofficial Witness

_Michelle A. Clemon_
Notary Public
Commission Date:
(NOTARIAL SEAL)
Notary Public, Fulton County, Georgia
My Commission Expires March 22, 2003

N. P.
SEAL

PUBLIC

GRANTOR:

JOHN B. NELSON, AMBASSADOR (Owner)
By and through

_Jacquelyn H. Barrett_
Jacquelyn H. Barrett
Sheriff of Fulton County

(SEAL)

## SCHEDULE "A"

FI FA.: Recorded at BOOK 4796 PAGE 092General Execution Docket, Fulton County, and transferred to Vesta Holdings As Nominee for Heartwood 11 at BOOK 4521 PAGE 065General Docket, Fulton County.

FI FA.: Recorded at BOOK 4796 PAGE 091General Execution Docket, Fulton County, and transferred to Vesta Holdings As Nominee for Heartwood 11 at BOOK 4521 PAGE 064, General Docket, Fulton County.

FI FA.: Recorded at BOOK 4827 PAGE 326 General Execution Docket, Fulton County, and transferred to Vesta Holdings As Nominee for Heartwood 11 at BOOK 4666 PAGE 161 General Docket, Fulton County.

SALES PRICE: 221,375.73
SALE DATE:   12/5/00

Description of Property
That tract or parcel of land conveyed by deed to JOHN B. NELSON, AMBASSADOR Recorded at Book 20625 Page 42 per Records of Fulton County, Georgia. Property known as 897 EDGEWOOD AVE and parcel 14-0014-0010-024-3 per records of the Fulton County Tax Commissioner and plat maps of the Fulton County Tax Assessors office.

TOGETHER WITH all right, title, and interest running with the above-described property; AND TOGETHER with all rights, members, privileges and easements appurtenant thereto.

[NOTE TO CLERK: PLEASE CROSS-REFERENCE TO THIS DEED].

EXHIBIT "D"

Nm:BILLY(94620), Rq:477.'

When recorded, please return to:

Deed Book **30074** Pg     43
Filed and Recorded Mar-13-2001 02:49pm
**2001-0052995**
Real Estate Transfer Tax $0.00
**Juanita Hicks**
Clerk of Superior Court
Fulton County, Georgia

STATE OF GEORIGA
COUNTY OF FULTON

NOTE TO CLERK: CROSS REFERENCE ARE
AS SHOWN ON SCHEDULE "A"

G.E.D. BOOK 4521 PAGE 065
G.E.D. BOOK 4521 PAGE 064
G.E.D. BOOK 4666 PAGE 161
TPID: 14-0014-0010-024-3
Original Tax Deed at Deed
Book 29816, Page 298

CORRECTIVE TAX DEED     **CROSS REFERENCE**

This indenture (the "Deed") made this 5th day of DECEMBER, 2000, by and between JOHN B. NELSON, AMBASSADOR, ("Owner") by and through Jacquelyn H. Barrett, not individually, but in her official capacity as the Sheriff of Fulton County, (hereinafter "Grantor") and FOXWORTHY, INC., (hereinafter Grantee").

WHEREAS, in the obedience to certain writ(s) of Fieri Facias, issued from the Tax Commissioner of Fulton County, Which writ are/is more particularly described in Schedule "A" below, on the date which is shown in Schedule "A" below as the "Sale Date", during the legal hours of sale, Grantor did expose for sale at public outcry to The highest bidder for cash before the courthouse door in Fulton County, Georgia, the Property (as hereinafter defined), at which sale Grantee was the highest and best bidder for the sum shown in Schedule "A" as the "Sale Price" (hereinafter the "Sale Price"), and the Property was then and there knocked off to Grantee for said sum. Said sale was made after advertising the time, place, and terms thereof in the Fulton County Daily Report, published in Atlanta, Georgia, in the aforesaid county, and being the publication in which Sheriff's advertisements for said county are now published, once a week for four weeks prior to said sale, and said advertisement in all respects complied with the requirements of Code Section 9-13-140 of the Official Code of Georgia Annotated. Said sale was made for the purpose of paying ad valorem taxes owed, the interest and penalties on said taxes, and the expenses of the sale, all of which were mature and payable because of failure to pay same interest and penalties on said taxes, and the expenses of the sale, all of which were mature and payable because of failure to pay same when due. Notice of the time, place, and terms of the sale of the Property was given pursuant to Code Section 48-4-1 of the Official Code of Georgia Annotated.

NOW THEREFORE, in consideration of the sum of the sale price as stated in Schedule "A", receipt of which is hereby acknowledged, Grantor does hereby bargain, sell, and convey unto Grantee, its successors and assigns, so far as the office of Grantor authorizes her, the following described property (herein referred to as the "Property"); to wit:

All that tract or parcel of land lying and being in Fulton County, Georgia and being more particularly described on Schedule "A" below and by this reference made a part hereof.
TO HAVE AND TO HOLD the Property unto Grantee, its successors and assigns in fee simple.
IN WITNESS WHEREOF, Grantor has signed and sealed this Deed as of the day and year first above written.

GRANTOR:

Signed, sealed, and delivered

_Michelle A. Cleam_
Unofficial Witness

_Priscilla A. Johnson_
Notary Public
Commission Date:   Notary Public, Clayton County, Georgia
(NOTARIAL SEAL)  My Commission Expires Aug. 26, 2003

JOHN B. NELSON, AMBASSADOR (Owner)
By and through

_Jacquelyn H. Barrett_
Jacquelyn H. Barrett
Sheriff of Fulton County

(SEAL)

SCHEDULE "A"

FI FA.: Recorded at BOOK 4521 PAGE 065, General Execution Docket, Fulton County, and transferred to Vesta Holdings As Nominee for Heartwood 11, Inc., at BOOK 4796 PAGE 092, General Docket, Fulton County.

FI FA.: Recorded at BOOK 4521 PAGE 064, General Execution Docket, Fulton County, and transferred to Vesta Holdings As Nominee for Heartwood 11, Inc., at BOOK 4796 PAGE 091, General Docket, Fulton County.

FI FA.: Recorded at BOOK 4666 PAGE 161, General Execution Docket, Fulton County, and transferred to Vesta Holdings As Nominee for Heartwood 11, Inc., at BOOK 4827 PAGE 326, General Docket, Fulton County.

SALES PRICE: 221,375.73
SALE DATE: 12/5/00

Description of Property
That tract or parcel of land conveyed by deed to JOHN B. NELSON, AMBASSADOR, Recorded at BOOK 20625, PAGE 42, per Records of Fulton County, Georgia. Property known as 897 EDGEWOOD AVE. and parcel 14-0014-0010-024-3 per records of the Fulton County Tax Commissioner and plat maps of the Fulton County Tax Assessors office.
TOGETHER WITH all right, title, and interest running with the above-described property; AND TOGETHER with all rights, members, privileges and easements appurtenant thereto.

[NOTE TO CLERK: PLEASE CROSS-REFERENCE TO THIS DEED].

EXHIBIT "E"

FILED IN OFFICE

APR 08 2002

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

## THE SUPERIOR COURT OF FULTON COUNTY
### STATE OF GEORGIA

FOXWORTHY, INC., A Corporation,  ]
        **Plaintiff/Petitioner**  ]
  ]
**Vs.**  ]
  ]
A TRACT OF LAND, BEING KNOWN AS  ]
897 EDGEWOOD AVENUE, ATLANTA,  ]
FULTON COUNTY, GEORGIA, BEING A/K/A  ]
T.P. I.D. No. 14-014-0010-24-3;    AND ]
AS THEIR RESPECTIVE CLAIMS MAY APPEAR: ]
JOHN B. NELSON (AMBASSADOR); BONNIE  ]
L. DEES; CHARLES R. GRAY; ANCHOR  ]
MORTGAGE SERVICES, INC.; THE CITY OF  ]
ATLANTA, GEORGIA;        AND ]
ALL OTHER PARTIES, KNOWN OR  ]
UNKNOWN, WHO HAVE OR CLAIM ANY  ]
ADVERSE OR POSSESSORY RIGHT, TITLE  ]
OR INTEREST IN THE SUBJECT PROPERTY,  ]
        **Defendant/Respondents** ]

**Civil Action File**

No. 2002CV51514

## PETITION TO QUIET TITLE
### (REF. O.C.G.A., §§ 23-3-40–44 & 23-3-64–68, *ET. SEQ*)

      COMES NOW Petitioner-Plaintiff herein, FOXWORTHY, INC., a corporation (hereinafter "Petitioner" or "Foxworthy"), by and through counsel, and brings this Petition to Quiet Title, pursuant to the provisions of (O.C.G.A., §§ 23-3-40–44 & 23-3-64–68, *et seq.*; and in support of Petitioner's Quiet Title claims, shows to the Court the following.

#### JURISDICTIONAL - PARTIES STATEMENT

1.

      This action is a petition for quiet title, an *in rem* proceeding, brought pursuant to O.C.G.A., §§ 23-3-40–44 and §§ 23-3-64–68, *et seq.*, to remove any cloud on the title to

the Respondent Property, caused by the equities of redemption following tax sales. The primary named Respondent is the tract of real property, which was the subject of such tax sale. Such tax sale property is described as being in Land Lot 14, of the 14th District, Fulton County, and being also known as 897 Edgewood Avenue, Atlanta, Georgia (as more particularly described in Exhibit "A" attached hereto [the "**Respondent Property**"]). As all the Respondent Property in question lies within Fulton County, Georgia, the Petitioner shows therefore that this court has jurisdiction and venue over this petition.

2.

Petitioner is a Nevada corporation, authorized to conduct, and doing, business in the State of Georgia. Petitioner holds an interest in the Respondent Property, by virtue of having purchased the Respondent Property at a Sheriff's tax levy and sale proceeding. Petitioner shows thereby that it is a proper party to bring and maintain this action, pursuant to the provisions of the applicable code sections.

3.

Petitioner has attached hereto as Exhibit "B", a listing of those individual named Respondents, who, upon information or belief, who have or may have a record right, title or interest in the Respondent Property. Such Listing includes such addresses for service as the Petitioner has been able to determine, as of the date of the filing of the instant action.

4.

If these respondents have such record interest in the Respondent Property, such Respondents are therefore necessary parties to this action as contemplated by the Georgia Civil Practice Act. This court accordingly has jurisdiction over these named respondent(s). To the extent that, for lack of a proper and current service address for either of these Respondents, Petitioner cannot obtain personal service, Petitioner contends that such respondent(s) should and must be served by publication of notice.

### 5.

There may or could be other unknown parties in existence, who have or claim some right, title or interest in the Respondent Property, and if so, such "unknown" parties may have or claim an interest in the Respondent Property. The Petitioner shows, therefore, that these "unknowns" are necessary parties to this action as contemplated specifically by the operative provisions of O.C.G.A., §§ 23-3-43, & 44, and § 23-3-65, and generally of the Georgia Civil Practice Act. This court accordingly has jurisdiction over this named respondent(s).

### 6.

The identities and/or the addresses for service of notice of such "unknown" parties are, by definition, unknown to the Petitioner, for perfecting of service of the instant Petition in the State of Georgia. Petitioner contends consequently that these "unknown" respondent(s) should be served by publication of notice.

### 7.

Petitioner has, pursuant to O.C.G.A., § 23-3-62(d), filed contemporaneously with this Petition, a Notice of Record in the LIS PENDENS Docket, in said County, a copy of which Lis Pendens Notice is attached here as an Exhibit [Exhibit "C"].

### COUNT 1.
#### QUIET TITLE FACTS - CLAIMS STATEMENT

### 8.

Petitioner incorporates by reference paragraphs 1 through 7 above, as if set forth verbatim herein, for the purposes of this section of the Petition.

### 9.

Petitioner shows that the Respondent Property was sold, on December 5, 2000, pursuant to a Writ of Fieri Facias issued on Levy and Sale for unpaid State & county ad valorem taxes, by the Sheriff of Fulton County, Georgia. At the time of such sale, the defendant in fi fa was named as "John B. Nelson, Ambassador". This named individual had taken title to the Respondent Property, by Quit-claim Deed, recorded in Deed Book 20625, page 42, Fulton County Public Deed Records. A copy of such deed is attached hereto as Exhibit "D".

**10.**

At such referenced tax sale, the highest bidder was Foxworthy, Inc., who subsequently took title to the property by Tax Sale Deed, executed and delivered by the Sheriff at such sale; such deed being recorded at Deed Book 29816, page 298, Fulton County, Georgia records; as subsequently re-recorded as a Corrective Tax Deed, at Deed Book 30074, page 43, aforesaid County deed records. A copy of each such deed(s) is attached hereto as a Exhibit "E".

**11.**

The execution, delivery and recording of the referenced Tax Sale Deed, as matter of law, created the presumption that the levy and sale procedure had been properly completed, according to the statutory requirements.

**12.**

As to the above referenced tax levy and sale, Petitioner, or Petitioner's agent or attorney has completed those actions as required by all applicable provisions of the Georgia Code, to properly foreclose the right in any party having any interest therein, to redeem the Respondent Property from the referenced tax sale, O.C.G.A., § §48-4-45–46. The right of the any party entitled to do so to redeem such property from such tax sale expired and was extinguished on or about March 17, 2002, and therefore as a matter of law, the Petitioner holds the Fee Simple title to the Respondent Property, free from any claim of right, title or interest in any party, whether known or unknown.

## COUNT 2.
### ADVERSE INTEREST(S) CLAIMANTS STATEMENTS

**13.**

Plaintiff incorporates by reference paragraphs 1 through 12 above, as if set forth verbatim herein, for the purposes of this Count.

**14.**

Petitioner shows that there are of record certain security deed instrument(s) which have the Respondent Property shown as security for such instruments: (a) That certain security deed in favor of Bonnie L. Dees, as recorded in Deed Book 6748, page 292, Fulton County Deed Records; and (b) that certain security deed originally in favor of Standard

Federal Savings and Loan Association of Atlanta, as recorded in Deed Book 6306, page 157, Fulton County Deed Records; as subsequently transferred by Assignment to Anchor Mortgage Services, Inc., as such Assignment is recorded in Deed Book 14621, page 327, aforesaid Records. A copy of the first page(s) of each such deed and/or assignment is attached hereto as a Exhibit "F".

14.

Petitioner contends and maintains that the any right, interest or putative claim of lien of each of the named Respondent Holder-Grantee (or assignee thereof) in each such referenced security instrument was, as matter of law, cut off by the referenced tax sale, subsequent tax deed and resulting foreclosure of the equity of redemption procedure. Any right in this Respondent to redeem the Respondent Property from the tax sale was, as a matter of law, thereby foreclosed.

## COUNT 3.

16.

Plaintiff incorporates by reference paragraphs 1 through 15 above, as if set forth verbatim herein, for the purposes of this Count.

17.

Petitioner shows that there may be some claim of lien by the City of Atlanta pursuant to a demolition lien or sanitary assessment lien against the Respondent Property, despite the fact that no such lien(s) appear of record in the Public Deed Records in the office of the Clerk of the Superior Court of Fulton County. Petitioner contends and maintains that the any right, interest or putative claim of lien of this Respondent was, as matter of law, cut off by the referenced tax sale, subsequent tax deed and resulting foreclosure of the equity of redemption procedure. Any right in this Respondent to redeem the Subject Property from the tax sale was, as a matter of law, thereby foreclosed.

## COUNT 4.

### 18.

Plaintiff incorporates by reference paragraphs 1 through 17 above, as if set forth verbatim herein, for the purposes of this Count.

### 19.

Petitioner restates to the court that this petition is in name and substance a Petition To Quiet Title, brought pursuant to all the operative provisions of O.C.G.A., §§ 23-3-40–44, & 23-3-60–72, *et seq*. As such, the provisions of O.C.G.A., §§ 23-3-43 and 23-3-63 mandate the appointment of a Special Master, as and when such Special Master is appointed to take jurisdiction of this matter; and thereafter to undertake the duties of such Special Master, as set out in the recited code sections and provisions thereof.

### 20.

Accordingly, Petitioner hereby moves this Court, pursuant to the provisions of, and the mandates contained in the code sections recited above, for an Order for the appointment of a Special Master; and that the Petition and attachments and this matter be thereby submitted to the jurisdiction of such Special Master, for all further handling according to the statutory duties of such Special Master.

### 21.

Petitioner contends that Petitioner herein is entitled, under the operative provisions of O.C.G.A., §23-3-60 – 72 *et seq.*, for the Special Master so appointed to take jurisdiction of this matter. Petitioner is further entitled to have such Special Master, after a hearing and examination of all relevant and pertinent evidence, make and publish with this Court determinations and/or declaratory finding(s) of the status and the ownership of the Respondent Property; and to an order of this court decreeing such findings.

**WHEREFORE**, Petitioner prays to the court for relief as follows:

(a.)   Submit this Petition with its attachments to a Special Master pursuant to O.C.G.A., §§ 23-3-43; and § 23-3-63.

(b.)   Require that the Special Master determine who is entitled to notice and direct that proper notice be given as required, by service upon the Respondents; and/or all other parties at interest to this action, by and through personal service and/or publication, as necessary.

(c.)   That all interested parties, having any claim in said property, or objection to the petition and/or other relief prayed for, appear and show cause, if any they Have, why the prayers of the Petitioner should not be granted.

(d.)   For a finding that **Foxworthy, Inc.**, is the valid holder of the Fee Simple Title in the Respondent Property, pursuant to O.C.G.A., §§ 48-4-40–48, *et seq.*; as well as any other applicable Georgia Code Sections.

(e.)   That upon an appropriate determination and/or findings of fact by the special master, issue a decree to be recorded in the Office of the Clerk of the Superior Court of Fulton County, which decree holds that Fee Simple title of the Respondent Property has and is vested in Petitioner, **Foxworthy, Inc.**, free and clear of any claim of right, title or interest by any other Respondent, or any other party, known or unknown.

(f.) For such other and further relief as the court may deem just and equitable under the premises.

**C. TERRY BLANTON LAW OFFICES, PC**

By: _____

C. Terry Blanton
State Bar No. 062750
Attorney for Petitioner

By: _____

Victoria E. Allen
State Bar No. 112000
Attorney for Petitioner

Suite 1000, Wachovia Bank Building
315 West Ponce de Leon Avenue
Decatur, GA 30030
(404) 377-5126

H:\FOXWORTHY, INC\897 Edgewood Ave\Q-T\PET-TAX DEED.wpd

Petition, Page 8.

# VERIFICATION AFFIDAVIT

This instrument is the affidavit of ___Foxworthy, Inc.___, who after being duly sworn, says and declares on Affiant's oath as follows:

    1.    That Affiant has personal knowledge of or belief in the facts contained in the Quiet Title Civil Action to which this affidavit is attached.

    2.    That the facts contained in said Quiet Title Civil Action were furnished to the attorney preparing said pleading by the Affiant, or by Affiant's agents or employees; and that the facts contained in the Quiet Title Action are true and correct to the best of Affiant's knowledge and belief.

In Witness whereof, the affiant(s) have affixed hand and seal, on this ___April 5th___ ___2002.

Affiant: _____

SEAL
1997
NV

**ACKNOWLEDGMENT:** Sworn to and subscribed before me, the undersigned officer authorized by law to administer oaths, this ___April 5, 2002___

_____
Notary Public
My commission expires: 12-2-02



LINDA SAGAERT
MY COMMISSION EXPIRES
DEC
2
2002
COBB COUNTY, GEORGIA
NOTARY PUBLIC

E:\FOXWORTHY, INC\VERIFY.AFF.wpd



## EXHIBIT "A"

All that tract or parcel of land lying and being in Fulton County, State of Georgia, in Land Lot 14, of the 14th District of Fulton County, Georgia, being known as 897 Edgewood Avenue, Atlanta, Georgia; and being also known as and having Tax Parcel I.D. No. 14-014-0010-024-3; and being the same property as conveyed to John B. Nelson, Ambassador, by quit-claim deed recorded in Deed Book 20625, page 42, aforesaid County Deed Records.

EXHIBIT "B"

# EXHIBIT "B"

**Sheriff's Service:**

Occupant-Tenant-Resident
897 Edgewood Avenue
Atlanta, GA 30307

John B. Nelson
897 Edgewood Avenue
Atlanta, GA 30307

Charles Gray
897 Edgewood Avenue
Atlanta, GA 30307

The City of Atlanta
68 Mitchell Street
Suite 4100
Atlanta, GA 30303

Bonnie L. Dees
520 Ashland Farm Road
Oxford, GA 30054

**Certified Mail; Publication Notice**

Anchor Mortgage Services, Inc.
EAB Plaza, East Tower, 15th Floor
Uniondale, New York 11556

EXHIBIT "C"

RETURN, AFTER RECORDING, TO:
C. TERRY BLANTON LAW OFFICE, PC
Suite 1000, Wachovia Bank Building
315 West Ponce de Leon Avenue
Decatur, Georgia 30030

## THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| FOXWORTHY, INC., A Corporation,<br>          **Plaintiff/Petitioner**<br><br>Vs.<br><br>A TRACT OF LAND, BEING KNOWN AS<br>897 EDGEWOOD AVENUE, ATLANTA,<br>FULTON COUNTY, GEORGIA, BEING A/K/A<br>T.P. I.D. No. 14-014-0010-24-3;            AND<br>AS THEIR RESPECTIVE CLAIMS MAY APPEAR:<br>JOHN B. NELSON (AMBASSADOR); BONNIE<br>L. DEES; CHARLES R. GRAY; ANCHOR<br>MORTGAGE SERVICES, INC.; THE CITY OF<br>ATLANTA, GEORGIA;            AND<br>ALL OTHER PARTIES, KNOWN OR<br>UNKNOWN, WHO HAVE OR CLAIM ANY<br>ADVERSE OR POSSESSORY RIGHT, TITLE<br>OR INTEREST IN THE SUBJECT PROPERTY,<br>          **Defendant/Respondents** | **Civil Action File**<br><br>**No. _____** |

## NOTICE OF LIS PENDENS

NOTICE is hereby given of the filing of an IN REM Quiet Title Action (Ref. O.C.G.A., § § 23-3-40–44 and 23-3-60–72, *et seq.*) as styled as set out above, on _____versus the named Respondent(s). This Quiet Title Petition brings into question the ownership of, and the title to, a parcel of land, being known as 897 EDGEWOOD AVENUE, ATLANTA, FULTON COUNTY, GEORGIA, being more particularly described in Exhibit "A", attached hereto and incorporated herein by reference.

Petitioner in said action is seeking to have a decree issued that shows that fee simple title in and to said tract has vested in Petitioner; free and clear of any claim of right, title or interest by any Respondent, or any other party, known or unknown; and petitions the court for a determination of said title; and for an order determining and holding that the Fee Simple title to such Subject Property is in the Petitioner herein.

By:   _____
C. Terry Blanton
State Bar No. 062750
Attorney for Petitioner

Tel: 404/377-5126
Fax: 404/377-0774

## EXHIBIT "A"

All that tract or parcel of land lying and being in Fulton County, State of Georgia, in Land Lot 14, of the 14th District of Fulton County, Georgia, being known as 897 Edgewood Avenue, Atlanta, Georgia; and being also known as and having Tax Parcel I.D. No. 14-014-0010-024-3; and being the same property as conveyed to John B. Nelson, Ambassador, by quit-claim deed recorded in Deed Book 20625, page 42, aforesaid County Deed Records.

EXHIBIT "D"

Nm:EiLLY(94820), Rq:478

Return To: KAREN MARTIN
262 CARSON ST
ATLANTA GA 30307

Doc#00000EED Bec000000120
HEROBER, FULTON COUNTY
Filed and Recorded
02/12/1996  08:479
JUANITA HICKS
Clerk, Superior Court
Fulton County, Georgia
Real Estate Transfer Tax
Paid 1.00
Date 02/12/1996
JUANITA HICKS
Clerk, Superior Court
By
Deputy Clerk

## QUITCLAIM DEED

**THIS QUITCLAIM DEED,** Executed this 12th  day of February  , 19 96 .

by first party, **Charles R. Gray**

whose post office address is **897 Edgewood Ave. NE, Atlanta, GA  30307**

to second party,  **John B. Nelson, Ambassador**

whose post office address is **14575 CR35.6, Mancos, CO  81238**

**WITNESSETH,** That the said first party, for good consideration and for the sum of  **Fifty Dollars GOLD**
Dollars ($ 50.00GOLD) paid by the said second party, the receipt whereof is hereby
acknowledged, does hereby remise, release and quitclaim unto the said second party forever, all the right, title, inter-
est and claim which the said first party has in and to the following described parcel of land, and improvements and
appurtenances thereto in the County of **Fulton**  . State of  **Georgia**  to wit:

**897 Edgewood Avenue:  See attached Warrenty Deed for Description**
**EXHIBIT A**

**IN WITNESS WHEREOF,** The said first party has signed and sealed these presents the day and year first
above written. Signed, sealed and delivered in presence of:

Signature of Witness
Print name of Witness

Signature of Witness
ANGIE  LEGAKIS
Print name of Witness

Signature of First Party  See ATTACHED POWER OF ATTNY.
KAREN MARTIN for CHARLES GRAY  EXHIBIT B
Print name of First Party

N/A
Signature of First Party

N/A
Print name of First Party

State of  Georgia
County of  DeKalb
On  Feb. 12, 1996  before me,  Tiffany D. Stiggins
appeared  Karen Martin
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s)
is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon
behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

N.P.  Tiffany Stiggins
SEAL  Signature of Notary

Notary Public, DeKalb County, Georgia
My Commission Expires Nov. 23, 1999

Affiant ____ Known ____ Produced ID
Type of ID ____

(Seal)

EXHIBIT "E"

Nm:BILLY(94620), Rq:476

When recorded, please

return to:

Foxworthy, Inc.
Box 724017
Atlanta, GA 31139

Deed Book 29816 Pg 298
Filed and Recorded Dec-29-2000 09:20am
2000-0342111
Real Estate Transfer Tax $0.00
Juanita Hicks
Clerk of Superior Court
Fulton County, Georgia

RE.

BOOK 4521 PAGE 065
BOOK 4521 PAGE 064
BOOK 4666 PAGE 161
14-0014-0010-024-3

STATE OF GEORIGA
COUNTY OF FULTON

## TAX DEED

This indenture (the "Deed") made this 5, day of DECEMBER 2000, by and between JOHN B. NELSON, AMBASSADOR ("Owner") by and through Jacquelyn H. Barrett, not individually, but in her official capacity as the Sheriff of Fulton County, (hereinafter "Grantor") and FOXWORTHY, INC (hereinafter Grantee").

WHEREAS, in the obedience to certain writ(s) of fieri facias, issued from the Tax Commissioner of Fulton County, Which writ are/is more particularly described in Schedule "A" below, on the date which is shown in Schedule "A" below as the "Sale Date", during the legal hours of sale, Grantor did expose for sale at public outcry to The highest bidder for cash before the courthouse door in Fulton County, Georgia, the Property (as hereinafter defined), at which sale Grantee was the highest and best bidder for the sum shown in Schedule "A" as the "Sale Price" (hereinafter the "Sale Price"), and the Property was then and thereknocked off to Grantee for said sum. Said sale was made after advertising the time, place, and terms thereof in the Fulton County Daily Report, published in Atlanta, Georgia, in the aforesaid county, and being the publication in which Sheriff's advertisements for said county are now published, once a week for four weeks prior to said sale, and said advertisement in all respects complied with the requirements of Code Section 9-13-140 of the Official Code of Georgia Annotated. Notice of the time, place, and terms of the sale of the Property was given pursuant to Code Section 48-4-1 of the Official Code of Georgia Annotated. Said sale was made for the purpose of paying ad valorem taxes owed, the interest and penalties on said taxes, and the expenses of the sale, all of which were mature and payable because of failure to pay same interest and penalties on said taxes, and the expenses of the sale, all of which were mature and payable because of failure to pay same when due.

NOW THEREFORE, in consideration of the sum of the sale price as stated in Schedule "A", receipt of which is hereby acknowledged, Grantor does hereby bargain, sell, and convey unto Grantee, its successors and assigns, so far as the office of Grantor authorizes her, the following described property (herein referred to as the "Property"); to wit:

All that tract or parcel of land lying and being in Fulton County, Georgia and being more particularly described on Schedule "A" below and by this reference made a part hereof.

TO HAVE AND TO HOLD the Property unto Grantee, its successors and assigns in fee simple.

IN WITNESS WHEREOF, Grantor has signed and sealed this Deed as of the day and year first above written.

## CROSS REFERENCE

Signed, sealed, and delivered
in the presence of

_Mila C. Roberson_
Unofficial Witness

_Michelle A. Clemon_
Notary Public
Commission Date:
(NOTARIAL SEAL)
Notary Public, Fulton County, Georgia
My Commission Expires March 22, 2002

N. P.
SEAL
PUBLIC

GRANTOR:

JOHN B. NELSON, AMBASSADOR (Owner)
By and through

_Jacquelyn H. Barrett_
Jacquelyn H. Barrett
Sheriff of Fulton County

(SEAL)

## SCHEDULE "A"

FI FA.: Recorded at BOOK 4796 PAGE 092General Execution Docket, Fulton County, and transferred to Vesta Holdings As Nominee for Heartwood 11 at BOOK 4521 PAGE 065General Docket, Fulton County.

FI FA.: Recorded at BOOK 4796 PAGE 091General Execution Docket, Fulton County, and transferred to Vesta Holdings As Nominee for Heartwood 11 at BOOK 4521 PAGE 064, General Docket, Fulton County.

FI FA.: Recorded at BOOK 4827 PAGE 326 General Execution Docket, Fulton County, and transferred to Vesta Holdings As Nominee for Heartwood 11 at BOOK 4666 PAGE 161 General Docket, Fulton County.

SALES PRICE: 221,375.73
SALE DATE: 12/5/00

Description of Property
That tract or parcel of land conveyed by deed to JOHN B. NELSON, AMBASSADOR Recorded at Book 20625 Page 42 per Records of Fulton County, Georgia. Property known as 897 EDGEWOOD AVE and parcel 14-0014-0010-024-3 per records of the Fulton County Tax Commissioner and plat maps of the Fulton County Tax Assessors office.

TOGETHER WITH all right, title, and interest running with the above-described property; AND TOGETHER with all rights, members, privileges and easements appurtenant thereto.

[NOTE TO CLERK: PLEASE CROSS-REFERENCE TO THIS DEED].

Nm:BILLY(94620), Rq:477.1

When recorded, please return to:

Deed Book 30074 Pg    43
Filed and Recorded Mar-13-2001 02:49pm
2001-0052995
Real Estate Transfer Tax $0.00
Juanita Hicks
Clerk of Superior Court
Fulton County, Georgia

NOTE TO CLERK: CROSS REFERENCE ARE
AS SHOWN ON SCHEDULE "A"

G.E.D. BOOK 4521 PAGE 065
G.E.D. BOOK 4521 PAGE 064
G.E.D. BOOK 4666 PAGE 161
TPID:  14-0014-0010-024-3
Original Tax Deed at Deed
Book 29816, Page 298

STATE OF GEORGIA
COUNTY OF FULTON

CORRECTIVE TAX DEED    **CROSS REFERENCE**

This indenture (the "Deed") made this 5th day of DECEMBER, 2000, by and between JOHN B. NELSON, AMBASSADOR, ("Owner") by and through Jacquelyn H. Barrett, not individually, but in her official capacity as the Sheriff of Fulton County, (hereinafter "Grantor") and FOXWORTHY, INC., (hereinafter Grantee").

WHEREAS, in the obedience to certain writ(s) of Fieri Facias, issued from the Tax Commissioner of Fulton County, Which writ are/is more particularly described in Schedule "A" below, on the date which is shown in Schedule "A" below as the "Sale Date", during the legal hours of sale, Grantor did expose for sale at public outcry to The highest bidder for cash before the courthouse door in Fulton County, Georgia, the Property (as hereinafter defined), at which sale Grantee was the highest and best bidder for the sum shown in Schedule "A" as the "Sale Price" (hereinafter the "Sale Price"), and the Property was then and there knocked off to Grantee for said sum. Said sale was made after advertising the time, place, and terms thereof in the Fulton County Daily Report, published in Atlanta, Georgia, in the aforesaid county, and being the publication in which Sheriff's advertisements for said county are now published, once a week for four weeks prior to said sale, and said advertisement in all respects complied with the requirements of Code Section 9-13-140 of the Official Code of Georgia Annotated. Notice of the time, place, and terms of the sale of the Property was given pursuant to Code Section 48-4-1 of the Official Code of Georgia Annotated. Said sale was made for the purpose of paying ad valorem taxes owed, the interest and penalties on said taxes, and the expenses of the sale, all of which were mature and payable because of failure to pay same interest and penalties on said taxes, and the expenses of the sale, all of which were mature and payable because of failure to pay same when due.

NOW THEREFORE, in consideration of the sum of the sale price as stated in Schedule "A", receipt of which is hereby acknowledged, Grantor does hereby bargain, sell, and convey unto Grantee, its successors and assigns, so far as the office of Grantor authorizes her, the following described property (herein referred to as the "Property"); to wit:

All that tract or parcel of land lying and being in Fulton County, Georgia and being more particularly described on Schedule "A" below and by this reference made a part hereof.

TO HAVE AND TO HOLD the Property unto Grantee, its successors and assigns in fee simple.

IN WITNESS WHEREOF, Grantor has signed and sealed this Deed as of the day and year first above written.

GRANTOR:

Signed, sealed, and delivered

_Michelle A. Clean_
Unofficial Witness

_Priscilla D. Johnson_
Notary Public
Commission Date: Notary Public, Clayton County, Georgia
(NOTARIAL SEAL) My Commission Expires Aug. 26, 2003

JOHN B. NELSON, AMBASSADOR (Owner)
By and through

_Jacquelyn H. Barrett_
Jacquelyn H. Barrett
Sheriff of Fulton County

(SEAL)

**SCHEDULE "A"**

FI FA.: Recorded at BOOK 4521 PAGE 065, General Execution Docket, Fulton County, and transferred to Vesta Holdings As Nominee for Heartwood 11, Inc., at BOOK 4796 PAGE 092, General Docket, Fulton County.

FI FA.: Recorded at BOOK 4521 PAGE 064, General Execution Docket, Fulton County, and transferred to Vesta Holdings As Nominee for Heartwood 11, Inc., at BOOK 4796 PAGE 091, General Docket, Fulton County.

FI FA.: Recorded at BOOK 4666 PAGE 161, General Execution Docket, Fulton County, and transferred to Vesta Holdings As Nominee for Heartwood 11, Inc., at BOOK 4827 PAGE 326, General Docket, Fulton County.

SALES PRICE: 221,375.73
SALE DATE:   12/5/00

Description of Property
That tract or parcel of land conveyed by deed to JOHN B. NELSON, AMBASSADOR, Recorded at BOOK 20625, PAGE 42, per Records of Fulton County, Georgia. Property known as 897 EDGEWOOD AVE. and parcel 14-0014-0010-024-3 per records of the Fulton County Tax Commissioner and plat maps of the Fulton County Tax Assessors office.

TOGETHER WITH all right, title, and interest running with the above-described property; AND TOGETHER with all rights, members, privileges and easements appurtenant thereto.

[NOTE TO CLERK: PLEASE CROSS-REFERENCE TO THIS DEED].

EXHIBIT "F"

Form No. 769  DEED TO SECURE DEBT (Long Form)                    HOB ALLEN CO. ATLANTA

## 2586736

**STATE OF GEORGIA, County of** FULTON

THIS INDENTURE, Made the 13th day of July , in the year

one thousand nine hundred Seventy-Seven between

JON D. ENGLE and VERDERY C. ENGLE

of the County of Fulton , and State of Georgia, as party or parties of the first
part, hereinafter called Grantor, and

BONNIE L. DEES

as party of the second part, hereinafter called

Grantee:

GEORGIA, Fulton County, Clerk's Office Superior Court

Filed & Recorded JUL 2 0 1977 at 2:45 P.M.  Barbara F Price CLERK

WITNESSETH, That Grantor, for and in consideration of the sum of THIRTY-ONE

THOUSAND FIVE HUNDRED AND NO/100------------($31,500.00 ) DOLLARS
in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby
acknowledged, has granted, bargained, sold, aliened, conveyed and confirmed, and by these presents
does grant, bargain, sell, alien, convey and confirm unto the said Grantee, her heirs,
successors and assigns, the following described property, to-wit:

All that tract or parcel of land lying and being in Land Lot 14 of
the 14th District of Fulton County, Georgia, and being part of Lot
66 according to Map of Inman Park as made by Joel Hurt, C.E., on
April 18, 1896, and more particularly described as follows:

BEGINNING at a point on the south side of Edgewood Avenue 91 feet
west of the southwest corner of Edgewood Avenue and Waverly Way;
running thence west along the south side of Edgewood Avenue 74 feet;
thence south 210 feet to a point; running thence east 74 feet to
a point; running thence north 210 feet to the point of beginning;
being improved City property and known as 897 (formerly 695)
Edgewood Avenue, N.E., according to the present system of naming
and numbering streets and houses in the City of Atlanta, Georgia.

This deed represents a portion of the purchase money for the above
described property, a Warranty Deed having been executed by Grantee
to Grantor simultaneously herewith.

The above property is conveyed subject to a certain Security Deed
recorded in Deed Book 6306, page 157, Fulton County Records, and
it is agreed that any default thereunder may, at the option of the
Grantee herein, or his successors in title, be declared and deemed
to be a default under the terms of the within instrument and the
Grantee herein, or his successors in interest, may declare the entire
indebtedness due and payable at once.

BOOK 6748 PAGE 292

**INTANGIBLE TAX CERTIFICATE-FULTON COUNTY GEORGIA**

Grantor  Jon D Engle & Verdery C. Engle

Grantee  Bonnie F Dees

Location of Real Estate, City  Atlanta  LL 14  Dist 14

Date of Execution of Note  ～  19  Final Maturity  July 13 2002 re  Term 25

Date of Execution of Security Deed  July 13  19 77  Face Amount of Deed  $31,500 00

I certify that the Intangible Tax required by law on the notes prior to the recording of Security Deed
(@ $1.50 per $500 or fraction as shown by face of Security Deed) in the amount of $ 94.50
has been paid, this  20  day of  July  19 77

No. 43284

WILLIAM LEE ROBERTS, Tax Commissioner By Emmett Adams Deputy.

9450

*Cp̲n̲... 26795/36*

*TRF:14621-327*

## DEED TO SECURE DEBT

1351-A
71926-eh

**2485353**

THIS DEED is made this ___15th___ day of _____July_____, 19__75__, between Grantor,

**JEFFREY W. DEES and BONNIE L. DEES**

_____ (herein "Borrower"), and

**STANDARD FEDERAL SAVINGS AND LOAN ASSOCIATION** of Atlanta, a corporation organized and existing under the

laws of _____the United States_____ whose address is _____Atlanta, Georgia_____

_____ --- FORTY THOUSAND AND NO/100 --- _____ (herein "Lender").

WHEREAS, Borrower is indebted to Lender in the principal sum of ___($40,000.00)___ Dollars,
which indebtedness is evidenced by Borrower's note of even date herewith (herein "Note"), providing for monthly installments
of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on ___July 1, 1995___ :

To SECURE to Lender (a) the repayment of the indebtedness evidenced by the Note, with interest thereon, the payment of all
other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed to Secure Debt, and the
performance of the covenants and agreements of Borrower herein contained, and (b) the repayment of any future advances, with
interest thereon, made to Borrower by Lender pursuant to paragraph 21 hereof (herein "Future Advances"), Borrower does here-
by grant and convey to Lender and Lender's successors and assigns, with power of sale, the following described property located

in the County of _____FULTON_____ State of Georgia:

All that tract or parcel of land lying and being in Land Lot
14 of the 14th District of Fulton County, Georgia, and being
part of Lot 66 according to Map of Inman Park as made by Joel
Hurt, C. E., on April 18, 1896, and more particularly described
as follows:

BEGINNING at a point on the South side of Edgewood Avenue
91 feet West of the Southwest corner of Edgewood Avenue and
Waverly Way; running thence West along the South side of
Edgewood Avenue 74 feet; thence South 210 feet; thence East
74 feet; and thence North 210 feet to the point of beginning;
being improved City property and known as 897 (formerly 695)
Edgewood Avenue, N. E., according to the present system of
naming and numbering streets and houses in the City of Atlanta,
Georgia.

GEORGIA, Fulton County, Clerk's Office Superior Court
Filed & Recorded ___JUL 17 1975___ at ___8:44___ A. M.

_Barbara J. Trice_ CLERK

, PRESIDENT

CORP.
SEAL

**PAGE 156**

To HAVE AND TO HOLD such property unto Lender and Lender's successors and assigns forever, together with all the im-
provements now or hereafter erected on the property, and all easements, rights, appurtenances, rents, royalties, mineral, oil and
gas rights and profits, water, water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which,
including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Deed to
Secure Debt; and all of the foregoing, together with said property (or the leasehold estate in the event this Deed to Secure Debt is
on a leasehold) are herein referred to as the "Property".

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the
Property, that the Property is unencumbered, and that Borrower will warrant and defend generally the title to the Property
against all claims and demands, subject to any easements and restrictions listed in a schedule of exceptions to coverage in any
title insurance policy insuring Lender's interest in the Property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal and Interest. Borrower shall promptly pay when due the principal of and interest on the indebtedness
evidenced by the Note, prepayment and late charges as provided in the Note, and the principal of and interest on any Future
Advances secured by this Deed of Trust.

2. Funds for Taxes and Insurance. Subject to Lender's option under paragraph 4 and 5 hereof, Borrower shall pay to
Lender on the day monthly installments of principal and interest are payable under the Note, until the Note is paid in full, a
sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments which may attain priority over this Deed of
Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-

GEORGIA—FNLMC—12/74—1 to 4 Family

BOOK **6306** PAGE **157**

**GEORGIA**
COUNTY OF ___FULTON___ .
LOAN NO. ___216226___

GEORGIA, FULTON COUNTY
FILED _____

91 SEP 27 AM 8: 30

JU____ HICKS

POOL NO. _____

## CORPORATE ASSIGNMENT

CLERK SUPERIOR COURT

FOR VALUE RECEIVED, ___ANCHOR SAVINGS BANK FSB, SUCCESSOR BY MERGER TO THE NAMED___
___MORTGAGEE, A UNITED STATES CORPORATION___

located at ___1401 VALLEY ROAD, WAYNE, NEW JERSEY 07470___
Assignor, has this day transferred, sold, assigned, conveyed, and delivered to
___ANCHOR MORTGAGE SERVICES, INC., A UNITED STATES CORPORATION___

located at ___1460 VALLEY ROAD, WAYNE, NEW JERSEY 07470___
as Assignee, its successors, representatives, and assigns, all of its rights,
title, and interest in and to a certain security deed executed by
___JEFFREY W. DEES AND BONNIE L. DEES___

to ___STANDARD FEDERAL SAVINGS AND LOAN ASSOCIATION OF ATLANTA___ as Grantor,
dated ___JULY 15, 1975___ as Grantee,
___FORTY THOUSAND and NO/100---DOLLARS___ , securing a note in the principal sum of
the Office of the Clerk of the Superior Court of ___FULTON___ , filed for record in
Georgia, on ___JULY 17, 1975___ , recorded in Deed Book ___6306___ County, in
at page ___157___ , Microfilm _____ , of the records aforesaid.

The Assignor herein specifically transfers, sells, conveys, and assigns to the
above Assignee, its successors, representatives, and assigns the aforesaid
security deed, the property described therein, the indebtedness secured
thereby, together with all the powers, options, rights, privileges, and
immunities contained therein on the undersigned.

The Assignor has this date sold and assigned to the Assignee herein the note
secured by said security deed, without recourse on the Assignor, and this
transfer is made to secure the Assignee, its successors, representatives, and
assigns in the payment of said note.

In Witness whereof the Assignor has hereinto set its hand this,
the ___30th___ day of ___JANUARY___ , 19 ___91___ .
Signed and delivered in presense of:

ANCHOR SAVINGS BANK FSB, SUCCESSOR BY MERGER TO THE NAMED MORTGAGEE

BY: _____
___RUSSELL C. JONES___
VICE PRESIDENT

WITNESS _____

BY: _____
___JOSEPH E. VANORA___
ASSISTANT TREASURER

WITNESS _____

STATE OF ___NEW JERSEY___ )
) ss
COUNTY OF ___PASSAIC___ )

On ___JANUARY 30, 1991___ , before me, the undersigned, a Notary Public in and
for said County and State, personally appeared ___RUSSELL C. JONES___
known to me to be the person who executed the within instrument as the
___VICE PRESIDENT___ and ___JOSEPH E. VANORA___
known to me to be the person who executed the within instrument as the
___ASSISTANT TREASURER___ of the Corporation that executed the within
instrument and acknowledged to me that the Corporation executed the within
instrument pursuant to its by-laws or a resolution of its board of directors.
WITNESS my hand and official seal.

_____
DOROTHY B. SWEENEY (COMMISSION EXP. 05/11/92)
NOTARY PUBLIC

WHEN RECORDED MAIL TO:
ONTRAK ASSIGNMENT SERVICE
P.O. BOX 1825, P.O.
FREDERICK, MD 21701-0907

DOROTHY B. SWEENEY
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES MAY 11, 1992

BK14821 PAGE327

(OAS.GA) - GEORGIA

G = $.054.0004
P = $.001.188

J = 249.S.00188

# THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| FOXWORTHY, INC., A Corporation, <br> **Plaintiff/Petitioner** | ) <br> ) <br> ) <br> ) |
| **Vs.** | ) <br> ) |
| A TRACT OF LAND, BEING KNOWN AS <br> 897 EDGEWOOD AVENUE, ATLANTA, <br> FULTON COUNTY, GEORGIA, BEING A/K/A <br> T.P. I.D. No. 14-014-0010-24-3;           AND <br> AS THEIR RESPECTIVE CLAIMS MAY APPEAR: <br> JOHN B. NELSON (AMBASSADOR); BONNIE <br> L. DEES; CHARLES R. GRAY; ANCHOR <br> MORTGAGE SERVICES, INC.; THE CITY OF <br> ATLANTA, GEORGIA;           AND <br> ALL OTHER PARTIES, KNOWN OR <br> UNKNOWN, WHO HAVE OR CLAIM ANY <br> ADVERSE OR POSSESSORY RIGHT, TITLE <br> OR INTEREST IN THE SUBJECT PROPERTY, <br> **Defendant/Respondents** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**Civil Action File**

No. 2002cv51574

### SUMMONS

**TO THE ABOVE NAMED DEFENDANT(S):**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **C. TERRY BLANTON, ESQ.**
> **Suite 1000**
> **315 West Ponce De Leon Avenue**
> **Decatur, Georgia 30030**

an answer to the complaint which herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____8_____ day of _____April_____, 2002.

Juanita Hicks
Clerk of the Superior Court, Fulton County

By: _____
Deputy Clerk

EXHIBIT "F"

## THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

FOXWORTHY, INC., A Corporation,          ]
Plaintiff/Petitioner                     ]
                                         ]       **Civil Action File**
Vs.                                      ]
                                         ]       No. **2002-CV-51576**
A TRACT OF LAND, BEING KNOWN AS          ]
897 EDGEWOOD AVENUE, ATLANTA,            ]
FULTON COUNTY, GEORGIA, BEING A/K/A      ]
T.P. I.D. No. 14-014-0010-24-3;    AND   ]
AS THEIR RESPECTIVE CLAIMS MAY APPEAR:]   FILED IN OFFICE
JOHN B. NELSON (AMBASSADOR); BONNIE       ]
L. DEES; CHARLES R. GRAY; ANCHOR          ]      NOV 27 2002
MORTGAGE SERVICES, INC.; THE CITY OF      ]
ATLANTA, GEORGIA;            AND          ]
ALL OTHER PARTIES, KNOWN OR               ]
UNKNOWN, WHO HAVE OR CLAIM ANY            ]
ADVERSE OR POSSESSORY RIGHT, TITLE       ]   Deed Book 34188 Pg  647
OR INTEREST IN THE SUBJECT PROPERTY]      Filed and Recorded Feb-12-2003 01:20pm
Defendant/Respondents            ]       2003-0053684
                                         Real Estate Transfer Tax $0.00
                                         Juanita Hicks
                                         Clerk of Superior Court
                                         Fulton County, Georgia

## FINAL JUDGMENT AND ORDER

Upon this court's consideration and review of the Special Master's Report, based upon such Special Master's Hearing, and upon consideration and review of the Special Master's Findings of Fact, the referenced Special Master's Findings of Fact is approved and adopted by this Court. Further, upon this court's consideration and review of the Special Master's Report, such Report is hereby incorporated by reference into this Final Judgment and Order of this Court.

This Final Judgment and Order is entered pursuant to all provisions of O.C.G.A., §§ 23-3-40 – 44, and §§ 23-3-60 – 72, *et seq.*, and this decree conclusively establishes the title of the real property which is the subject of this particular action, as set forth in this Order, as against all the world, subject only the interests owned or held by the named Petitioner herein, as set forth in the Special Master's Findings of Fact.

Deed Book 34188 Pg  648

### 1.

Based upon such Special Master's Findings and Holdings, the Court denies Respondent   Gray's Motion to Dismiss and for a temporary or permanent Injunction.

### 2.

Based upon such Special Master's Findings, the Court holds that Charles Gray has no standing to contest the tax sale and subsequent barment proceeding, as he by his own admission is but a tenant "caretaker" for the owner, John B. Nelson, and Mr. Gray has no other right, title or interest in or to the Respondent Property. The Court therefore grants Petitioner's Motion to hold that Mr. Gray has no standing to contest such Quiet Title Petition.

### 3.

Based upon the foregoing, the Court adopts the Special Master's Holdings, and the Court holds, therefore, that no one, including  Mr. Gray and/or Mr. Nelson, has ever made the requisite tender of the statutory redemption amount. It is the settled law in this state that any party seeking to set aside or void a tax sale, or to attack the legality of any such sale, must–as a prerequisite thereto, make a tender of the required redemption amount.[1]

### 4.

Based upon the foregoing, the Court adopts the Special Master's Holdings, and the Court holds that, even if John B. Nelson was not served with the notice set out in O.C.G.A., §§ 48-3-9 & 10, the lack of such notice would not change the outcome of this case, and the granting to Petitioner of Petitioner's Quiet Title claims following such tax sale and subsequent barment proceedings.[2]

---

[1]     O.C.G.A. § 48-4-47; see e.g., Durham v. Crawford, 196 Ga. 381, 26 S.E.2d 778 (1943); See, also, Machen, et al. v. Wolande Management, Inc., 271 Ga. 163 (1999).

[2]     See, for example, Ge Capital Mortgage Services, Inc. v. Clack, et al., 271 Ga. 82; 515 S.E.2d 619 (1999); Harper v. Foxworthy, et al., 254 Ga. App. 495 (562 S.E.2d 736) (2002): "It is 'the rule in this state that defects in following the notice provisions of the tax sale statute may give an injured party a claim for damages [against the Sheriff, but will not render the tax sale or the deed therefrom void."Clack, infra, at 83 (1) (a). [Emphasis added]

In.

**5.**

The Court specifically adopts by reference and incorporates herein, paragraph number 5 of the Special Master's Findings of Fact. Accordingly, the Court orders and directs Mr. Nelson and Mr. Gray that no personal attacks on Mr. Blanton, and on the various judges and court officers involved in this case, including demeaning, derogatory and inflammatory *ad hominum* allegations (the "personal attacks") upon such individuals, are to be included in any further and future filings with the Court. If any such personal attacks are included, the Court upon motion of any party so affected will strike such filings.

**6.**

Accordingly, the Court finds and holds that Fee Simple title in and to the Respondent Property parcel of land is vested into Petitioner(s) herein, **FOXWORTHY, INC.**, by virtue of the Tax Sale, and subsequent Tax Sale Deed, as referenced in the Findings of Fact above.

**7.**

The title into the Petitioner, is subject only, as may be applicable, to the following exceptions:   (a) Any unpaid real estate ad valorem taxes, if any, which have come due and payable since the final stated date for bar of the equity of redemption of the Respondent Property by virtue of such barment proceeding; and (b) All easements, restrictions, covenants and right-of-way agreements of record.

**8.**

The Court expressly holds that any lien in favor of the City of Atlanta, for ad valorem taxes, for sanitary assessments and water bills, and/or any demolition liens [whether or not such lien(s) are a matter of public record in the office of the records of the Clerk of the Superior Court]—any or all of which lien(s) have accrued or come due as of the year in which the barment proceeding took place—are by operation of law cut off by the tax sale and the subsequent barment proceeding to foreclose the equity of redemption; therefore such lien(s) are of no further legal force or validity.

**9.**

The Court expressly orders the Clerk of the Superior Court of Fulton County to record the original of the Final Order of this Court, in the public Deed Records of this county, as well as the Special Master's Report, upon

payment of the recording costs for the same. The recording of the Final Order shall be cross-referenced to the recorded Tax Sale Deed(s), as set out, recorded in Deed Book 29816, page 298, Fulton County, Georgia records; as subsequently re-recorded as a Corrective Tax Deed, at Deed Book 30074, page 43, Fulton County, Georgia Public Deed Records, by marginal reference entered upon such document, as such instruments are referenced herein. The recording of such Final Order, furthermore, shall be and act as a muniment of title.

10.

The Court awards and directs the payment of the Special Master's fees, to be assessed and paid as follows: the Petitioner shall pay all such Special Master's fees.

AS SO ORDERED, This _07th_ of _November, 2002_

_Stephanie Manis_

Judge Stephanie Manis
Judge, Superior Court,
Fulton County, Georgia

Copies to:
Order Submitted By:

_Barry L. Zimmerman_

Barry L. Zimmerman, Esq.
As the Special Master

Terry Blanton, Esq
Charles Shay
City of Atlanta Law Dept.
Bonnie L. Dees
John B. Nelson

28-JUN-2010  12:18PM  FROM-Augusta Ti...  Inc.  4045210214  T-785  P.018/026  F-368

Deed Book 34188 Pg 651

## EXHIBIT "A"
### Legal Description

All that tract or parcel of land lying and being in Fulton County, State of
Georgia, in Land Lot 14, of the 14th District of Fulton County, Georgia, being
known as 897 Edgewood Avenue, Atlanta, Georgia; and being also known as
and having Tax Parcel I.D. No. 14-014-0010-024-3; and being the same
property as conveyed to John B. Nelson, Ambassador, by quit-claim deed
recorded in Deed Book 20625, page 42, aforesaid County Deed Records.

# THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

FOXWORTHY, INC., A Corporation,                    ]
     **Plaintiff/Petitioner**                    ]     **Civil Action File**
                                        ]
**Vs.**                                             ]
                                        ]     **No. <u>2002-CV-51576</u>**

A TRACT OF LAND, BEING KNOWN AS                    ]
897 EDGEWOOD AVENUE, ATLANTA,                       ]
FULTON COUNTY, GEORGIA, BEING A/K/A                 ]
T.P. I.D. No. 14-014-0010-24-3;        AND          ]
AS THEIR RESPECTIVE CLAIMS MAY APPEAR:              ]
JOHN B. NELSON (AMBASSADOR); BONNIE                 ]
L. DEES; CHARLES R. GRAY; ANCHOR                    ]
MORTGAGE SERVICES, INC.; THE CITY OF                ]
ATLANTA, GEORGIA;                     AND           ]
ALL OTHER PARTIES, KNOWN OR                         ]
UNKNOWN, WHO HAVE OR CLAIM ANY                      ]
ADVERSE OR POSSESSORY RIGHT, TITLE                  ]
OR INTEREST IN THE SUBJECT PROPERTY,                ]
     **Defendant/Respondents.**                     ]



## SPECIAL MASTER'S REPORT, INCLUDING
## FINDINGS OF FACT AND HOLDINGS OF LAW

    THE WITHIN AND FOREGOING MATTER has heretofore been submitted to the Special Master by Order of the Hon. Stephanie Manis. The Special Master notes that both counsel for the Petitioner, and one of the named individual Respondents, Charles Gray, has filed several and various motions and/or cross-motions[1], and each has replied to the other's motion. The Special Master notes that Petitioner, through counsel, requested a hearing on that party's Motion(s). The Special Master took under review and has considered all such motions, as well as the replies by opposing counsel, or Parties Respondent.

---

[1]    Petitioner's Counsel filed a Motion for Default Judgment and/or Judgment on the Pleadings, and/or a Motion for Summary Judgment; Respondent Gray filed Motion(s) to Dismiss, and for a Temporary and Permanent Injunction. In addition, both Gray and Respondent John B. Nelson filed an attempted "Notice of Removal" to the Federal District Court for the District of Colorado.

Furthermore, on August 2, 2002, the Special Master convened a hearing at Petitioner's request on the several and various motions as filed by Petitioner. At such hearing, the Special Master took testimony from Charles Gray, and John B. Nelson, and heard statements in his place from C. Terry Blanton, counsel for Petitioner Foxworthy, Inc. The Special Master took notice of a Motion in Limine and "Notice to Provide Copies to Special Master" as filed by Mr. Blanton, which document set out the ten (10) or so filings with the Federal District Court for the District of Colorado, including, without limitation, the three (3) separate orders as signed and authorized by Judge John Kane, Senior Judge for such federal district court [the "Federal Court Filings"].

Additionally, the Special Master has considered all the several and certain documents, affidavits, and filings as made by Petitioner, and Respondent Charles Gray and/or John Nelson; including specifically the document entitled "Notice to Cease and Desist."

It appears to the Special Master from the pleadings, the factual findings and the review of the Subject Property by the Special Master that Petitioner is entitled to relief. Therefore, the Special Master makes the following Findings of Fact, which arise as a result of the testimony, the filings, and/or undisputed or uncontroverted facts; and based upon such factual Findings, rules on the several and various motions; and based thereupon makes certain Holdings of Law, and submits the enclosed proposed Final Order and Decree to the Court.

## FINDINGS OF FACT

The Special Master finds as a matter of fact as follows:

1.

The parcel of land for which this Petition to Quiet Title has been brought is identified as 897 Edgewood Avenue, Atlanta, Fulton County, Georgia, a/k/a (the "Respondent Property"). The Special Master finds that this court therefore has the jurisdiction and the venue over this Quiet Title action.

1.

The Special Master finds that Service of Process upon the named Respondent Property was perfected by personal service.

2.

As to Mr. Gray, the Special Master makes the following specific findings:

(a)

Respondent Gray was duly and properly served by service of process on or about April 17, 2002. As of the date of the Special Master's Hearing, Respondent Gray had not filed any answer, denying the material allegations and contentions of the Quiet Title Petition. Accordingly, at this time Mr. Gray is in irrevocable default. The Special Master finds that there has been no motion filed by Respondent Gray to re-open such default for good reason shown.

#### (b)

Respondent Gray is not the owner of the Respondent Property, 897 Edgewood Avenue. Indeed, Respondent Gray by his own admission, *in judicio*, is nothing more than an occupant - "caretaker" of the Respondent Property.

#### (c)

Respondent Charles Gray is not an attorney, admitted before the Georgia State Bar, and/or licensed to practice law in the State of Georgia; and thus may not file any pleadings or filings for, nor make any appearance on behalf of, John B. Nelson.

#### (d)

Respondent Gray has never tendered nor made any attempt to tender the statutorily mandated redemption premium amount to Petitioner, or into the registry of the Court.

#### (e)

Respondent Gray has never raised any issues contesting that Gray was not properly and duly served with such notice as may have been required by law, in conjunction with either the Sheriff's tax levy and sale proceeding, and/or the barment proceeding, and/or the Quiet Title Petition. Gray did raise an issue about the purported lack of notice to him as a tenant of the transfer of the ad valorem tax fi fa. The Special Master finds that such issue is now moot, as the execution and delivery of the tax deed to a *bona fide* purchaser for value, as a matter of law, raises the presumption that the levy and sale proceeding is valid.

#### (f)

After ruling that Mr. Gray did not have standing in this matter, Mr. Gray requested that he be allowed to make a "special appearance". The Special Master denied such request, but allowed Mr. Gray, without objection from Petitioner's counsel, to remain in the Special Master's hearing and participate as a witness.

#### (g)

As to Mr. Gray's Motion for Temporary/Permanent Injunction, as referenced in footnote 1 above, the Special Master notes first of all that Mr. Gray did not have any standing to file such a motion. Next, the Special Master finds that Mr. Blanton, counsel for Petitioner, stated in

his place that he never received a conformed copy of Judge Westmoreland's Order to file a response within a date certain as to such Injunction Motion; the Special Master finds that such Motion was effectively responded to by Mr. Blanton, in his response to Mr. Gray's Motion to Dismiss; and ultimately, the Special Master finds that such motion is moot based upon the Special Master's Findings of Fact and Holdings of Law as to Mr. Gray's status and lack of standing otherwise.

(h)     Finally, the Special Master has taken note that since the Special Master's hearing as referenced herein, Mr. Gray, although found by the Special Master not to have standing in this action, filed a motion/pleading in which he stated that this Court did not have jurisdiction because the Federal Court filings had been dismissed, rather than "remanded". In that regard, the Special Master notes that Mr. Blanton, counsel for Petitioner, filed a motion with the Federal District Court for the District of Colorado requesting that Judge John Kane withdraw his order of dismissal, and remand the case to this court, *nunc pro tunc*. Thereafter, Mr. Blanton has furnished to the Special Master a copy of an Order signed by Judge Kane, and filed, as of September 23, 2002. Such Order by its express terms and provisions remanded the attempted removal case from the Federal District for Colorado back to this Court, as effective as of June 27, 2002.

### 3.

As to Mr. Nelson, the Special Master makes the following specific findings:

(a)

The Special Master finds that Mr. Nelson did not ever file with the office of the Tax Commissioner of Fulton County, any ad valorem taxes return for the Respondent Property, in his name as the owner, giving his mailing-billing notice address, as required under O.C.G.A., § 48-5-6.[2]

(b)

Respondent Nelson was duly and properly served by service of process on or about May 25, 2002.[3] As of the date hereof, Nelson has not filed any document that could be construed and qualified as an answer, denying the material allegations and contentions of the Quiet Title Petition. Accordingly, at this time Mr. Nelson is in irrevocable default. The Special Master finds that there has been no motion filed by Respondent Nelson to re-open such default for good reason shown.

---

[2]           *See*, Transcript of Special Master Hearing [T.], p. 49.

[3]           *See*, T., p. 82.

(c)

Nelson after being so personally served, on or about June 26, 2002, filed a document entitled "Notice of Removal & Petition for Writ of Certiorari" [the "Removal Notice"] in the Federal District Court for the District of Colorado. This document sought by its language and terms to remove this instant case to the jurisdiction and venue of such federal district court. At the time of such filing, Nelson was already in default on filing any answer or other pleading, denying the material and substantive allegations of the Quiet Title Petition.

(d)

Since the date of June 26, 2002, there have been ten (10) different documents received by Petitioner's counsel and subsequently filed with the Special Master, all of which have the federal district court style of the matter, as set out on such Removal Notice, including the Removal Notice, and five (5) separate filings by Respondent Charles Gray [hereafter, either jointly or severally–as the case may be–the "federal court filings"]. Additionally, there are three (3) separate orders by Judge John L. Kane, Senior U. S. District Court judge. Such order(s) ordered the dismissal of the Removal Notice, the closing out of any such federal court case, and finally the last such order admonished and ordered the named Respondents John Nelson and/or Charles Gray: "Do not file any further documents with this court."

(e)

The other document filed under the name of 'John B. Nelson' in the federal district court was a purported response to Petitioner's First Request for Admissions (served along with the original Quiet Title Petition)[4], as attached to and served with the original Quiet Title Petition. Although Mr. Nelson filed such response to such First Request in the Federal District Court of Colorado, that response such as it is, was not verified, nor has Mr. Nelson ever filed such response–whether verified or not–with the Clerk of the Superior Court of Fulton County, nor with the Special Master. The Special Master finds therefore that Mr. Nelson did not respond to such Requests for Admissions within forty-five (45) days from May 25, 2001[5], and therefore such requests for admissions are all deemed admitted as a matter of law. A copy of such First Request for Admissions is attached as an exhibit to this Special Master's Report.

(f)

None of the documents filed by Nelson in the federal district court for the District of Colorado were sworn to or verified, nor did either document filed by Nelson constitute any

---

4        *See*, T., p. 82.

5        *See*, T., p. 82.

answer, denying or controverting the material and substantive allegations of the Quiet Title Petition, as to Respondent John B. Nelson.

(g)

Respondent Nelson has never tendered nor made any attempt to tender the statutorily mandated redemption premium amount to Petitioner, in order to attempt to redeem the Subject Property from the referenced tax sale, nor has Nelson made even any attempt to make such tender into the registry of the Court; and indeed, Nelson indicated to the Special Master that he would not make any tender of the statutory redemption amount.[6]

(h)

Respondent Nelson has never raised any issues contesting that Nelson was not properly and duly served personally with service of process of the Quiet Title Petition; indeed, in his federal court filings, Nelson admits that he was served personally with the Quiet Title Petition on May 25, 2002.

(i)

The Respondent Property was sold, on December 5, 2000, pursuant to a Writ of Fieri Facias issued on Levy and Sale for unpaid State & county ad valorem taxes, by the Sheriff of Fulton County, Georgia. At the time of such sale, the Respondent in fi fa was named as "John B. Nelson, Ambassador". This named individual had taken title to the Respondent Property, by Quit-claim Deed, recorded in Deed Book 20625, page 42, Fulton County Public Deed Records. A copy of such deed was attached to the original Petition as Exhibit "D".

(j)

At such referenced tax sale, the highest bidder was Foxworthy, Inc., who subsequently took title to the property by Tax Sale Deed, executed and delivered by the Sheriff at such sale, such deed being recorded at Deed Book 29816, page 298, Fulton County, Georgia records; as subsequently re-recorded as a Corrective Tax Deed, at Deed Book 30074, page 43, aforesaid County deed records. A copy of each such deed(s) was attached to the original Petition as a Exhibit "E".

(k)

The Special Master finds that Mr. Nelson had personal knowledge of the pendency of the statutory barment proceeding by not later than March 4, 2002; and that he had received by facsimile transmission a copy of the redemption amount calculation notice by not later than

---

6       *See*, T., pp. 67, 72.

March 13, 2002.[7]  Nelson's right to redeem such property from such tax sale expired and was extinguished on or about March 17, 2002.

### (I)

As to the above referenced tax levy and sale, Petitioner, or Petitioner's agent or attorney has completed those actions [the "barment" actions] as required by all applicable provisions of the Georgia Code, to properly foreclose the right of the Respondent Nelson to redeem the Respondent Property from the referenced tax sale, O.C.G.A., § §48-4-45—46.

### 4.

The Special Master heard from Mr. Blanton on his Motion in Limine, as to the derogatory and inflammatory *ad hominum* allegations set out by both Mr. Nelson and Mr. Gray, in their several and various filings with the Federal District Court and the Superior Court of Fulton County. After hearing from Mr. Nelson on such statements, the Special Master finds that such statements are in fact personal attacks upon Mr. Blanton, and/or upon several and various judges and court officers. Accordingly, the Special Master instructed and directed Mr. Nelson that no such derogatory and inflammatory *ad hominum* allegations were to be included in any further and future filings with the Court; and if any such were included, the Special Master would strike such filings upon motion of the other party(ies).

### 5.

The Special Master finds therefore that as to Respondents Gray and Nelson, all of the material allegations of the Quiet Title Petition are deemed admitted; and accordingly, all material allegations of the Petition are deemed to be true, correct and factual as to these two named Respondents.

### 6.

C. Terry Blanton, Esq., on behalf of the Petitioner, tendered certain documents into evidence. Those documents were admitted into evidence by the Special Master without opposition. Those documents are: (1) Affidavits from a court appointed private process server, documenting personal service upon those Respondents so served; (2) a Publisher's Affidavit from *The Fulton County Daily Report*, which shows service by publication on all the Respondents who were to be served by such publication notice; and (3) a conformed copy of the Tax Deed(s)–filed as Exhibits "D" with the Petition–executed and delivered pursuant to the tax sale (the "tax sale").

---

[7]      *See*, T., pp. 64, 66.

7.

The Special Master finds that the only Respondent to file an actual answer was the City of Atlanta. Other than the City, no respondent filed an actual answer or any other responsive filing, which on its face controverted or denied the allegations of the Petition; and that therefore all material allegations of the Petition are deemed to be true, correct and factual as to all the Respondents, other than the City of Atlanta.

8.

As to the City of Atlanta specifically, the Special Master finds that the material allegations of the petition are true. The Special Master expressly finds that the City was properly and timely notified of the statutory proceeding to bar the equity of redemption, and that the City did not redeem the Respondent Property from the referenced tax sale.

9.

The Special Master finds that the Petitioner completed, or had completed, in due and proper substance and procedure the proceeding to bar the equity of redemption from tax sale, as against all parties entitled to notice of such 'barment' proceeding, so as to bar the redemption of the Subject Property by any party in interest.

10.

The Special Master finds that the Petitioner took title to the Subject Property, by virtue of the Tax Sale Deed, as set out above in the Findings Of Fact; and by virtue of the completion in due and proper form of the foreclosure of the equity of redemption, pursuant to O.C.G.A., § 48-4-40 – 46, *et seq.*

**BASED UPON SUCH FINDINGS OF FACTS,** The Special Master enters the following Special Master's Holdings of Law. The Special Master has submitted herewith a Proposed Final Order, which the Special Master recommends to the Court; and the Special Master moves that the Court adopt the Proposed Order as the Order of Court, as stated:

## SPECIAL MASTER'S HOLDINGS OF LAW

1.

Based upon such Findings and Holdings, the Special Master denies Respondent Gray's Motion(s) to Dismiss and for a Temporary or Permanent Injunction.

### 2.

Based upon such Findings, the Special Master holds that Charles Gray has no standing to contest the tax sale and subsequent barment proceeding, as he by his own admission is but a tenant "caretaker" for the owner, John B. Nelson, and has no other right, title or interest in or to the Respondent Property. The Special Master grants Petitioner's Motion that Mr. Gray has no standing to contest such Quiet Title Petition.

### 3.

Furthermore, the Special Master holds that no one, including  Mr. Gray and/or Mr. Nelson, has ever made the requisite tender of the statutory redemption amount.[8] It is the settled law in this state that any party seeking to set aside or void a tax sale, or to attack the legality of any such sale, must, as a prerequisite thereto, make a tender of the required redemption amount. "Moreover, a tender on an offer to redeem property from taxes not only 'must be made in due time and manner,' but must 'be continuous,' with 'a continuous offer to pay;' and if such continuity is not otherwise shown, at least the bringing of the money into court on the filing of the suit is necessary in place of the continuous offer by pleading." [9]

### 4.

Even if Mr. Nelson were not served with the tax levy and sale notice, the Special Master holds that the tax levy and sale proceeding and the tax deed issued thereupon are not voidable or void, as a matter of law. First, by Mr. Nelson's failure to comply with the statutory provisions of O.C.G.A., § 48-5-6, which requires the owner of property to return such property at its fair market value for the purposes of ad valorem taxation, it is probable that failure on his part thus provides the explanation for why Mr. Nelson would not have received any such levy

---

[8]     O.C.G.A. § 48-4-47; see also, Durham v. Crawford, 196 Ga. 381, 26 S.E.2d 778 (1943): "It is also the general rule, under the maxim that he who would have equity must do equity, not only that the party seeking equitable relief [from a tax sale] shall have paid or tendered the [redemption] sum due to the other party, but that he shall have done so 'before the filing of the suit....'" See, e.g., Machen, et al. v. Wolande Management, Inc., 271 Ga. 163 (1999).

[9]     Durham v. Crawford, infra; Clower v. Fleming, 81 Ga. 247 (3), 253, 254 (7 S.E. 278) See also, the following language from Pindar, Georgia Real Estate Law: "Equity will not ... cancel a defective tax sale until the [putative] owner tenders the amount of tax due and payable." [§ 4-53, Pindar, infra], and "...where the Respondent [in fi fa] has not paid or tendered the [proper redemption] amount ... admittedly due, relief will be denied." § 4-54, Pindar, infra, citing e.g., Derrick v. Campbell, 219 Ga. 795 (1964); See also, Register v. Langdale, 226 Ga. 82, 84 (1970).

and sale notice. Both the applicable statutes and the case law makes it absolutely clear that this duty to return such property for ad valorem tax purposes is a statutory mandate.[10]

### 5.

Moreover, and in any event, even if John B. Nelson was not served with the notice set out in O.C.G.A., §§ 48-3-9 & 10, the lack of such notice does not change the outcome of this case. In G.E. Capital Mortgage Services, v. Clack[11], the Supreme Court stated as follows:

> "[T]he rule in this state is that defects in following the notice provisions of the tax sale statute may give an injured party a claim for damages, but will not render the tax sale or the deed therefrom void. [Cits.] Sizemore v. Brown, 179 Ga. App. 594 (347 S.E.2d 345) (1986)."[12]

### 6.

Based upon such Findings and Holdings, the Special Master grants Petitioner's Motion for the entry of a Default Judgment and/or a Judgment on the Pleadings, and/or a Summary Judgment as against all the named Respondents.

### 7.

The Special Master finds and holds that Fee Simple title in to the Subject Property parcel of land is vested into Petitioner herein, **FOXWORTHY, INC.**, by virtue of the Tax Sale, and subsequent Tax Sale Deed, as referenced in the Findings of Fact above.

### 8.

The title into the Petitioner, is subject only, as may be applicable, to the following exceptions: (a) Any unpaid real estate ad valorem taxes, if any, which have come due and

---

[10]      See, O.C.G.A., § 48-5-6, O.C.G.A. § 48-5-15; see also, McLennan v. Undercofler, 222 Ga. 302, 149 S.E.2d 705 (1966); see generally, CC Office Assocs. v. DeKalb County, 219 Ga. App. 101 (464 S.E.2d 243) (1995).

[11]      Ge Capital Mortgage Services, Inc. v. Clack, et al., 271 Ga. 82; 515 S.E.2d 619 (1999).

[12]      In the most recent appellate decision dealing with this specific issue, in which Petitioner herein, Foxworthy, Inc., was the prevailing party, the Court of Appeals found and held that the serving of the notices under O.C.G.A., §§ 48-3-9 & 10 imposed upon the Sheriff only a "directory" duty, not a mandatory one. Harper v. Foxworthy, Inc. et al., 254 Ga. App. 495; 562 S.E.2d 736 ( 2002). The Court in its opinion stated, in pertinent part as follows: "Moreover, even if [Nelson] was not provided the requisite notice of the tax sale, this failure will not suffice to set aside the tax sale of [the] property.' "GE Capital Mtg. Services v. Clack, infra; Haden v. Liberty Co., 183 Ga. 209, 211 (188 SE 29) (1936). It is 'the rule in this state that defects in following the notice provisions of the tax sale statute may give an injured party a claim for damages, but will not render the tax sale or the deed therefrom void.' (Citation omitted.) Clack, infra at 83 (1) (a).

payable since the final stated date for bar of the equity of redemption of the Subject Property by virtue of such barment proceeding; and (b) All easements, restrictions, covenants and right-of-way agreements of record.

### 9.

The Special Master expressly holds that any lien in favor of the City of Atlanta, for ad valorem taxes, for sanitary assessments and water bills, and/or any demolition liens [whether or not such lien(s) are a matter of public record in the office of the records of the Clerk of the Superior Court]–any or all of which lien(s) have accrued or come due as of the year in which the barment proceeding took place–are by operation of law cut off by the tax sale and the subsequent barment proceeding to foreclose the equity of redemption; therefore such lien(s) are of no further legal force or validity.

### 10.

The Special Master holds that the Clerk of the Superior Court of Fulton County is directed to record the original of the Final Order of the Court, in the public Deed Records of this county, upon payment of the recording costs for the same. The recording of the Final Order shall be cross-referenced to the recorded Tax Sale Deed(s), as set out, recorded in Deed Book 29816, page 298, Fulton County, Georgia records; as subsequently re-recorded as a Corrective Tax Deed, at Deed Book 30074, page 43, Fulton County, Georgia Public Deed Records, by marginal reference entered upon such document, as such instruments are referenced herein. The recording of such Final Order, furthermore, shall be and act as a muniment of title.

### 11.

The Special Master asks and holds that the court award all costs and the Special Master's fees, to be assessed against the Petitioner.

THIS __14__ Day of _____, 2002.

RESPECTFULLY SUBMITTED.

Barry L. Zimmerman, Esq.
As Special Master
State Bar No. __765725__

## EXHIBIT "A
## EXHIBIT AS TO LEGAL DESCRIPTION

All that tract or parcel of land lying and being in Fulton County, State of Georgia, in Land Lot 14, of the 14th District of Fulton County, Georgia, being known as 897 Edgewood Avenue, Atlanta, Georgia; and being also known as and having Tax Parcel I.D. No. 14-014-0010-024-3; and being the same property as conveyed to John B. Nelson, Ambassador, by quit-claim deed recorded in Deed Book 20625, page 42, aforesaid County Deed Records.

EXHIBIT "G"

S

**SUPREME COURT OF GEORGIA**

Remittitur, Case No.   S03A1372

2002CV51576

Atlanta,   July 14, 2003

The Honorable Supreme Court met pursuant to adjournment.

The following order   was passed:

SEP 1 7 2003

CHARLES GRAY v. FOXWORTHY, INC., et al.

This case came before this court upon an appeal from
the Superior Court of Fulton County and it is considered
and adjudged that the appeal is dismissed.

All the Justices concur.





FILED IN OFFICE

SEP 2 3 2003

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

**SUPREME COURT OF THE STATE OF GEORGIA**

Clerk's Office, Atlanta   September 12, 2003

I hereby certify that the above is a true extract from
the minutes of the Supreme Court of Georgia.
Witness my signature and the seal of said court hereto
affixed the day and year last above written.

, Clerk.



**SUPREME COURT OF GEORGIA**
Case No.  S03A1372

Atlanta    July 14, 2003

The Honorable Supreme Court met pursuant to adjournment.

The following order was passed:

### CHARLES GRAY  v.  FOXWORTHY, INC., et al.

Appellant filed this direct appeal seeking review of the trial court's November 27, 2002 order entering final judgment on appellee's quiet title action. Before filing his notice of appeal, however, appellant sought reconsideration in the trial court and it was not until after the trial court denied his motion, by order entered January 16, 2003, that he filed the instant notice of appeal. Although this Court would have subject matter jurisdiction over the case under its title to land jurisdiction, motions to reconsider do not toll the time for filing a notice of appeal, see OCGA § 5-6-38 (a), and therefore the instant appeal is untimely. For that reason, the appeal must be and hereby is dismissed. See <u>Williams v. Keebler</u>, 222 Ga. 437 (150 SE2d 674) (1966); <u>Law Offices of Johnson & Robinson v. Fortson</u>, 175 Ga. App. 706 (334 SE2d 33) (1985), *overruled on other grounds by* <u>MMT Enters., Inc. v. Cullars</u>, 218 Ga. App. 559 (462 SE2d 771) (1995).

**SUPREME COURT OF THE STATE OF GEORGIA**
Clerk's Office, Atlanta   **SEP 1 2 2003**
I hereby certify that the above is a true extract from the minutes of the Supreme Court of Georgia
Witness my signature and the seal of said court hereto affixed the day and year last above written.

, Chief Deputy Clerk

EXHIBIT "H"

FROM THE OFFICES OF:

# GUISHARD, WILBURN & SHORTS, LLC

175 Carnegie Place, Suite 115
Fayetteville, GA 30214
Tel: (770) 461-2000  Fax: (770) 461-8090
www.gwsllc.com

**JULY 1, 2010**

Meeka King
Property Tax Unit Specialist
Fulton County Sheriff Department
185 Central Avenue
Atlanta, Georgia 30303

Dear Ms. King:

We submit this request for the issuance of the excess bid from the tax sale.  Enclosed is a copy of our Affidavit in Support of Claim for Excess Funds and Indemnification and Hold Harmless Agreement, power of attorney and other supporting documents for payment of excess proceeds to:

| | | |
|---|---|---|
| Payee Name: | John B Nelson | Tel. 970-238-0190 |
| Parcel ID Number: | 14-0014-0010-024-3 | |
| Sherriff Sale Date: | 12/05/2000 | |
| Sherriff Sale Number: | VH0012-089 | |
| Property Address | 897 Edgewood Ave | |
| Amount | $212,524.07 | |

As Attorney in fact John B Nelson, please mail the excess check in the amount of $212,524.07, to our corporate office located at the address below:

John B Nelson
c/o Guishard, Wilburn & Shorts, LLC
175 Carnegie Place, Suite 115
Fayetteville, GA 30214

All supporting documents are attached.  Please call with any questions.

Sincerely,

Allen Pendergrass
Vice President



FROM THE OFFICES OF:

# GUISHARD, WILBURN & SHORTS, LLC
175 Carnegie Place, Suite 115
Fayetteville, GA 30214
Tel: (770) 461-2000   Fax: (770) 461-8090
www.gwsllc.com

## LETTER OF AUTHORIZATION TO RECOVER FUNDS
## (LIMITED POWER OF ATTORNEY)

By this letter, John B Nelson (AMBASSADOR) does hereby appoint Guishard, Wilburn & Shorts, LLC, as its exclusive agent, to seek, recover and disburse or cause to be recovered, the undistributed, unclaimed, uncashed or undelivered tenders of funds of John B Nelson (AMBASSADOR), in the amount of $212,524.07 held by any federal, provincial, state or other government entity, or agency or subdivision thereof. This letter further empowers Guishard, Wilburn & Shorts, LLC, to affix my signature as John B Nelson (AMBASSADOR), representative to any government affidavit.

This letter of authorization to recover funds shall not be used for any other purpose, is irrevocable, cannot be superseded by future contracts or assignments, and shall automatically terminate upon recovery of the funds referenced herein.

Guishard, Wilburn & Shorts, LLC, as attorney-in-fact, may not make any expenditure or incur any costs on behalf of John B Nelson (AMBASSADOR) and hereby indemnifies itself from any and all claims, which may be asserted because of such disbursement.

**John B Nelson (AMBASSADOR)**
14675 CO RD UNIT35-6
MANCOS, CO 81328

Signature: _John B Nelson_          Tax ID: _____

Print Name: _JOHN B NELSON_

## ACKNOWLEDGMENT OF NOTARY PUBLIC

State of: _Colorado_          )
County of: _Montezuma_      ) ss.

On the _21st_ day of _June_, 20 _10_, before me, the undersigned, a Notary Public in and for said State, personally appeared _John B Nelson_____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he or she executed the same in his or her capacity, and that by his or her signature on the instrument, the individual, or the entity upon behalf of which the individual acted, executed the instrument

Signature: _Lorraine M. Fradella_

NOTARY SEAL

MY COMMISSION EXPIRES: _04/18/2014_
AR/AR/0128

> LORRAINE M. FRADELLA
> NOTARY PUBLIC, STATE OF COLORADO

STATE OF GEORGIA
COUNTY OF FULTON

Sheriffs Sale No: __VH0012-089__
**Date of Sale:** __12/05/2000__
For Department Use    _____

_____

## AFFIDAVIT IN SUPPORT OF CLAIM FOR EXCESS FUNDS

Before me, the undersigned agent on behalf of _____John B Nelson_____ (Claimant) , duly

authorized to administer oaths, appeared ___Allen Pendergrass___ (Guishard, Wilburn & Shorts) as attorney in-fact (print

name of person making Claim), who, after being sworn, deposes and states under oath as follow:

.) I give this oath of my own free will, and I understand that I am sworn to state the truth. I

am over the age of 21, years, and I am authorized to swear to the matters stated herein.

?) This Affidavit is being given for presentation to the sheriff of Fulton County, Georgia in

support of the Claim for Excess Funds received by the Sheriff as a result of the above-referenced Sheriff's sale.

The real property *which* was sold, and which is the subject of this Claim is described as follows: (hereinafter

referred to as "Property")

Property Address. _____897 Edgewood Drive_____
_____Atlanta, Ga_____

_____**Georgia**_____

**Tax Parcel ID** No.: ___14-0014-0010-024-3___

?) The Claimant is the Owner or Lienholder identified below.

**Complete either 2A) or 2B) (do not complete both)**
2A) With respect to the Property, _____John B Nelson_____ is the Owner,
And the undersign is the "Owner Representative" ( As per Limited Power Of Attorney) against whom the
Sale was conducted. We may be reached as follows:

Name : _____Guishard, Wilburn & Shorts_____

Address: _____175 Carnegie Place, Suite 115_____

_____Fayetteville, GA 30214_____

Phone: _____

2B)   With respect to the Property _____ is the "Lienholder" and the
                              Name of Corporation (Claimant)

undersigned is the "Lienholder Representative"( As per Limited Power of Attorney). I may be reached as follows:

Name   : _____

Address: _____

         _____


Phone:   _____770-461-2000_____

3)    The Claimant _____has not_____(insert "has" or "has not") redeemed the

Property from the Purchaser at the Sheriff's Sale.

4)    The Claimant is the Owner or Lienholder authorized to receive the Excess Funds from the

Sale pursuant to O.C.G.A.§ 48-4-5.

5)    There is no unsatisfied and outstanding lien, mortgage, deed to secure debt, promise, pledge,

security, encumbrance, obligation, or other claim or entitlement of any type, kind or description

whatsoever against the Property or the Excess Funds which is senior to or of greater legal priority

than the Claimant's right to receive the Excess Funds.

6)    The Claimant has not transferred, conveyed, assigned, sold or otherwise obligated or

encumbered the Claimant's interest in the Excess Funds.

7)    There is no lawsuit, garnishment, bankruptcy, or other judicial or quasi-judicial proceeding

pending either against the Claimant or on the Claimant's behalf regarding this Claim in the Excess Funds.

8)    If requested to do so (and I understand that I many be requested to do so), in further support

of this  claim, I will provide the sheriff of Fulton County, or the sheriff s designee, a current

Certificate of Title for the Property.

9)    The Claimant understands that the Excess Funds being held by the sheriff is equal to the

total amount tendered at the Sheriffs Sale, less taxes owed, reimbursements owed to the Tax Deed

Grantor, reimbursements owed to the holder of the interest against the Property being executed, of

The interest against the Property being executed, the Sheriff s commission, interest, penalties, as well as applicable costs, and all other expenses of the Sale. The Claimant also understands that the Excess Funds will first be applied to any ad valorem taxes past due and owing by the Claimant at the time of the disbursement.

10) The Claimant understands that false swearing is punishable as a felony under the laws of the State of Georgia, and that this Affidavit is a sworn statement.

11) The Claimant understands that no legal advice is being provided by any representative of the Sheriff or Fulton County. The Claimant has the right to seek legal advice from private counsel.

This Affidavit is made this ___30th___ day of ___June___, 2010.

By: _____ (Attorney in Fact)

**Guishard, Wilburn & Shorts, LLC**
**Claimant Representative (As per P.O.A.)**

Sworn to and subscribed before

me, this __30__ day of _June_ 2010.

Notary Public _Florence Carter-Mahone_

My Commission Expires: _March 17, 2012_

**Note:**  **This is a sample Affidavit. Either this Affidavit or an affidavit in substantially this form may be used. The submission of an affidavit does not ensure that the Excess Funds will be disbursed as requested. Additional information or proof may be required. All Claimants are encouraged to seek legal advice. The Sheriff does not participate in the redemption of property. Persons seeking to redeem property must contact the sheriff's Sale purchaser.**

TATE OF GEORGIA
OUNTY OF FULTON

Sheriffs Sale No: · __VH0012-089__

Date of Sale: __12/05/2000__
For Department Use

_____

### INDEMNIFICATION AND HOLD HARMLESS AGREEMENT

efore me, the undersigned agent on behalf of __John B Nelson_____ (Claimant), duly authorized

 administer oaths, appeared _____Allen Pendergrass,_____ (Guishard, Wilburn & Shorts) as attorney in-fact (print name of

rson making Claim), who, after being sworn, deposes and states under oath as follow:

)      1 give these assurances of my own free will, and I understand that I am binding the Claimant and that

e Claimant is so bound. I am over the age of 21 years, and I am authorized to swear to the matters stated

rein, and to grant the assurances herein given.

)      This Indemnification is being given for presentation to the sheriff of Fulton County, Georgia in

pport of my Claim for Excess Funds received by the Sheriff as a result of the above-referenced

eriff s Sale. The real property which was sold, and which is the subject of this Claim is described as

llows: (hereinafter referred to as "Property")

operty Address: _____897 Edgewood Drive_____

                 _____Atlanta, Ga_____

                 _____Georgia_____
Tax Parcel ID No:   14-0014-0010-024-3

        The Claimant is the Owner or Lienholder identified in the Affidavit in Support of Claim for

xcess Funds, which Affidavit has been submitted to the Sheriff of Fulton County

ntemporaneously with the submission of this Indemnification.

        As further inducement for the disbursement of the Excess Funds, the Claimant will indemnify and

ld harmless the sheriff of Fulton County, Fulton county, as well as their officers, officials, employees,

ents, representatives, successors, and assigns, from any and all claims, whether in law, equity, or

herwise, of whatever description, which may arise from the disbursement of the Excess Funds to the

aimant.

**(Indemnification Agreement Continued)**

This ___30th___ day of ___June___ 2010.

BY: _____ (Atorney in Fact)
Guishard, Wilburn & Shorts, Inc
**Claimant Representative (As per P.O.A.)**

Sworn to and subscribed before

me, this ___30___ day of ___June___ ,2010.

_Florence Carter Mahone_
Notary Public

My Commission Expires: _March 17, 2012_


**Note:** **This is a sample Indemnification. Either this Indemnification or an indemnification in substantially this form may be used. The submission of an indemnification does not ensure that the Excess Funds will be disbursed as requested. Additional information or proof may be required. All Claimants are encouraged to seek legal advice. The Sheriff does not participate in the redemption of property. Persons seeking to redeem property must contact the Sheriff's Sale purchaser.**



**AUGUSTA Title Inc.**

4840 Roswell Road · Building E · Suite 400 · Atlanta, GA 30342
404-214-0190 · Fax 404-978-1604 · WWW.AUGUSTATITLE.COM

Date: June 28, 2010
File No.: 64507
To: Gulshard, Wilburn & Shorts, LLC
Client File No.: 14-0014-0010-024-3
RTV:  Curtis H. Ritter and Kelli B. Ritter
Purchaser:
Lender:

Re: 897 Edgewood Ave

## INVOICE

**AMOUNT DUE**                    **$150.00**

Please make payment to Augusta Title, Inc. at the above-referenced address and include Augusta Title, Inc. File No. 64507 or copy of this invoice for proper credit to your account. Payment is due upon receipt. Amounts not paid within Thirty Days may be subject to a late fee of 10%.  Please be advised that payment due is not contingent upon closing and therefore, payment is due even if transaction does not close.

**UNPROOFED - SUBJECT TO CHANGE**

**AUGUSTA Title Inc.**
www.augustatitle.com

# CERTIFICATE OF TITLE

DATE:        June 28, 2010

EXAMINED:  June 28, 2010, @ 8:00 a.m.

FILE NO:     64507

RTV:          Curtis H. Ritter and Kelli B. Ritter

PURCHASER:

ADDRESS:   897 Edgewood Ave

After careful examination of the records of the hereinafter stated County and State, as properly indexed, the undersigned does hereby certify to Gulshard, Wilburn & Shorts, LLC that good and merchantable fee simple title to the real estate described in Schedule "A" hereof, subject to the exceptions, objections, and liens set forth in Schedule "B" hereof, vests in:

### Curtis H. Ritter and Kelli B. Ritter

by virtue of that certain Warranty Deed from Foxworthy, Inc., dated May 27, 2005, filed for record June 3, 2005, recorded in Deed Book 40141, Page 643, Fulton County, Georgia Records.

NOTE: Chain of title reveals property was conveyed to Mrs. Cornelia M. Smith by Warranty Deed dated January 18, 1968, recorded in Deed Book 4847, Page 272, Fulton County, Georgia Records. Next Deed in chain of title is Warranty Deed from Jeffery W. Dees to Bonnie L. Dees, dated March 17, 1976, filed for record March 19, 1976, recorded in Deed Book 8446, Page 392, aforesaid records. No deed found of record conveying interest from Mrs. Cornelia M. Smith to Jeffery W. Dees.

NOTE: Chain of title reveals and interest in caption property was conveyed by Corrective Tax Deed to Foxworthy, Inc., dated December 5, 2000, filed for record March 13, 2001, recorded in Deed Book 30074, Page 43, Fulton County, Georgia Records. Final Judgment and Order for In Rem Quiet Title Action, CAFN 2002CV515176, filed for record February 12, 2003, recorded in Deed Book 34188, Page 647, Fulton County, Georgia Records, found fee simple title vested in Foxworthy, Inc.

CONTINUED . . .

## UNPROOFED - SUBJECT TO CHANGE



www.augustatitle.com

. . . CONTINUED

Agent File No. 64507

# SCHEDULE A

All that tract or parcel of land lying and being in Land Lot 14 of the 14th District, Fulton County, Georgia, and being part of Lot 66 according to a map of Inman Park as made by Joel Hurt, C.E., April 18, 1896, and more particularly described as follows:

Beginning at a point on the South side of Edgewood Avenue 91 feet West of the Southwest corner of Edgwood Avenue and Waverly Way; running thence West along the South side of Edgewood Avenue 74 feet; running thence South 210 feet to a point; running thence East 74 feet to a point; running thence North 210 feet to the POINT OF BEGINNING.

# SCHEDULE B

1.   MORTGAGES, DEED TO SECURE DEBT, AND OTHER VENDORS LIENS:

   A)   Deed to Secure Debt from Curtis H. Ritter and Kelli B. Ritter to E*Trade Savings Bank, dated June 1, 2007, filed for record November 13, 2007, recorded in Deed Book 45963, Page 58, Fulton County, Georgia Records, in the original principal amount of $200,000.00.

   B)   Security Deed from Curtis H. Ritter and Kelli B. Ritter to Mortgage Electronic Registration Systems, Inc., as nominee for E*Trade Mortgage Corporation, dated May 27, 2005, filed for record June 3, 2005, recorded in Deed Book 40141, Page 644, Fulton County, Georgia Records, in the original principal amount of $250,000.00.

2.   TAXES AND SPECIAL ASSESSMENTS:

   A)   No certification is given for outstanding taxes.  For informational purposes only.

CONTINUED . . .

## UNPROOFED - SUBJECT TO CHANGE



www.augustatitle.com

. . . CONTINUED

Agent File No. 64507

> Note: 1998 and 1999 taxes transferred to Vesta Holdings.
> 2009 City of Atlanta taxes paid October 14, 2009, in the amount of
> $4,230.68.
> 2009 state and county taxes paid October 14, 2009, in the amount
> of $1,321.30. Map Reference No. 14-14-10-24-3.
>
> Note: This policy takes exception to amounts due for Fulton County, State
> of Georgia and any city assessments for real estate taxes for the
> current year and all prior years and any lien created by those taxes.

3.    OTHER LIENS, OBJECTIONS AND DEFECTS.

  A)    Rights of parties in possession, if any, other than the owner.

  B)    The exact location of boundary lines, unrecorded easements, possible
        encroachments and other facts or conditions which would be disclosed by
        an accurate survey and inspection of property, unpaid utility bills and
        assessments, possible liens of architects, laborers or materialmen for
        improvement of the property, not filed for record at the effective date
        hereof, and rights, if any, of persons who may be in possession under
        claims not appearing of record; and Federal bankruptcy proceedings.

  C)    Restrictions, easements and all questions arising out of zoning laws,
        ordinances or regulations.

  D)    Other Objections and Defects: Other liens of record and any objections or
        defects not disclosed herein that are shown of record but are not shown
        during the effective dates herein.  (If title is in any way based on tax title
        deed, foreclosure, or final decree, set out facts fully in separate letter to
        General Agent or Home Office for ruling.)

  E)    Easement to City of Atlanta, dated April 18, 2002, recorded in Deed Book
        32286, Page 671, Fulton County, Georgia Records.

CONTINUED . . .

**UNPROOFED – SUBJECT TO CHANGE**



www.augustatitle.com

. . . CONTINUED

Agent File No. 64507

**THIS TITLE REPORT IS CERTIFIED FROM**
**THROUGH  July 28, 2010, AT 8:00 A.M.**

*Sam F. Maguire Jr.*

SAM F. MAGUIRE, JR.,
ATTORNEY AT LAW
AUGUSTA TITLE, INC.

**This Certification contains an electronic signature which assures the same force and effect as an original signature.  Authentication of said signature may be obtained upon request.**

Augusta Title, Inc. provides this title report in Certificate format, however, does not make any guarantee regarding scrivener's errors or errors in the county records and all parties are strongly urged to thoroughly review the documents provided and the legal descriptions for accuracy.

**UNPROOFED - SUBJECT TO CHANGE**

www.augustatitle.com

RE: Title Order Status-64507
From: Dawn Mickens- Augusta Title
Sent: Tue, Jun 29, 2010 at 10:05 am
To:  allen@gwsllc.com

---

This would really require your closing attorney's opinion but our
underwriters interpretation of page 2 paragraph 3 and page 3 paragraph 7
of the final order is that the interest of Anchor Mortgage is
terminated.

I hope this helps

-----Original Messag
From: allen@gwsllc.c
Sent: Monday, June 2
To: Augusta Title In
Subject: RE: Title O

Dawn please review t                              1576 File, please
advised as to an det                              rtgage Services,
Inc as stated as an                               in said property
to day. Please advise

-----Original Message
From: info@augustatitle.com
Sent: Friday, June 25, 2010 4:07pm
To: allen@gwsllc.com
Subject: Title Order Status


New Status: OT
Augusta Title File: 64507
Your File No: 14-0014-0010-024-3
Borrower:

PLEASE NOTE OUR SUITE NUMBER HAS CHANGED
OUR CURRENT ADDRESS IS:
4840 ROSWELL ROAD
BUILDING E, SUITE 400
ATLANTA, GA 30342

For helpful tools and information on how to use our web page go to
[http://www.augustatitle.com/tools.htm] www.augustatitle.com/tools.htm
Click to view the documents.

CODES:
O:Ordered / OT:Ordered-Taxes Received / P:Processing / DA: Draft
Available / C: Completed / OH: On Hold

**************************************************************************
**************************************************************************

This message contains information that may be confidential, privileged,
proprietary or otherwise exempt from disclosure under applicable law and
is intended only for the individual or entity named. If you are not the
named addressee you should not disseminate, distribute, read, print,
retain or copy this e-mail and are advised that any such dissemination,
distribution, copy of this communication, or acting on the information
contained herein, may be a violation of applicable law and is strictly
prohibited. Please notify the sender immediately by e-mail if you have
received this e-mail by mistake and delete this e-mail from your system.
E-mail transmission cannot be guaranteed to be secure or error-free as
information could be intercepted, corrupted, lost, destroyed, arrive
late or incomplete, or contain viruses. The sender therefore does not
accept liability for any errors or omissions in the contents of this
message, which arise as a result of e-mail transmission. If verific