## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

FULTON COUNTY SHERIFF,
THEODORE JACKSON,

      Petitioner,

v.

897 EDGEWOOD AVENUE, N.E.,
ATLANTA, GEORGIA
FULTON COUNTY, GEORGIA,
Parcel Number: 14-0014-0010-024-3; JOHN
B. NELSON; GUISHARD, WILBURN &
SHORTS, LLC,

      Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION FILE
NUMBER: 2010CV191519

**FILED IN OFFICE**

DEC 16 2010

DEPUTY CLERK SUPERIOR COURT
PULTON COUNTY, GA

SERVICE

## FULTON COUNTY SHERIFF THEODORE JACKSON'S MOTION TO DEPOSIT FUNDS INTO THE COURT'S REGISTRY

    **COMES NOW**, THEODORE JACKSON, SHERIFF OF FULTON COUNTY, GEORGIA ("Sheriff") and, pursuant to O.C.G.A. § 48-4-5 and files this Motion to Deposit Funds into the Court's Registry in the above-styled Interpleader action as follows:

1.

    On December 5, 2000, the Sheriff held a non-judicial tax sale ("Tax Sale") of property having a tax identification number of 14-0014-0010-024-3 and popularly known as, or referred to as 897 Edgewood Avenue, Atlanta, Fulton County, Georgia ("Property"). The Property was sold out of the name of John B. Nelson, Ambassador.

2.

    The amount of taxes, penalties, interest, costs and all expenses of the sale was Eight Thousand Eight Hundred Fifty-One and 66/100 Dollars ($8,851.66).



**EXHIBIT**

**8**

3.

Foxworthy, Inc. was the successful bidder, at the Tax Sale, in the amount of Two Hundred Twenty-One Thousand Three Hundred Seventy Five and 73/100 Dollars ($221,375.73).

4.

The Sheriff field the present Interpleader action on September 28, 2010 indicating that he was holding excess funds in the amount of Two Hundred Twelve Thousand Five Hundred Twenty Four and 07/100 Dollars ($212,524.07) (hereinafter referred to as "Excess Funds") generated from the Tax Sale. See Interpleader Petition attached hereto as Exhibit "A".

5.

Since the Sheriff is unable to make a determination as to who is entitled to the Excess Funds generated from the Tax Sale, the Sheriff respectfully requests that the Court issue an Order authorizing the Sheriff to deposit the Excess Funds into the Court's Registry. The Sheriff has attached a Proposed Order to this Motion as Exhibit "B".

Respectfully submitted, this ____ day of _____, 2010.

**OFFICE OF THE FULTON COUNTY ATTORNEY**
R. David Ware
COUNTY ATTORNEY
Georgia Bar No. 737756

Matthew C. Welch
Georgia State Bar No. 747190

William Shannon Sams
Georgia State Bar No. 101051

2

141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0261 (office)
(404) 730-6324 (facsimile)

EXHIBIT "A"

**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

FULTON COUNTY SHERIFF,    )
THEODORE JACKSON,    )
    )
      Petitioner,    )
    )
v.    )  CIVIL ACTION FILE
    )  NUMBER: 2010CV191519
897 EDGEWOOD AVENUE, N.E.,    )
ATLANTA, GEORGIA    )
FULTON COUNTY, GEORGIA,    )
Parcel Number: 14-0014-0010-024-3; JOHN  )
B. NELSON; GUISHARD, WILBURN &    )
SHORTS, LLC,    )
    )
      Respondents.    )
_____ )

FILED IN OFFICE
SEP 28 2010
[signature]
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

## FULTON COUNTY SHERIFF THEODORE JACKSON'S PETITION FOR INTERPLEADER

**COMES NOW**, THEODORE JACKSON, SHERIFF OF FULTON COUNTY, GEORGIA ("Sheriff") and, pursuant to O.C.G.A. §§ 48-4-5 and 23-3-90 and files this Petition for Interpleader in order to determine the proper person or entity entitled to payment of excess funds held by the Sheriff.  In support of his Petition, the Sheriff shows the Court as follows:

1.

On December 5, 2000, the Sheriff held a non-judicial tax sale ("Tax Sale") of property having a tax identification number of 14-0014-0010-024-3 and popularly known as, or referred to as 897 Edgewood Avenue, Atlanta, Fulton County, Georgia ("Property").  The Property was sold out of the name of John B. Nelson, Ambassador.

2.

The amount of taxes, penalties, interest, costs and all expenses of the sale was Eight Thousand Eight Hundred Fifty-One and 66/100 Dollars ($8,851.66).

3.

Foxworthy, Inc. was the successful bidder, at the Tax Sale, in the amount of Two Hundred Twenty-One Thousand Three Hundred Seventy Five and 73/100 Dollars ($221,375.73).

4.

There are excess funds from the sale in the amount of Two Hundred Twelve Thousand Five Hundred Twenty Four and 07/100 Dollars ($212,524.07) (hereinafter referred to as "Excess Funds").

5.

Accordingly, this Court has jurisdiction and venue of this matter.

**Chain of Title**

6.

The Sheriff realleges and reincorporates by reference paragraphs 1 through 5 to the Petition for Interpleader as if fully set forth herein.

7.

**Jon D. Engle** and **Verdery C. Engle**, grantors, transferred and conveyed interest in the Property to **Charles R. Gray**, grantee, by virtue of a Warranty Deed, dated June 30, 1979, and recorded on July 16, 1979 at Deed Book 7300, Page 379, Fulton County, Georgia records. See Warranty Deed attached hereto as Exhibit "A".

8.

Charles Gray, grantor, transferred and conveyed interest in the Property to John B. Nelson, Ambassador, grantee, by virtue of a Quit Claim Deed dated February 12, 1996, and recorded on February 12, 1996, at Deed Book 20625, Page 43, Fulton County, Georgia records. See Quitclaim Deed attached hereto as Exhibit "B".

9.

John B. Nelson, Ambassador, by and through Sheriff Jacquelyn H. Barrett transferred and conveyed interest in the Property to Foxworthy, Inc. by Tax Deed, dated December 5, 2000, and recorded on December 29, 2000 at Deed Book, 29816, Page 298. See Tax Deed attached hereto as Exhibit "C". Said Tax Deed was subsequently modified in order to correct the transposition of the Deed Book and Page references on the Original Tax Deed and a new Corrective Tax Deed was issued. See Corrective Tax Deed attached hereto as Exhibit "D".

10.

On April 8, 2002, Foxworthy, Inc. filed a Petition to Quiet Title on the Property. See Petition to Quiet Title, attached hereto as Exhibit "E". On November 27, 2002, the Court issued an Order holding that Fee Simple Title in the Property was vested with Foxworthy, Inc. by virtue of the by Tax Deed, dated December 5, 2000, and recorded on December 29, 2000 at Deed Book, 29816, Page 298. See Final Order and Decree attached hereto as Exhibit "F". Such Order was appealed and the Appeal was dismissed by Order of the Supreme Court. See Supreme Court Order dated September 17, 2003 attached hereto as Exhibit "G".

**Interested Parties**

11.

The Sheriff realleges and reincorporates by reference paragraphs 1 through 10 to the Petition for Interpleader as if fully set forth herein.

12.

**John B. Nelson**, as record title owner on the date of the Tax Sale has a potential claim to the proceeds by virtue of a Quit Claim Deed dated February 12, 1996, and recorded on February 12, 1996, at Deed Book 20625, Page 43, Fulton County, Georgia records.  John B. Nelson is a resident of the state of Colorado and may be served at 14675 Colorado Road 35.6; Mancos, Colorado, 81328.

13.

**Guishard, Wilburn & Shorts** has a potential claim to the proceeds by virtue of a claim for Excess Funds submitted to the Sheriff which includes a Letter of Authorization to Recover Funds (Limited Power of Attorney) on behalf of John B. Nelson. See Claim, including Title Report, attached hereto as Exhibit "H".  Guishard, Wilburn & Shorts is a Georgia Corporation and may be served at its principal place of business at 175 Carnegie Place, Suite 115, Fayetteville, Georgia 30214.

14.

The person known as **John B. Nelson** represented by **Frank X. Moore** of Frank X. Moore & Associates, has a potential claim to the proceeds by virtue of a Quit Claim Deed dated February 12, 1996, and recorded on February 12, 1996, at Deed Book 20625, Page 43, Fulton County, Georgia records.  Frank X. Moore has also submitted a claim on behalf of John B. Nelson. See Claim, including Title Report, attached hereto as Exhibit "I".  John B. Nelson is a

4

resident of the state of Colorado and may be served at 14675 Colorado Road 35.6, Mancos, Colorado, 81328.

## Competing Claims

15.

The Sheriff realleges and reincorporates by reference paragraphs 1 through 14 to the Petition for Interpleader as if fully set forth herein.

16.

The Sheriff is unable to determine the proper party entitled to the excess funds since both Guishard, Wilburn & Shorts, on behalf of John B. Nelson and John B. Nelson, by and through his attorney Frank X. Moore, have submitted competing claims for disbursement of the entire $212,524.07 in Excess Funds being held by the Sheriff related to the Tax Sale.

## Expense Reimbursement

17.

The Sheriff realleges and reincorporates by reference paragraphs 1 through 16 to the Petition for Interpleader as if fully set forth herein.

18.

Petitioner has incurred expenses in connection with bringing this Interpleader action (service of process and filing costs) and pursuant to O.C.G.A. § 23-3-90, is entitled to an award of expenses.

19.

**WHEREFORE**, the Sheriff prays:

1. That this Court issue an Order authorizing the Sheriff to deposit the Excess Funds into the registry of the Court;

2. That the Respondents be required to interplead and settle among themselves their rights to the Excess Funds;

3. That the Court determine which person or entity is authorized to receive the excess funds;

4. That the Court Order that the excess funds be paid in accordance with its determination and that the Petitioner is discharged from all liability in this action;

5. That the Sheriff be awarded the costs incurred in bringing this action; and

6. That the Court Order other relief as it deems just and proper.

Respectfully submitted, this _28th_ day of _September_, 2010.

**OFFICE OF THE FULTON COUNTY ATTORNEY**
R. David Ware
COUNTY ATTORNEY
Georgia Bar No. 737756

Matthew C. Welch
Georgia State Bar No. 747190

William Shannon Sams
Georgia State Bar No. 101051

141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0261 (office)
(404) 730-6324 (facsimile)

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

FULTON COUNTY SHERIFF,        )
THEODORE JACKSON          )
                                )
      Petitioner,            )
                                )
v.                              )    CIVIL ACTION FILE
                                )    NUMBER:
897 EDGEWOOD AVENUE, N.E.,    )
ATLANTA, GEORGIA          )
FULTON COUNTY, GEORGIA,     )
Parcel Number: 14-0014-0010-024-3; JOHN )
B. NELSON; GUISHARD, WILBURN &  )
SHORTS, LLC                )
                                )
      Respondents.        )

## VERIFICATION

The undersigned does hereby verify and state that the information contained in the Fulton

County Sheriff's Petition for Interpleader is true and correct.

BY: _Theodore Jackson_

Theodore Jackson
Fulton County Sheriff

Sworn and subscribed before me this
___ day of September, 2010.

_____
NOTARY PUBLIC
[Sign and Seal]
My Commission Expires

BESSIE D DEBOWLES
Notary Public
DeKalb County, Georgia
Commission Expires August 1, 2012

EXHIBIT "A"

28-JUN-2010  12:18PM   FROM-Augusta Title ...c.                    4045210214            T-755   P.014/026   F-369

GEORGIA, Fulton County, Clerk's Office Superior Court
Filed & Recorded, JUL 18 1979   at 9:24 M.   _____ clerk

# Lawyers Title Insurance Corporation

### ATLANTA BRANCH OFFICE

## WARRANTY DEED

### STATE OF GEORGIA                    COUNTY OF DEKALB

THIS INDENTURE, Made the 30th        day of June        , in the year
one thousand nine hundred seventy-nine   , between

JON D. ENGLE AND VERDERY C. ENGLE

of the County of Fulton        , and State of Georgia, as party or parties of the
first part, hereinafter called Grantor, and

CHARLES R. GRAY

as party or parties of the second part, hereinafter called Grantee (the words "Grantor" and "Grantee" to include their respective heirs, successors and assigns where the context requires or permits).

WITNESSETH that: Grantor, for and in consideration of the sum of  Ten and no/100's
——————————————————————— ( $10.00   ) DOLLARS
in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, aliened, conveyed and confirmed, and by these presents does grant, bargain, sell, alien, convey and confirm unto the said Grantee,

All that tract or parcel of land lying and being in Land Lot 14 of the 14th District, Fulton County, Georgia, and being part of Lot 56 according to a Map of Inman Park as made by Joel Hurt, C.E., on April 13, 1896, and more particularly described as follows:
BEGINNING at a point on the south side of Edgewood Avenue 91 feet west of the southwest corner of Edgewood Avenue and Waverly Way; running thence west along the south side of Edgewood Avenue 74 feet; running thence south 210 feet to a point; running thence east 74 feet to a point; running thence north 210 feet to the point of beginning; being improved city property and known as 897 (formerly685) Edgewood Avenue, N.E., according to the present system of numbering streets and houses in the city of Atlanta, Georgia.

This conveyance is made subject to that certain Deed to Secure Debt from Bonnie Dees and Jeffrey Dees to Standard Federal Savings and Loan Association, dated July 15, 1975 and recorded July 17, 1975, at Deed Book 6306, page 157, Fulton County, Georgia records, securing an indebtedness in the original principal amount of $40,000.00, which Deed to Secure Debt was assumed by Grantor. This conveyance is made further subject to that certain Deed to Secure Debt from Grantor to Bonnie L. Dees, dated July 13, 1977, and recorded July 20, 1977, at Deed Book 6748, page 252, aforesaid records, securing an indebtedness in the original principal amount of $31,500.00. Grantee assumes and agrees to pay the indebtedness secured by the above-referenced Deeds to Secure Debt.

Fulton County, Georgia
Real Estate Transfer Tax
Paid $ 2 4.2 0
Date July 16 1979
BARBARA T PAGE
Clerk, Superior Court
By _____ Deputy Clerk

TO HAVE AND TO HOLD the said tract or parcel of land, with all and singular the rights, members and appurtenances thereof, to the same being, belonging, or in anywise appertaining, to the only proper use, benefit and behoof of the said Grantee forever in FEE SIMPLE.
AND THE SAID Grantor will warrant and forever defend the right and title to the above described property unto the said Grantee against the claims of all persons whomsoever.

IN WITNESS WHEREOF, the Grantor has signed and sealed this deed, the day and year above written.

Signed, sealed and delivered in presence of:

_____                    Jon Engle          (Seal)
_____                    JON D. ENGLE
William _____                             Verdery C. Engle   (Seal)
Notary Public                                VERDERY C. ENGLE
My Commission Expires June 24, 1985          _____  (Seal)

N. P.
SEAL

BOOK 7300 PAGE 379

## GENERAL POWER OF ATTORNEY

TO ALL PERSONS, be it known, that _____
the undersigned Grantor, does hereby grant a general power of attorney to
_____ , as my attorney-in-fact.

My attorney-in-fact shall have full powers and authority to do and undertake all
acts on my behalf that I could do personally including but not limited to the right to sell,
deed, buy, trade, lease, mortgage, assign, rent or dispose of any of my present or future
real or personal property the right to execute, accept, undertake and perform any and all
contracts in my name; the right to deposit, endorse, or withdraw funds to or from any of my
bank accounts, depositories or safe deposit box; the right to borrow, lend, invest or
reinvest funds on any terms; the right to initiate, defend, commence or settle legal actions
on my behalf; the right to vote (in person or by proxy) any shares or beneficial interest in
any entity, and the right to retain any accountant, attorney or other advisor deemed
necessary to protect my interests generally or relative to any foregoing unlimited power.

My attorney-in-fact hereby accepts this appointment subject to its terms and
agrees to act and perform in said fiduciary capacity consistent with my best interests as he
in his best discretion deems advisable, and I affirm and ratify all acts so undertaken.

This power of attorney may be revoked by me at any time, and shall automatically
be revoked upon my death, provided any person relying on this power of attorney before
or after my death shall have full rights to accept the authority of my attorney-in-fact until in
receipt of actual notice of revocation.

Signed under seal this  22ND  day of  August , 19 94

_____
Grantor

_____
Attorney-In-Fact

BK 20525  PG 44

EXHIBIT B

EXHIBIT "B"

Return To: KAREN MARTIN
262 CASSON ST
ATLANTA GA 30307

## QUITCLAIM DEED

THIS QUITCLAIM DEED, Executed this  12th   day of February     .19 96 .

by first party,  Charles R. Gray

whose post office address is  897 Edgewood Ave. NE, Atlanta, GA  30307

to second party,  John B. Nelson, Ambassador

whose post office address is  14575 CR39.6, Mancos, CO  81238

WITNESSETH, That the said first party, for good consideration and for the sum of  Fifty Dollars GOLD
Dollars ($ 50.00GOLD) paid by the said second party, the receipt whereof is hereby
acknowledged, does hereby remise, release and quitclaim unto the said second party forever, all the rights, title, interest and claim which the said first party has in and to the following described parcel of land, and improvements and appurtenances thereto in the County of Fulton        , State of Georgia       to wit:

897 Edgewood Avenue:  See attached Warranty Deed for Description
EXHIBIT A

IN WITNESS WHEREOF, The said first party has signed and sealed these presents the day and year first above written. Signed, sealed and delivered in presence of:

| Jessica Cobb | Karen Martin for Charles Gray |
| Signature of Witness | Signature of First Party SEE ATTACHED POWER OF ATTORNEY EXHIBIT B |
| Jessica Cobb | KAREN MARTIN for CHARLES GRAY |
| Print name of Witness | Print name of First Party |
| Usha Reddy | N/A |
| Signature of Witness | Signature of First Party |
| AUGIE LEGAKIS | N/A |
| Print name of Witness | Print name of First Party |

State of Georgia
County of DeKalb
On Feb. 17, 1996        before me, Tiffany D. Stiggins
appeared  Karen Martin
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

N.P. Tiffany Stiggins
SEAL  Signature of Notary

Notary Public, DeKalb County, Georgia
My Commission Expires Nov. 27, 1999

Affiant ___ Known ___ Produced ID
Type of ID _____

(Seal)

EXHIBIT "C"

Nm:BILLY(94620), Rq:476 1

When recorded, please

return to:

Foxworthy, Inc.
Box 724017
Atlanta, GA 31139

Deed Book 29816 Pg 298
Filed and Recorded Dec-05-2000 09:20am
2000-0346111
Real Estate Transfer Tax $0.00
Juanita Hicks
Clerk of Superior Court
Fulton County, Georgia

NOTE TO CLERK: CROSS REFERENCE ARE
AS SHOWN ON SCHEDULE "A"

RE:

BOOK 4521   PAGE 065
BOOK 4521   PAGE 064
BOOK 4666   PAGE 161
14-0014-0010-024-3

STATE OF GEORGIA
COUNTY OF FULTON

## TAX DEED

This indenture (the "Deed") made this 5, day of DECEMBER 2000, by and between JOHN B. NELSON, AMBASSADOR ("Owner") by and through Jacquelyn H. Barrett, not individually, but in her official capacity as the Sheriff of Fulton County, (hereinafter "Grantor") and FOXWORTHY, INC (hereinafter Grantee").

WHEREAS, in the obedience to certain writ(s) of fieri facias, issued from the Tax Commissioner of Fulton County, Which writ are/is more particularly described in Schedule "A" below, on the date which is shown in Schedule "A" below as the "Sale Date", during the legal hours of sale, Grantor did expose for sale at public outcry to The highest bidder for cash before the courthouse door in Fulton County, Georgia, the Property (as hereinafter defined), at which sale Grantee was the highest and best bidder for the sum shown in Schedule "A" as the "Sale Price" (hereinafter the "Sale Price"), and the Property was then and thereknocked off to Grantee for said sum. Said sale was made after advertising the time, place, and terms thereof in the Fulton County Daily Report, published in Atlanta, Georgia, in the aforesaid county, and being the publication in which Sheriff's advertisements for said county are now published, once a week for four weeks prior to said sale, and said advertisement in all respects complied with the requirements of Code Section 9-13-140 of the Official Code of Georgia Annotated. Notice of the time, place, and terms of the sale of the Property was given pursuant to Code Section 48-4-1 of the Official Code of Georgia Annotated. Said sale was made for the purpose of paying ad valorem taxes owed, the interest and penalties on said taxes, and the expenses of the sale, all of which were mature and payable because of failure to pay same interest and penalties on said taxes, and the expenses of the sale, all of which were mature and payable because of failure to pay same when due.

NOW THEREFORE, in consideration of the sum of the sale price as stated in Schedule "A", receipt of which is hereby acknowledged, Grantor does hereby bargain, sell, and convey unto Grantee, its successors and assigns, so far as the office of Grantor authorizes her, the following described property (herein referred to as the "Property"); to wit:

All that tract or parcel of land lying and being in Fulton County, Georgia and being more particularly described on Schedule "A" below and by this reference made a part hereof.

TO HAVE AND TO HOLD the Property unto Grantee, its successors and assigns in fee simple.

IN WITNESS WHEREOF, Grantor has signed and sealed this Deed as of the day and year first above written.

**CROSS REFERENCE**

Signed, sealed, and delivered
in the presence of

GRANTOR:

JOHN B. NELSON, AMBASSADOR (Owner)
By and through

_Mia C. Roberson_
Unofficial Witness

_Jacquelyn H. Barrett_
Jacquelyn H. Barrett
Sheriff of Fulton County

_Michelle A. Clemon_
Notary Public
Commission Date:
(NOTARIAL SEAL)
Notary Public, Fulton County, Georgia
My Commission Expires March 22, 2002

(SEAL)

N. P.
SEAL

PUBLIC

## SCHEDULE "A"

FI FA.: Recorded at BOOK 4796   PAGE 092 General Execution Docket, Fulton County, and transferred to Vesta Holdings As Nominee for Heartwood 11 at BOOK 4521   PAGE 065 General Docket, Fulton County.

FI FA.: Recorded at BOOK 4796   PAGE 091 General Execution Docket, Fulton County, and transferred to Vesta Holdings As Nominee for Heartwood 11 at BOOK 4521   PAGE 064, General Docket, Fulton County.

FI FA.: Recorded at BOOK 4827   PAGE 326 General Execution Docket, Fulton County, and transferred to Vesta Holdings As Nominee for Heartwood 11 at BOOK 4666   PAGE 161 General Docket, Fulton County.

SALES PRICE: 221,375.73
SALE DATE:   12/5/00

Description of Property
That tract or parcel of land conveyed by deed to JOHN B. NELSON, AMBASSADOR Recorded at Book 20625 Page 42 per Records of Fulton County, Georgia. Property known as 897 EDGEWOOD AVE and parcel 14-0014-0010-024-3 per records of the Fulton County Tax Commissioner and plat maps of the Fulton County Tax Assessors office.

TOGETHER WITH all rights, title, and interest running with the above-described property; AND TOGETHER with all rights, members, privileges and easements appurtenant thereto.

[NOTE TO CLERK: PLEASE CROSS-REFERENCE TO THIS DEED].

EXHIBIT "D"

Nm:BILLY(94620), Rq:477.

When recorded, please return to:

Deed Book 30074 Pg    43
Filed and Recorded Mar-13-2001 02:49pm
2001-0052995
Real Estate Transfer Tax $0.00
Juanita Hicks
Clerk of Superior Court
Fulton County, Georgia

NOTE TO CLERK: CROSS REFERENCE ARE
AS SHOWN ON SCHEDULE "A"

G.E.D.  BOOK 4521  PAGE 065
G.E.D.  BOOK 4521  PAGE 064
G.E.D.  BOOK 4666  PAGE 161
TPID:  14-0014-0010-024-3
Original Tax Deed at Deed
Book 29816, Page 298

STATE OF GEORGIA
COUNTY OF FULTON

CORRECTIVE TAX DEED     **CROSS REFERENCE**

This Indenture (the "Deed") made this 5th day of DECEMBER, 2000, by and between JOHN B. NELSON, AMBASSADOR, ("Owner") by and through Jacquelyn H. Barrett, not individually, but in her official capacity as the Sheriff of Fulton County, (hereinafter "Grantor") and FOXWORTHY, INC., (hereinafter Grantee").

WHEREAS, in the obedience to certain writ(s) of Fieri Facias, issued from the Tax Commissioner of Fulton County, Which writ are/is more particularly described in Schedule "A" below, on the date which is shown in Schedule "A" below as the "Sale Date", during the legal hours of sale, Grantor did expose for sale at public outcry to The highest bidder for cash before the courthouse door in Fulton County, Georgia, the Property (as hereinafter defined), at which sale Grantee was the highest and best bidder for the sum shown in Schedule "A" as the "Sale Price" (hereinafter the "Sale Price"), and the Property was then and there knocked off to Grantee for said sum. Said sale was made after advertising the time, place, and terms thereof in the Fulton County Daily Report, published in Atlanta, Georgia, in the aforesaid county, and being the publication in which Sheriff's advertisements for said county are now published, once a week for four weeks prior to said sale, and said advertisement in all respects complied with the requirements of Code Section 9-13-140 of the Official Code of Georgia Annotated. Notice of the time, place, and terms of the sale of the Property was given pursuant to Code Section 48-4-1 of the Official Code of Georgia Annotated. Said sale was made for the purpose of paying ad valorem taxes owed, the interest and penalties on said taxes, and the expenses of the sale, all of which were mature and payable because of failure to pay same interest and penalties on said taxes, and the expenses of the sale, all of which were mature and payable because of failure to pay same when due.

NOW THEREFORE, in consideration of the sum of the sale price as stated in Schedule "A", receipt of which is hereby acknowledged, Grantor does hereby bargain, sell, and convey unto Grantee, its successors and assigns, so far as the office of Grantor authorizes her, the following described property (herein referred to as the "Property"); to wit:

All that tract or parcel of land lying and being in Fulton County, Georgia and being more particularly described on Schedule "A" below and by this reference made a part hereof.

TO HAVE AND TO HOLD the Property unto Grantee, its successors and assigns in fee simple.

IN WITNESS WHEREOF, Grantor has signed and sealed this Deed as of the day and year first above written.

GRANTOR:

Signed, sealed, and delivered

_Michelle A. Cleman_
Unofficial Witness

_Priscilla D. Wilson_
Notary Public
Commission Date: _Henry Pugh, Clayton County, Georgia_
(NOTARIAL SEAL) My Commission Expires Aug. 26, 2003

(NOTARIAL SEAL)

JOHN B. NELSON, AMBASSADOR (Owner)
By and through

_Jacquelyn H. Barrett_
Jacquelyn H. Barrett
Sheriff of Fulton County

(SEAL)

**SCHEDULE "A"**

FI FA.: Recorded at BOOK 4521  PAGE 065, General Execution Docket, Fulton County, and transferred to Vesta Holdings As Nominee for Heartwood 11, Inc., at BOOK 4796  PAGE 092, General Execution Docket, Fulton County.

FI FA.: Recorded at BOOK 4521  PAGE 064, General Execution Docket, Fulton County, and transferred to Vesta Holdings As Nominee for Heartwood 11, Inc., at BOOK 4796  PAGE 091, General Execution Docket, Fulton County.

FI FA.: Recorded at BOOK 4666  PAGE 161, General Execution Docket, Fulton County, and transferred to Vesta Holdings As Nominee for Heartwood 11, Inc., at BOOK 4827  PAGE 326, General Docket, Fulton County.

SALES PRICE: 221,375.73
SALE DATE:   12/5/00

Description of Property

That tract or parcel of land conveyed by deed to JOHN B. NELSON, AMBASSADOR, Recorded at BOOK 20625, PAGE 42, per Records of Fulton County, Georgia. Property known as 897 EDGEWOOD AVE. and parcel 14-0014-0010-024-3 per records of the Fulton County Tax Commissioner and plat maps of the Fulton County Tax Assessors office.

TOGETHER WITH all right, title, and interest running with the above-described property; AND TOGETHER with all rights, members, privileges and easements appurtenant thereto.

[NOTE TO CLERK: PLEASE CROSS-REFERENCE TO THIS DEED.]

EXHIBIT "E"

THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

FILED IN OFFICE
APR 08 2002
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

FOXWORTHY, INC., A Corporation,  ]
                Plaintiff/Petitioner  ]
                                      ]      Civil Action File
Vs.                                   ]
                                      ]      No. 2002CV51574
A TRACT OF LAND, BEING KNOWN AS       ]
897 EDGEWOOD AVENUE, ATLANTA,         ]
FULTON COUNTY, GEORGIA, BEING A/K/A   ]
T.P. I.D. No. 14-014-0010-24-3;   AND ]
AS THEIR RESPECTIVE CLAIMS MAY APPEAR: ]
JOHN B. NELSON (AMBASSADOR); BONNIE   ]
L. DEES; CHARLES R. GRAY; ANCHOR      ]
MORTGAGE SERVICES, INC.; THE CITY OF  ]
ATLANTA, GEORGIA;              AND    ]
ALL OTHER PARTIES, KNOWN OR           ]
UNKNOWN, WHO HAVE OR CLAIM ANY        ]
ADVERSE OR POSSESSORY RIGHT, TITLE    ]
OR INTEREST IN THE SUBJECT PROPERTY,  ]
                Defendant/Respondents ]

## PETITION TO QUIET TITLE
### (REF. O.C.G.A., §§ 23-3-40–44 & 23-3-64–68, ET. SEQ)

COMES NOW Petitioner-Plaintiff herein, FOXWORTHY, INC., a corporation (hereinafter "Petitioner" or "Foxworthy"), by and through counsel, and brings this Petition to Quiet Title, pursuant to the provisions of (O.C.G.A., §§ 23-3-40–44 & 23-3-64–68, et seq.; and in support of Petitioner's Quiet Title claims, shows to the Court the following.

### JURISDICTIONAL - PARTIES STATEMENT

1.

This action is a petition for quiet title, an in rem proceeding, brought pursuant to O.C.G.A., §§ 23-3-40–44 and §§ 23-3-64–68, et seq., to remove any cloud on the title to

the Respondent Property, caused by the equities of redemption following tax sales. The primary named Respondent is the tract of real property, which was the subject of such tax sale. Such tax sale property is described as being in Land Lot 14, of the 14th District, Fulton County, and being also known as 897 Edgewood Avenue, Atlanta, Georgia (as more particularly described in Exhibit "A" attached hereto [the "**Respondent Property**"]).  As all the Respondent Property in question lies within Fulton County, Georgia, the Petitioner shows therefore that this court has jurisdiction and venue over this petition.

## 2.

Petitioner is a Nevada corporation, authorized to conduct, and doing, business in the State of Georgia. Petitioner holds an interest in the Respondent Property, by virtue of having purchased the Respondent Property at a Sheriff's tax levy and sale proceeding. Petitioner shows thereby that it is a proper party to bring and maintain this action, pursuant to the provisions of the applicable code sections.

## 3.

Petitioner has attached hereto as Exhibit "B", a listing of those individual named Respondents, who, upon information or belief, who have or may have a record right, title or interest in the Respondent Property. Such Listing includes such addresses for service as the Petitioner has been able to determine, as of the date of the filing of the instant action.

## 4.

If these respondents have such record interest in the Respondent Property, such Respondents are therefore necessary parties to this action as contemplated by the Georgia Civil Practice Act. This court accordingly has jurisdiction over these named respondent(s). To the extent that, for lack of a proper and current service address for either of these Respondents, Petitioner cannot obtain personal service, Petitioner contends that such respondent(s) should and must be served by publication of notice.

**5.**

There may or could be other unknown parties in existence, who have or claim some right, title or interest in the Respondent Property, and if so, such "unknown" parties may have or claim an interest in the Respondent Property. The Petitioner shows, therefore, that these "unknowns" are necessary parties to this action as contemplated specifically by the operative provisions of O.C.G.A., §§ 23-3-43, & 44, and § 23-3-65, and generally of the Georgia Civil Practice Act. This court accordingly has jurisdiction over this named respondent(s).

**6.**

The identities and/or the addresses for service of notice of such "unknown" parties are, by definition, unknown to the Petitioner, for perfecting of service of the instant Petition in the State of Georgia. Petitioner contends consequently that these "unknown" respondent(s) should be served by publication of notice.

**7.**

Petitioner has, pursuant to O.C.G.A., § 23-3-62(d), filed contemporaneously with this Petition, a Notice of Record in the LIS PENDENS Docket, in said County, a copy of which Lis Pendens Notice is attached here as an Exhibit [Exhibit "C"].

## COUNT 1.
### QUIET TITLE FACTS - CLAIMS STATEMENT

**8.**

Petitioner incorporates by reference paragraphs 1 through 7 above, as if set forth verbatim herein, for the purposes of this section of the Petition.

**9.**

Petitioner shows that the Respondent Property was sold, on December 5, 2000, pursuant to a Writ of Fieri Facias issued on Levy and Sale for unpaid State & county ad valorem taxes, by the Sheriff of Fulton County, Georgia. At the time of such sale, the defendant in fi fa was named as "John B. Nelson, Ambassador". This named individual had taken title to the Respondent Property, by Quit-claim Deed, recorded in Deed Book 20625, page 42, Fulton County Public Deed Records. A copy of such deed is attached hereto as Exhibit "D".

10.

At such referenced tax sale, the highest bidder was Foxworthy, Inc., who subsequently took title to the property by Tax Sale Deed, executed and delivered by the Sheriff at such sale, such deed being recorded at Deed Book 29816, page 298, Fulton County, Georgia records; as subsequently re-recorded as a Corrective Tax Deed, at Deed Book 30074, page 43, aforesaid County deed records. A copy of each such deed(s) is attached hereto as a Exhibit "E".

11.

The execution, delivery and recording of the referenced Tax Sale Deed, as matter of law, created the presumption that the levy and sale procedure had been properly completed, according to the statutory requirements.

12.

As to the above referenced tax levy and sale, Petitioner, or Petitioner's agent or attorney has completed those actions as required by all applicable provisions of the Georgia Code, to properly foreclose the right in any party having any interest therein, to redeem the Respondent Property from the referenced tax sale, O.C.G.A., § §48-4-45–46. The right of the any party entitled to do so to redeem such property from such tax sale expired and was extinguished on or about March 17, 2002, and therefore as a matter of law, the Petitioner holds the Fee Simple title to the Respondent Property, free from any claim of right, title or interest in any party, whether known or unknown.

## COUNT 2.
### ADVERSE INTEREST(S) CLAIMANTS STATEMENTS

13.

Plaintiff incorporates by reference paragraphs 1 through 12 above, as if set forth verbatim herein, for the purposes of this Count.

14.

Petitioner shows that there are of record certain security deed instrument(s) which have the Respondent Property shown as security for such instruments: (a) That certain security deed in favor of Bonnie L. Dees, as recorded in Deed Book 6748, page 292, Fulton County Deed Records; and (b) that certain security deed originally in favor of Standard

Petition. Page 4.

Federal Savings and Loan Association of Atlanta, as recorded in Deed Book 6306, page 157, Fulton County Deed Records; as subsequently transferred by Assignment to Anchor Mortgage Services, Inc., as such Assignment is recorded in Deed Book 14621, page 327, aforesaid Records. A copy of the first page(s) of each such deed and/or assignment is attached hereto as a Exhibit "F".

<div align="center">15.</div>

Petitioner contends and maintains that the any right, interest or putative claim of lien of each of the named Respondent Holder-Grantee (or assignee thereof) in each such referenced security instrument was, as matter of law, cut off by the referenced tax sale, subsequent tax deed and resulting foreclosure of the equity of redemption procedure. Any right in this Respondent to redeem the Respondent Property from the tax sale was, as a matter of law, thereby foreclosed.

<div align="center">**COUNT 3.**</div>

<div align="center">16.</div>

Plaintiff incorporates by reference paragraphs 1 through 15 above, as if set forth verbatim herein, for the purposes of this Count.

<div align="center">17.</div>

Petitioner shows that there may be some claim of lien by the City of Atlanta pursuant to a demolition lien or sanitary assessment lien against the Respondent Property, despite the fact that no such lien(s) appear of record in the Public Deed Records in the office of the Clerk of the Superior Court of Fulton County. Petitioner contends and maintains that the any right, interest or putative claim of lien of this Respondent was, as matter of law, cut off by the referenced tax sale, subsequent tax deed and resulting foreclosure of the equity of redemption procedure. Any right in this Respondent to redeem the Subject Property from the tax sale was, as a matter of law, thereby foreclosed.

## COUNT 4.

### 18.

Plaintiff incorporates by reference paragraphs 1 through 17 above, as if set forth verbatim herein, for the purposes of this Count.

### 19.

Petitioner restates to the court that this petition is in name and substance a Petition To Quiet Title, brought pursuant to all the operative provisions of O.C.G.A., §§ 23-3-40–44, & 23-3-60–72, *et seq*. As such, the provisions of O.C.G.A., §§ 23-3-43 and 23-3-63 mandate the appointment of a Special Master, as and when such Special Master is appointed to take jurisdiction of this matter; and thereafter to undertake the duties of such Special Master, as set out in the recited code sections and provisions thereof.

### 20.

Accordingly, Petitioner hereby moves this Court, pursuant to the provisions of, and the mandates contained in the code sections recited above, for an Order for the appointment of a Special Master; and that the Petition and attachments and this matter be thereby submitted to the jurisdiction of such Special Master, for all further handling according to the statutory duties of such Special Master.

### 21.

Petitioner contends that Petitioner herein is entitled, under the operative provisions of O.C.G.A., §23-3-60 – 72 *et seq.*, for the Special Master so appointed to take jurisdiction of this matter. Petitioner is further entitled to have such Special Master, after a hearing and examination of all relevant and pertinent evidence, make and publish with this Court determinations and/or declaratory finding(s) of the status and the ownership of the Respondent Property; and to an order of this court decreeing such findings.

**WHEREFORE,** Petitioner prays to the court for relief as follows:

(a.)   Submit this Petition with its attachments to a Special Master pursuant to O.C.G.A., §§ 23-3-43; and § 23-3-63.

(b.)   Require that the Special Master determine who is entitled to notice and direct that proper notice be given as required, by service upon the Respondents; and/or all other parties at interest to this action, by and through personal service and/or publication, as necessary.

(c.)   That all interested parties, having any claim in said property, or objection to the petition and/or other relief prayed for, appear and show cause, if any they Have, why the prayers of the Petitioner should not be granted.

(d.)   For a finding that **Foxworthy, Inc.,** is the valid holder of the Fee Simple Title in the Respondent Property, pursuant to O.C.G.A., §§ 48-4-40–48, *et seq.*; as well as any other applicable Georgia Code Sections.

(e.)   That upon an appropriate determination and/or findings of fact by the special master, issue a decree to be recorded in the Office of the Clerk of the Superior Court of Fulton County, which decree holds that Fee Simple title of the Respondent Property has and is vested in Petitioner, **Foxworthy, Inc.,** free and clear of any claim of right, title or interest by any other Respondent, or any other party, known or unknown.

(f.) For such other and further relief as the court may deem just and equitable under the premises.

**C. TERRY BLANTON LAW OFFICES, PC**

By: _____

C. Terry Blanton
State Bar No. 062750
Attorney for Petitioner

By: _____

Victoria E. Allen
State Bar No. 112000
Attorney for Petitioner

Suite 1000, Wachovia Bank Building
315 West Ponce de Leon Avenue
Decatur, GA 30030
(404) 377-5126

H:\FOXWORTHY, INC\897 Edgewood Ave\Q-T\PET-TAX DEED.wpd

Petition. Page 8.

## VERIFICATION AFFIDAVIT

This instrument is the affidavit of Foxworthy, Inc. , who after being duly sworn, says and declares on Affiant's oath as follows:

1.     That Affiant has personal knowledge of or belief in the facts contained in the Quiet Title Civil Action to which this affidavit is attached.

2.     That the facts contained in said Quiet Title Civil Action were furnished to the attorney preparing said pleading by the Affiant, or by Affiant's agents or employees; and that the facts contained in the Quiet Title Action are true and correct to the best of Affiant's knowledge and belief.

In Witness whereof, the affiant(s) have affixed hand and seal, on this April 5th ___2002.

Affiant: _____

SEAL
1997
NV

**ACKNOWLEDGMENT:** Sworn to and subscribed before me, the undersigned officer authorized by law to administer oaths, this April 5, 2002

Linda Sagaert
Notary Public
My commission expires: 12-2-02



E:\FOXWORTHY, INC\VERIFY.AFF.wpd

EXHIBIT "A"

## EXHIBIT "A"

All that tract or parcel of land lying and being in Fulton County, State of Georgia, in Land Lot 14, of the 14th District of Fulton County, Georgia, being known as 897 Edgewood Avenue, Atlanta, Georgia; and being also known as and having Tax Parcel I.D. No. 14-014-0010-024-3; and being the same property as conveyed to John B. Nelson, Ambassador, by quit-claim deed recorded in Deed Book 20625, page 42, aforesaid County Deed Records.

EXHIBIT "B"

# EXHIBIT "B"

**Sheriff's Service:**

Occupant-Tenant-Resident
897 Edgewood Avenue
Atlanta, GA 30307

John B. Nelson
897 Edgewood Avenue
Atlanta, GA 30307

Charles Gray
897 Edgewood Avenue
Atlanta, GA 30307

The City of Atlanta
68 Mitchell Street
Suite 4100
Atlanta, GA 30303

Bonnie L. Dees
520 Ashland Farm Road
Oxford, GA 30054

**Certified Mail; Publication Notice**

Anchor Mortgage Services, Inc.
EAB Plaza, East Tower, 15th Floor
Uniondale, New York 11556

EXHIBIT "C"

RETURN, AFTER RECORDING, TO:
C. TERRY BLANTON LAW OFFICE, PC
Suite 1000, Wachovia Bank Building
315 West Ponce de Leon Avenue
Decatur, Georgia 30030

## THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| FOXWORTHY, INC., A Corporation, | ] | |
| **Plaintiff/Petitioner** | ] | **Civil Action File** |
| | ] | |
| **Vs.** | ] | |
| | ] | **No. _____** |
| | ] | |
| A TRACT OF LAND, BEING KNOWN AS | ] | |
| 897 EDGEWOOD AVENUE, ATLANTA, | ] | |
| FULTON COUNTY, GEORGIA, BEING A/K/A | ] | |
| T.P. I.D. No. 14-014-0010-24-3;          AND | ] | |
| AS THEIR RESPECTIVE CLAIMS MAY APPEAR: | ] | |
| JOHN B. NELSON (AMBASSADOR); BONNIE | ] | |
| L. DEES; CHARLES R. GRAY; ANCHOR | ] | |
| MORTGAGE SERVICES, INC.; THE CITY OF | ] | |
| ATLANTA, GEORGIA;          AND | ] | |
| ALL OTHER PARTIES, KNOWN OR | ] | |
| UNKNOWN, WHO HAVE OR CLAIM ANY | ] | |
| ADVERSE OR POSSESSORY RIGHT, TITLE | ] | |
| OR INTEREST IN THE SUBJECT PROPERTY, | ] | |
| **Defendant/Respondents** | ] | |

## NOTICE OF LIS PENDENS

NOTICE is hereby given of the filing of an IN REM Quiet Title Action (Ref. O.C.G.A., § § 23-3-40–44 and 23-3-60–72, *et seq.*) as styled as set out above, on _____ versus the named Respondent(s). This Quiet Title Petition brings into question the ownership of, and the title to, a parcel of land, being known as 897 EDGEWOOD AVENUE, ATLANTA, FULTON COUNTY, GEORGIA, being more particularly described in Exhibit "A", attached hereto and incorporated herein by reference.

Petitioner in said action is seeking to have a decree issued that shows that fee simple title in and to said tract has vested in Petitioner; free and clear of any claim of right, title or interest by any Respondent, or any other party, known or unknown; and petitions the court for a determination of said title; and for an order determining and holding that the Fee Simple title to such Subject Property is in the Petitioner herein.

By: _C. Terry Blanton_____

C. Terry Blanton
State Bar No. 062750
Attorney for Petitioner

Tel: 404/377-5126
Fax: 404/377-0774

---

## EXHIBIT "A"

All that tract or parcel of land lying and being in Fulton County, State of Georgia, in Land Lot 14, of the 14th District of Fulton County, Georgia, being known as 897 Edgewood Avenue, Atlanta, Georgia; and being also known as and having Tax Parcel I.D. No. 14-014-0010-024-3; and being the same property as conveyed to John B. Nelson, Ambassador, by quit-claim deed recorded in Deed Book 20625, page 42, aforesaid County Deed Records.

EXHIBIT "D"

Nm:BILLY(94820), Rq:478

Return To: KAREN MARTIN
262 CARSON ST
ATLANTA GA 30307

## QUITCLAIM DEED

**THIS QUITCLAIM DEED,** Executed this   12th   day of February   , 19 96

by first party,   Charles R. Gray

whose post office address is  897 Edgewood Ave. NE, Atlanta, GA   30307

to second party,   John B. Nelson, Ambassador

whose post office address is  14675 CR39.6, Mancos, CO   81338

**WITNESSETH,** That the said first party, for good consideration and for the sum of  **Fifty Dollars GOLD**
**Dollars** ($ 50.00GOLD) paid by the said second party, the receipt whereof is hereby
acknowledged, does hereby remise, release and quitclaim unto the said second party forever, all the right, title, inter-
est and claim which the said first party has in and to the following described parcel of land, and improvements and
appurtenances thereto in the County of Fulton   , State of  Georgia   to wit:

  897 Edgewood Avenue:  See attached Warranty Deed for Description
EXHIBIT A

**IN WITNESS WHEREOF,** The said first party has signed and sealed these presents the day and year first
above written. Signed, sealed and delivered in presence of:

State of Georgia
County of DeKalb
On Feb. 12, 1996   before me,   Tiffany D. Stiggins
appeared  Karen Martin
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s)
is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon
behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

N.P.
SEAL  Signature of Notary  Tiffany Stiggins

Notary Public, DeKalb County, Georgia
My Commission Expires Nov. 23, 1999

Affiant ___ Known ___ Produced ID
Type of ID _____

(Seal)

EXHIBIT "E"

Nm:BILLY(94620), Rq:476

When recorded, please

return to:

Foxworthy, Inc.
Box 724017
Atlanta, GA 31139

Deed Book 29816 Pg 298
Filed and Recorded Dec-07-2000 09:20am
2000-0342111
Real Estate Transfer Tax $0.00
Juanita Hicks
Clerk of Superior Court
Fulton County, Georgia

NOTE TO CLERK: CROSS REFERENCE ARE
AS SHOWN ON SCHEDULE "A"

RE:
BOOK 4521  PAGE 065
BOOK 4521  PAGE 064
BOOK 4666  PAGE 161
14-0014-0010-024-3

STATE OF GEORGIA
COUNTY OF FULTON

TAX DEED

This indenture (the "Deed") made this 5, day of DECEMBER 2000, by and between JOHN B. NELSON, AMBASSADOR ("Owner") by and through Jacquelyn H. Barrett, not individually, but in her official capacity as the Sheriff of Fulton County, (hereinafter "Grantor") and FOXWORTHY, INC (hereinafter Grantee).

WHEREAS, in due obedience to certain writ(s) of fieri facias, issued from the Tax Commissioner of Fulton County, Which writ are/is more particularly described in Schedule "A" below, on the date which is shown in Schedule "A" below as the "Sale Date", during the legal hours of sale, Grantor did expose for sale at public outcry To The highest bidder for cash before the courthouse door in Fulton County, Georgia, the Property (as hereinafter defined), at which sale Grantee was the highest and best bidder for the sum shown in Schedule "A" as the "Sale Price" (hereinafter the "Sale Price"), and the Property was then and thereknocked off to Grantee for said sum. Said sale was made after advertising the time, place, and terms thereof in the Fulton County Daily Report, published in Atlanta, Georgia, in the aforesaid county, and being the publication in which Sheriff's advertisements for said county are now published, once a week for four weeks prior to said sale, and said advertisement in all respects complied with the requirements of Code Section 9-13-140 of the Official Code of Georgia Annotated. Notice of the time, place, and terms of the sale of the Property was given pursuant to Code Section 48-4-1 of the Official Code of Georgia Annotated. Said sale was made for the purpose of paying ad valorem taxes owed, the interest and penalties on said taxes, and the expenses of the sale, all of which were mature and payable because of failure to pay same interest and penalties on said taxes, and the expenses of the sale, all of which were mature and payable because of failure to pay same when due.

NOW THEREFORE, in consideration of the sum of the sale price as stated in Schedule "A", receipt of which is hereby acknowledged, Grantor does hereby bargain, sell, and convey unto Grantee, its successors and assigns, so far as the office of Grantor authorizes her, the following described property (herein referred to as the "Property"); to wit:

All that tract or parcel of land lying and being in Fulton County, Georgia and being more particularly described on Schedule "A" below and by this reference made a part hereof.

TO HAVE AND TO HOLD the Property unto Grantee, its successors and assigns in fee simple.

IN WITNESS WHEREOF, Grantor has signed and sealed this Deed as of the day and year first above written.

CROSS REFERENCE

Signed, sealed, and delivered
in the presence of

_Mia C. Roberson_
Unofficial Witness

_Michelle A. Clemons_
Notary Public
Commission Date:
(NOTARIAL SEAL)
Notary Public, Fulton County, Georgia
My Commission Expires March 22, 2003

N. P.
SEAL

PUBLIC

GRANTOR:

JOHN B. NELSON, AMBASSADOR (Owner)
By and through

_Jacquelyn H. Barrett_
Jacquelyn H. Barrett
Sheriff of Fulton County

(SEAL)

SCHEDULE "A"

FI FA.: Recorded at BOOK 4796  PAGE 092General Execution Docket, Fulton County, and transferred to Vesta Holdings As Nominee for Heartwood 11 at BOOK 4521  PAGE 065General Docket, Fulton County.

FI FA.: Recorded at BOOK 4796  PAGE 091General Execution Docket, Fulton County, and transferred to Vesta Holdings As Nominee for Heartwood 11 at BOOK 4521  PAGE 064, General Docket, Fulton County.

FI FA.: Recorded at BOOK 4827  PAGE 326 General Execution Docket, Fulton County, and transferred to Vesta Holdings As Nominee for Heartwood 11 at BOOK 4666  PAGE 161 General Docket, Fulton County.

SALES PRICE: 221,375.73
SALE DATE:  12/5/00

Description of Property

That tract or parcel of land conveyed by deed to JOHN B. NELSON, AMBASSADOR Recorded at Book 20625 Page 42 per Records of Fulton County, Georgia. Property known as 897 EDGEWOOD AVE and parcel 14-0014-0010-024-3 per records of the Fulton County Tax Commissioner and plat maps of the Fulton County Tax Assessors office.

TOGETHER WITH all right, title, and interest running with the above-described property; AND TOGETHER with all rights, members, privileges and easements appurtenant thereto.

[NOTE TO CLERK: PLEASE CROSS-REFERENCE TO THIS DEED].

Nm:BILLY(94620), Rq:477.1

When recorded, please return to:

Deed Book 30074 Pg 43
Filed and Recorded Mar-13-2001 02:49pm
2001-0052995
Real Estate Transfer Tax $0.00
Juanita Hicks
Clerk of Superior Court
Fulton County, Georgia

NOTE TO CLERK: CROSS REFERENCE ARE
AS SHOWN ON SCHEDULE "A"

G.E.D. BOOK 4521 PAGE 065
G.E.D. BOOK 4521 PAGE 064
G.E.D. BOOK 4666 PAGE 161
TPID:  14-0014-0010-024-3
Original Tax Deed at Deed
Book 29816, Page 298

STATE OF GEORGIA
COUNTY OF FULTON

CORRECTIVE TAX DEED   **CROSS REFERENCE**

This indenture (the "Deed") made this 5th day of DECEMBER, 2000, by and between JOHN B. NELSON, AMBASSADOR, ("Owner") by and through Jacquelyn H. Barrett, not individually, but in her official capacity as the Sheriff of Fulton County, (hereinafter "Grantor") and FOXWORTHY, INC., (hereinafter Grantee").

WHEREAS, in the obedience to certain writ(s) of Fieri Facias, issued from the Tax Commissioner of Fulton County, Which writ are/is more particularly described in Schedule "A" below, on the date which is shown in Schedule "A" below as the "Sale Date", during the legal hours of sale, Grantor did expose for sale at public outcry to The highest bidder for cash before the courthouse door in Fulton County, Georgia, the Property (as hereinafter defined), at which sale Grantee was the highest and best bidder for the sum shown in Schedule "A" as the "Sale Price" (hereinafter the "Sale Price"), and the Property was then and there knocked off to Grantee for said sum. Said sale was made after advertising the time, place, and terms thereof in the Fulton County Daily Report, published in Atlanta, Georgia, in the aforesaid county, and being the publication in which Sheriff's advertisements for said county are now published, once a week for four weeks prior to said sale, and said advertisement in all respects complied with the requirements of Code Section 9-13-140 of the Official Code of Georgia Annotated. Notice of the time, place, and terms of the sale of the Property was given pursuant to Code Section 48-4-1 of the Official Code of Georgia Annotated. Said sale was made for the purpose of paying ad valorem taxes owed, the interest and penalties on said taxes, and the expenses of the sale, all of which were mature and payable because of failure to pay same interest and penalties on said taxes, and the expenses of the sale, all of which were mature and payable because of failure to pay same when due.

NOW THEREFORE, in consideration of the sum of the sale price as stated in Schedule "A", receipt of which is hereby acknowledged, Grantor does hereby bargain, sell, and convey unto Grantee, its successors and assigns, so far as the office of Grantor authorizes her, the following described property (herein referred to as the "Property"); to wit:

All that tract or parcel of land lying and being in Fulton County, Georgia and being more particularly described on Schedule "A" below and by this reference made a part hereof.

TO HAVE AND TO HOLD the Property unto Grantee, its successors and assigns in fee simple.

IN WITNESS WHEREOF, Grantor has signed and sealed this Deed as of the day and year first above written.

GRANTOR:

Signed, sealed, and delivered

_Michelle A. Cleon_
Unofficial Witness

_Priscilla R. Johnson_
Notary Public
Commission Date:
(NOTARIAL SEAL)

JOHN B. NELSON, AMBASSADOR (Owner)
By and through

_Jacquelyn H. Barrett_
Jacquelyn H. Barrett
Sheriff of Fulton County

(SEAL)

Notary Public, Clayton County, Georgia
My Commission Expires Aug. 26, 2003

**SCHEDULE "A"**

FI FA.: Recorded at BOOK 4521 PAGE 065, General Execution Docket, Fulton County, and transferred to Vesta Holdings As Nominee for Heartwood 11, Inc., at BOOK 4796 PAGE 092, General Docket, Fulton County.

FI FA.: Recorded at BOOK 4521 PAGE 064, General Execution Docket, Fulton County, and transferred to Vesta Holdings As Nominee for Heartwood 11, Inc., at BOOK 4796 PAGE 091, General Docket, Fulton County.

FI FA.: Recorded at BOOK 4666 PAGE 161, General Execution Docket, Fulton County, and transferred to Vesta Holdings As Nominee for Heartwood 11, Inc., at BOOK 4827 PAGE 326, General Docket, Fulton County.

SALES PRICE:  221,375.73
SALE DATE:    12/5/00

Description of Property
That tract or parcel of land conveyed by deed to JOHN B. NELSON, AMBASSADOR, Recorded at BOOK 20625, PAGE 42, per Records of Fulton County, Georgia. Property known as 897 EDGEWOOD AVE. and parcel 14-0014-0010-024-3 per records of the Fulton County Tax Commissioner and plat maps of the Fulton County Tax Assessors office.

TOGETHER WITH all right, title, and interest running with the above-described property; AND TOGETHER with all rights, members, privileges and easements appurtenant thereto.

[NOTE TO CLERK: PLEASE CROSS-REFERENCE TO THIS DEED].

EXHIBIT "F"

Form No. 98  DEED TO SECURE DEBT (Long Form)                    FOOTE MILLER CO., ATLANTA

## 2586736

STATE OF GEORGIA, County of __FULTON__

THIS INDENTURE, Made the 13th   day of   July        , in the year
one thousand nine hundred Seventy-Seven between

JON D. ENGLE and VERDERY C. ENGLE

of the County of   Fulton        , and State of Georgia, as party or parties of the first
part, hereinafter called Grantor, and

BONNIE L. DEES

as party of the second part, hereinafter called
Grantee:

GEORGIA, Fulton County, Clerk's Office Superior Court
Filed & Recorded JUL 2 0 1977  at 7:45 P.M.  Barbara J. Rice  CLERK

WITNESSETH, That Grantor, for and in consideration of the sum of   THIRTY-ONE

THOUSAND FIVE HUNDRED AND NO/100-----------($31,500.00  ) DOLLARS
in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby
acknowledged, has granted, bargained, sold, aliened, conveyed and confirmed, and by these presents
does grant, bargain, sell, alien, convey and confirm unto the said Grantee, her heirs,
successors   and assigns, the following described property, to-wit:

All that tract or parcel of land lying and being in Land Lot 14 of
the 14th District of Fulton County, Georgia, and being part of Lot
66 according to Map of Inman Park as made by Joel Hurt, C.E., on
April 18, 1896, and more particularly described as follows:

BEGINNING at a point on the south side of Edgewood Avenue 91 feet
west of the southwest corner of Edgewood Avenue and Waverly Way;
running thence west along the south side of Edgewood Avenue 74 feet;
thence south 210 feet to a point; running thence east 74 feet to
a point; running thence north 210 feet to the point of beginning;
being improved City property and known as 897 (formerly 695)
Edgewood Avenue, N.E., according to the present system of naming
and numbering streets and houses in the City of Atlanta, Georgia.

This deed represents a portion of the purchase money for the above
described property, a Warranty Deed having been executed by Grantee
to Grantor simultaneously herewith.

The above property is conveyed subject to a certain Security Deed
recorded in Deed Book 6306, page 157, Fulton County Records, and
it is agreed that any default thereunder may, at the option of the
Grantee herein, or his successors in title, be declared and deemed
to be a default under the terms of the within instrument and the
Grantee herein, or his successors in interest, may declare the entire
indebtedness due and payable at once.   BOOK 6743 PAGE 292

## INTANGIBLE TAX CERTIFICATE-FULTON COUNTY GEORGIA

Grantor  Jon D Engle & Verdery C. Engle

Grantee  Bonnie J Dees

Location of Real Estate, City  Atlanta   Ll 14   Dis 14

Date of Execution of Notes ___ 19 ___  Final Maturity  July 13  2002 14  Term 25

Date of Execution of Security Deed  July 13   19 77  Face Amount of Deed $ 31,500.00

I certify that the Intangible Tax required by law on the notes prior to the recording of Security Deed
(@ $1.50 per $500 or fraction as shown by face of Security Deed) in the amount of $ 94.50
has been paid, this  20  day of  July  19 77

No. 43284

WILLIAM LEE ROBERTS, Tax Commissioner—By Emmett Adams Deputy.

000.001-R2-77    94560

Pd. 21,795/36

TRF: 14621-327

# DEED TO SECURE DEBT

1351-A
71926-ch

2485353

THIS DEED is made this 15th day of July 1975, between Grantor, JEFFREY W. DEES and BONNIE L. DEES (herein "Borrower"), and STANDARD FEDERAL SAVINGS AND LOAN ASSOCIATION of Atlanta, a corporation organized and existing under the laws of the United States, whose address is Atlanta, Georgia (herein "Lender").

WHEREAS, Borrower is indebted to Lender in the principal sum of --- FORTY THOUSAND AND NO/100 --- ($40,000.00) Dollars, which indebtedness is evidenced by Borrower's note of even date herewith (herein "Note"), providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on July 1, 1995;

TO SECURE to Lender (a) the repayment of the indebtedness evidenced by the Note, with interest thereon, the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed to Secure Debt, and the performance of the covenants and agreements of Borrower herein contained, and (b) the repayment of any future advances, with interest thereon, made to Borrower by Lender pursuant to paragraph 21 hereof (herein "Future Advances"), Borrower does hereby grant and convey to Lender and Lender's successors and assigns, with power of sale, the following described property located in the County of FULTON, State of Georgia:

All that tract or parcel of land lying and being in Land Lot 14 of the 14th District of Fulton County, Georgia, and being part of Lot 66 according to Map of Inman Park as made by Joel Hurt, C. E., on April 18, 1896, and more particularly described as follows:

BEGINNING at a point on the South side of Edgewood Avenue 91 feet West of the Southwest corner of Edgwood Avenue and Waverly Way; running thence West along the South side of Edgewood Avenue 74 feet; thence South 210 feet; thence East 74 feet; and thence North 210 feet to the point of beginning; being improved City property and known as 897 (formerly 695) Edgewood Avenue, N. E., according to the present system of naming and numbering streets and houses in the City of Atlanta, Georgia.

GEORGIA, Fulton County, Clerk's Office Superior Court
Filed & Recorded JUL 17 1975 at 3:44 P.M.
[signature] CLERK

TO HAVE AND TO HOLD such property unto Lender and Lender's successors and assigns forever, together with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water, water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Deed to Secure Debt; and all of the foregoing, together with said property (or the leasehold estate in the event this Deed to Secure Debt is on a leasehold) are herein referred to as the "Property".

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, that the Property is unencumbered, and that Borrower will warrant and defend generally the title to the Property against all claims and demands, subject to any easements and restrictions listed in a schedule of exceptions to coverage in any title insurance policy insuring Lender's interest in the Property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest.** Borrower shall promptly pay when due the principal of and interest on the indebtedness evidenced by the Note, prepayment and late charges as provided in the Note, and the principal of and interest on any Future Advances secured by this Deed of Trust.

2. **Funds for Taxes and Insurance.** Subject to Lender's option under paragraphs 4 and 5 hereof, Borrower shall pay to Lender on the day monthly installments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-



GEORGIA
COUNTY OF FULTON
LOAN NO. 216226

POOL NO.

**CORPORATE ASSIGNMENT**

GEORGIA, FULTON COUNTY
~~FI~~LED

91 SEP 27 AM 8: 30

JU____ HICKS
CLERK SUPERIOR COURT

FOR VALUE RECEIVED, *ANCHOR SAVINGS BANK FSB, SUCCESSOR BY MERGER TO THE NAMED MORTGAGE, A UNITED STATES CORPORATION*

located at *1401 VALLEY ROAD, WAYNE, NEW JERSEY 07470*
Assignor, has this day transferred, sold, assigned, conveyed, and delivered to *ANCHOR MORTGAGE SERVICES, INC., A UNITED STATES CORPORATION*

located at *1460 VALLEY ROAD, WAYNE, NEW JERSEY 07470*
as Assignee, its successors, representatives, and assigns, all of its rights, title, and interest in and to a certain security deed executed by *JEFFREY W. DEES AND BONNIE L. DEES*
_____ as Grantor,
to *STANDARD FEDERAL SAVINGS AND LOAN ASSOCIATION OF ATLANTA* as Grantee,
dated *JULY 15, 1975* securing a note in the principal sum of *FORTY THOUSAND and NO/100 DOLLARS* , filed for record in
the Office of the Clerk of the Superior Court of *FULTON* County,
Georgia, on *JULY 17, 1975* , recorded in Deed Book *6306*
at page *157* , Microfilm _____ , of the records aforesaid.

The Assignor herein specifically transfers, sells, conveys, and assigns to the above Assignee, its successors, representatives, and assigns the aforesaid security deed, the property described therein, the indebtedness secured thereby, together with all the powers, options, rights, privileges, and immunities contained therein on the undersigned.

The Assignor has this date sold and assigned to the Assignee herein the note secured by said security deed, without recourse on the Assignor, and this transfer is made to secure the Assignee, its successors, representatives, and assigns in the payment of said note.

In Witness whereof the Assignor has hereinto set its hand this,
the _30th_ day of _JANUARY_ , 19 _91_ .
Signed and delivered in presence of:

ANCHOR SAVINGS BANK FSB, SUCCESSOR BY MERGER TO THE NAMED MORTGAGEE

BY: _____          BY: _____
    **RUSSELL C. JONES**                   **JOSEPH E. VANORA**
    **VICE PRESIDENT**                     **ASSISTANT TREASURER**

    _____               _____
    WITNESS                               WITNESS

STATE OF *NEW JERSEY* )
                      ) ss
COUNTY OF *PASSAIC* )

On *JANUARY 30, 1991* , before me, the undersigned, a Notary Public in and for said County and State, personally appeared *RUSSELL C. JONES* known to me to be the person who executed the within instrument as the *VICE PRESIDENT* , and *JOSEPH E. VANORA* known to me to be the person who executed the within instrument as the *ASSISTANT TREASURER* of the Corporation that executed the within instrument and acknowledged to me that the Corporation executed the within instrument pursuant to its by-laws or a resolution of its board of directors. WITNESS my hand and official seal.

_____
DOROTHY B. SWEENEY (COMMISSION EXP. 05.11/93)
NOTARY PUBLIC

                    DOROTHY B. SWEENEY
                    NOTARY PUBLIC OF NEW JERSEY
                    MY COMMISSION EXPIRES MAY 11, 1992

WHEN RECORDED MAIL TO:                        BK14621 PAGE327
ONTRAK ASSIGNMENT SERVICE
P.O. BOX 820, N.P.
FREDERICK, MD 21701-0907

(OAS.GA) - GEORGIA

C = $.054.0004
P = $.001.188

J = 249.S.00188

# THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

FOXWORTHY, INC., A Corporation, ]
        Plaintiff/Petitioner ]
              ]
Vs.             ]
              ]
A TRACT OF LAND, BEING KNOWN AS ]
897 EDGEWOOD AVENUE, ATLANTA, ]
FULTON COUNTY, GEORGIA, BEING A/K/A ]
T.P. I.D. No. 14-014-0010-24-3;    AND ]
AS THEIR RESPECTIVE CLAIMS MAY APPEAR: ]
JOHN B. NELSON (AMBASSADOR); BONNIE ]
L. DEES; CHARLES R. GRAY; ANCHOR ]
MORTGAGE SERVICES, INC.; THE CITY OF ]
ATLANTA, GEORGIA;       AND ]
ALL OTHER PARTIES, KNOWN OR ]
UNKNOWN, WHO HAVE OR CLAIM ANY ]
ADVERSE OR POSSESSORY RIGHT, TITLE ]
OR INTEREST IN THE SUBJECT PROPERTY, ]
        Defendant/Respondents ]

**Civil Action File**

No. 2002CV51574

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT(S):**

  You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

    **C. TERRY BLANTON, ESQ.**
    **Suite 1000**
    **315 West Ponce De Leon Avenue**
    **Decatur, Georgia 30030**

an answer to the complaint which herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ___8___ day of ___April___, 2002.

Juanita Hicks
Clerk of the Superior Court, Fulton County

By: ___Juanita Tate___
   Deputy Clerk

EXHIBIT "F"

# THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **FOXWORTHY, INC., A Corporation,**<br>**Plaintiff/Petitioner** | **Civil Action File** |
| **Vs.** | **No. 2002-CV-51576** |
| **A TRACT OF LAND, BEING KNOWN AS**<br>**897 EDGEWOOD AVENUE, ATLANTA,**<br>**FULTON COUNTY, GEORGIA, BEING A/K/A**<br>**T.P. I.D. No. 14-014-0010-24-3;      AND**<br>**AS THEIR RESPECTIVE CLAIMS MAY APPEAR;**<br>**JOHN B. NELSON (AMBASSADOR); BONNIE**<br>**L. DEES; CHARLES R. GRAY; ANCHOR**<br>**MORTGAGE SERVICES, INC.; THE CITY OF**<br>**ATLANTA, GEORGIA;          AND**<br>**ALL OTHER PARTIES, KNOWN OR**<br>**UNKNOWN, WHO HAVE OR CLAIM ANY**<br>**ADVERSE OR POSSESSORY RIGHT, TITLE**<br>**OR INTEREST IN THE SUBJECT PROPERTY,**<br>**Defendant/Respondents** | FILED IN OFFICE<br>NOV 2 7 2002<br><br>Deed Book 34188 Pg  647<br>Filed and Recorded Feb-12-2003 01:20pm<br>2003-0053684<br>Real Estate Transfer Tax $0.00<br>Juanita Hicks<br>Clerk of Superior Court<br>Fulton County, Georgia |

## FINAL JUDGMENT AND ORDER

Upon this court's consideration and review of the Special Master's Report, based upon such Special Master's Hearing, and upon consideration and review of the Special Master's Findings of Fact, the referenced Special Master's Findings of Fact is approved and adopted by this Court. Further, upon this court's consideration and review of the Special Master's Report, such Report is hereby incorporated by reference into this Final Judgment and Order of this Court.

This Final Judgment and Order is entered pursuant to all provisions of O.C.G.A., §§ 23-3-40 – 44, and §§ 23-3-60 – 72, et seq., and this decree conclusively establishes the title of the real property which is the subject of this particular action, as set forth in this Order, as against all the world, subject only the interests owned or held by the named Petitioner herein, as set forth in the Special Master's Findings of Fact.

Deed Bank 34188 Pg 648

**1.**

Based upon such Special Master's Findings and Holdings, the Court denies Respondent   Gray's Motion to Dismiss and for a temporary or permanent Injunction.

**2.**

Based upon such Special Master's Findings, the Court holds that Charles Gray has no standing to contest the tax sale and subsequent barment proceeding, as he by his own admission is but a tenant "caretaker" for the owner, John B. Nelson, and Mr. Gray has no other right, title or interest in or to the Respondent Property. The Court therefore grants Petitioner's Motion to hold that Mr. Gray has no standing to contest such Quiet Title Petition.

**3.**

Based upon the foregoing, the Court adopts the Special Master's Holdings, and the Court holds, therefore, that no one, including  Mr. Gray and/or Mr. Nelson, has ever made the requisite tender of the statutory redemption amount. It is the settled law in this state that any party seeking to set aside or void a tax sale, or to attack the legality of any such sale, must—as a prerequisite thereto, make a tender of the required redemption amount.[1]

**4.**

Based upon the foregoing, the Court adopts the Special Master's Holdings, and the Court holds that, even if John B. Nelson was not served with the notice set out in O.C.G.A., §§ 48-3-9 & 10, the lack of such notice would not change the outcome of this case, and the granting to Petitioner of Petitioner's Quiet Title claims following such tax sale and subsequent barment proceedings.[2]

---

[1]   O.C.G.A. § 48-4-47; *see e.g.,* Durham v. Crawford. 196 Ga. 381, 26 S.E.2d 778 (1943); See, also, Machen. et al. v. Wolande Management. Inc., 271 Ga. 163 (1999).

[2]   *See, for example,* Ge Capital Mortgage Services, Inc. v. Clack, et al., 271 Ga. 82; 515 S.E.2d 619 (1999); Harper v. Foxworthy. et al., 254 Ga. App. 495 (562 S.E.2d 736) (2002): "it is 'the rule in this state that defects in following the notice provisions of the tax sale statute may give an injured party a claim for damages [against the Sheriff], but will not render the tax sale or the deed therefrom void.'"Clack, *infra,* at 83 (1) (a). [Emphasis added]

h..

Deed Book 34168 Pg 649

**5.**

The Court specifically adopts by reference and incorporates herein, paragraph number 5 of the Special Master's Findings of Fact. Accordingly, the Court orders and directs Mr. Nelson and Mr. Gray that no personal attacks on Mr. Blanton, and on the various judges and court officers involved in this case, including demeaning, derogatory and inflammatory *ad hominum* allegations (the "personal attacks") upon such individuals, are to be included in any further and future filings with the Court. If any such personal attacks are included, the Court upon motion of any party so affected will strike such filings.

**6.**

Accordingly, the Court finds and holds that Fee Simple title in and to the Respondent Property parcel of land is vested into Petitioner(s) herein, **FOXWORTHY, INC.**, by virtue of the Tax Sale, and subsequent Tax Sale Deed, as referenced in the Findings of Fact above.

**7.**

The title into the Petitioner, is subject only, as may be applicable, to the following exceptions:  (a) .Any unpaid real estate ad valorem taxes, if any, which have come due and payable since the final stated date for bar of the equity of redemption of the Respondent Property by virtue of such barment proceeding; and (b) All easements, restrictions, covenants and right-of-way agreements of record.

**8.**

The Court expressly holds that any lien in favor of the City of Atlanta, for ad valorem taxes, for sanitary assessments and water bills, and/or any demolition liens [whether or not such lien(s) are a matter of public record in the office of the records of the Clerk of the Superior Court]-any or all of which lien(s) have accrued or come due as of the year in which the barment proceeding took place-are by operation of law cut off by the tax sale and the subsequent barment proceeding to foreclose the equity of redemption; therefore such lien(s) are of no further legal force or validity.

**9.**

The Court expressly orders the Clerk of the Superior Court of Fulton County to record the original of the Final Order of this Court, in the public Deed Records of this county, as well as the Special Master's Report, upon

Deed Book 34188 Pg 650

payment of the recording costs for the same. The recording of the Final Order
shall be cross-referenced to the recorded Tax Sale Deed(s), as set out, recorded
in Deed Book 29816, page 298, Fulton County, Georgia records; as
subsequently re-recorded as a Corrective Tax Deed, at Deed Book 30074, page
43, Fulton County, Georgia Public Deed Records, by marginal reference
entered upon such document, as such instruments are referenced herein. The
recording of such Final Order, furthermore, shall be and act as a muniment of
title.

10.

    The Court awards and directs the payment of the Special Master's fees,
to be assessed and paid as follows: the Petitioner shall pay all such Special
Master's fees.

    AS SO ORDERED, This _87th_ of _November, 2002_

_Judge Stephanie Manis_ (signature)

Judge Stephanie Manis
Judge, Superior Court,
Fulton County, Georgia

Copies to:

Order Submitted By:

_Barry L. Zimmerman_ (signature)

Barry L. Zimmerman, Esq.
As the Special Master

Terry Blanton, Esq
Charles Shore
City of Atlanta Law Dept.
Bonnie L. Dees
John B. Nelson

28-JUN-2010  12:18PM   FROM-Augusta Title inc.            4045210214        T-765   P.019/026   F-369

**EXHIBIT "A"**
**Legal Description**

All that tract or parcel of land lying and being in Fulton County, State of Georgia, in Land Lot 14, of the 14th District of Fulton County, Georgia, being known as 897 Edgewood Avenue, Atlanta, Georgia; and being also known as and having Tax Parcel I.D. No. 14-014-0010-024-3; and being the same property as conveyed to John B. Nelson, Ambassador, by quit-claim deed recorded in Deed Book 20625, page 42, aforesaid County Deed Records.

*S*

# THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

FOXWORTHY, INC., A Corporation,                ]
        Plaintiff/Petitioner                     ]        **Civil Action File**
                                 ]
**Vs.**                                ]        **No. 2002-CV-51576**
                                 ]
A TRACT OF LAND, BEING KNOWN AS              ]
897 EDGEWOOD AVENUE, ATLANTA,                ]
FULTON COUNTY, GEORGIA, BEING A/K/A          ]
T.P. I.D. No. 14-014-0010-24-3;           AND  ]
AS THEIR RESPECTIVE CLAIMS MAY APPEAR:        ]
JOHN B. NELSON (AMBASSADOR); BONNIE          ]
L. DEES; CHARLES R. GRAY; ANCHOR             ]
MORTGAGE SERVICES, INC.; THE CITY OF         ]
ATLANTA, GEORGIA;              AND           ]
ALL OTHER PARTIES, KNOWN OR                  ]
UNKNOWN, WHO HAVE OR CLAIM ANY               ]
ADVERSE OR POSSESSORY RIGHT, TITLE           ]
OR INTEREST IN THE SUBJECT PROPERTY,         ]
        Defendant/Respondents.                   ]



## SPECIAL MASTER'S REPORT, INCLUDING
## FINDINGS OF FACT AND HOLDINGS OF LAW

    THE WITHIN AND FOREGOING MATTER has heretofore been submitted to the Special Master by Order of the Hon. Stephanie Manis. The Special Master notes that both counsel for the Petitioner, and one of the named individual Respondents, Charles Gray, has filed several and various motions and/or cross-motions[1], and each has replied to the other's motion. The Special Master notes that Petitioner, through counsel, requested a hearing on that party's Motion(s). The Special Master took under review and has considered all such motions, as well as the replies by opposing counsel, or Parties Respondent.

---

[1]    Petitioner's Counsel filed a Motion for Default Judgment and/or Judgment on the Pleadings, and/or a Motion for Summary Judgment; Respondent Gray filed Motion(s) to Dismiss, and for a Temporary and Permanent Injunction. In addition, both Gray and Respondent John B. Nelson filed an attempted "Notice of Removal" to the Federal District Court for the District of Colorado.

Furthermore, on August 2, 2002, the Special Master convened a hearing at Petitioner's request on the several and various motions as filed by Petitioner. At such hearing, the Special Master took testimony from Charles Gray, and John B. Nelson, and heard statements in his place from C. Terry Blanton, counsel for Petitioner Foxworthy, Inc. The Special Master took notice of a Motion in Limine and "Notice to Provide Copies to Special Master" as filed by Mr. Blanton, which document set out the ten (10) or so filings with the Federal District Court for the District of Colorado, including, without limitation, the three (3) separate orders as signed and authorized by Judge John Kane, Senior Judge for such federal district court [the "Federal Court Filings"].

Additionally, the Special Master has considered all the several and certain documents, affidavits, and filings as made by Petitioner, and Respondent Charles Gray and/or John Nelson; including specifically the document entitled "Notice to Cease and Desist."

It appears to the Special Master from the pleadings, the factual findings and the review of the Subject Property by the Special Master that Petitioner is entitled to relief. Therefore, the Special Master makes the following Findings of Fact, which arise as a result of the testimony, the filings, and/or undisputed or uncontroverted facts; and based upon such factual Findings, rules on the several and various motions; and based thereupon makes certain Holdings of Law, and submits the enclosed proposed Final Order and Decree to the Court.

## FINDINGS OF FACT

The Special Master finds as a matter of fact as follows:

1.

The parcel of land for which this Petition to Quiet Title has been brought is identified as 897 Edgewood Avenue, Atlanta, Fulton County, Georgia, a/k/a (the "Respondent Property"). The Special Master finds that this court therefore has the jurisdiction and the venue over this Quiet Title action.

1.

The Special Master finds that Service of Process upon the named Respondent Property was perfected by personal service.

2.

As to Mr. Gray, the Special Master makes the following specific findings:

(a)

Respondent Gray was duly and properly served by service of process on or about April 17, 2002. As of the date of the Special Master's Hearing, Respondent Gray had not filed any answer, denying the material allegations and contentions of the Quiet Title Petition. Accordingly, at this time Mr. Gray is in irrevocable default. The Special Master finds that there has been no motion filed by Respondent Gray to re-open such default for good reason shown.

(b)

Respondent Gray is not the owner of the Respondent Property, 897 Edgewood Avenue. Indeed, Respondent Gray by his own admission, *in judicio*, is nothing more than an occupant - "caretaker" of the Respondent Property.

(c)

Respondent Charles Gray is not an attorney, admitted before the Georgia State Bar, and/or licensed to practice law in the State of Georgia; and thus may not file any pleadings or filings for, nor make any appearance on behalf of, John B. Nelson.

(d)

Respondent Gray has never tendered nor made any attempt to tender the statutorily mandated redemption premium amount to Petitioner, or into the registry of the Court.

(e)

Respondent Gray has never raised any issues contesting that Gray was not properly and duly served with such notice as may have been required by law, in conjunction with either the Sheriff's tax levy and sale proceeding, and/or the barment proceeding, and/or the Quiet Title Petition. Gray did raise an issue about the purported lack of notice to him as a tenant of the transfer of the ad valorem tax fi fa. The Special Master finds that such issue is now moot, as the execution and delivery of the tax deed to a *bona fide* purchaser for value, as a matter of law, raises the presumption that the levy and sale proceeding is valid.

(f)

After ruling that Mr. Gray did not have standing in this matter, Mr. Gray requested that he be allowed to make a "special appearance". The Special Master denied such request, but allowed Mr. Gray, without objection from Petitioner's counsel, to remain in the Special Master's hearing and participate as a witness.

(g)

As to Mr. Gray's Motion for Temporary/Permanent Injunction, as referenced in footnote 1 above, the Special Master notes first of all that Mr. Gray did not have any standing to file such a motion. Next, the Special Master finds that Mr. Blanton, counsel for Petitioner, stated in

his place that he never received a conformed copy of Judge Westmoreland's Order to file a response within a date certain as to such Injunction Motion; the Special Master finds that such Motion was effectively responded to by Mr. Blanton, in his response to Mr. Gray's Motion to Dismiss; and ultimately, the Special Master finds that such motion is moot based upon the Special Master's Findings of Fact and Holdings of Law as to Mr. Gray's status and lack of standing otherwise.

(h)     Finally, the Special Master has taken note that since the Special Master's hearing as referenced herein, Mr. Gray, although found by the Special Master not to have standing in this action, filed a motion/pleading in which he stated that this Court did not have jurisdiction because the Federal Court filings had been dismissed, rather than "remanded". In that regard, the Special Master notes that Mr. Blanton, counsel for Petitioner, filed a motion with the Federal District Court for the District of Colorado requesting that Judge John Kane withdraw his order of dismissal, and remand the case to this court, *nunc pro tunc*. Thereafter, Mr. Blanton has furnished to the Special Master a copy of an Order signed by Judge Kane, and filed, as of September 23, 2002. Such Order by its express terms and provisions remanded the attempted removal case from the Federal District for Colorado back to this Court, as effective as of June 27, 2002.

**3.**

As to Mr. Nelson, the Special Master makes the following specific findings:

(a)

The Special Master finds that Mr. Nelson did not ever file with the office of the Tax Commissioner of Fulton County, any ad valorem taxes return for the Respondent Property, in his name as the owner, giving his mailing-billing notice address, as required under O.C.G.A., § 48-5-6.[2]

(b)

Respondent Nelson was duly and properly served by service of process on or about May 25, 2002.[3] As of the date hereof, Nelson has not filed any document that could be construed and qualified as an answer, denying the material allegations and contentions of the Quiet Title Petition. Accordingly, at this time Mr. Nelson is in irrevocable default. The Special Master finds that there has been no motion filed by Respondent Nelson to re-open such default for good reason shown.

---

2

*See*, Transcript of Special Master Hearing [T.], p. 49.

3          *See*, T., p. 82.

(c)

Nelson after being so personally served, on or about June 26, 2002, filed a document entitled "Notice of Removal & Petition for Writ of Certiorari" [the "Removal Notice"] in the Federal District Court for the District of Colorado. This document sought by its language and terms to remove this instant case to the jurisdiction and venue of such federal district court. At the time of such filing, Nelson was already in default on filing any answer or other pleading, denying the material and substantive allegations of the Quiet Title Petition.

(d)

Since the date of June 26, 2002, there have been ten (10) different documents received by Petitioner's counsel and subsequently filed with the Special Master, all of which have the federal district court style of the matter, as set out on such Removal Notice, including the Removal Notice, and five (5) separate filings by Respondent Charles Gray [hereafter, either jointly or severally—as the case may be—the "federal court filings"]. Additionally, there are three (3) separate orders by Judge John L. Kane, Senior U. S. District Court judge. Such order(s) ordered the dismissal of the Removal Notice, the closing out of any such federal court case, and finally the last such order admonished and ordered the named Respondents John Nelson and/or Charles Gray: "Do not file any further documents with this court."

(e)

The other document filed under the name of 'John B. Nelson' in the federal district court was a purported response to Petitioner's First Request for Admissions (served along with the original Quiet Title Petition)[4], as attached to and served with the original Quiet Title Petition. Although Mr. Nelson filed such response to such First Request in the Federal District Court of Colorado, that response such as it is, was not verified, nor has Mr. Nelson ever filed such response—whether verified or not—with the Clerk of the Superior Court of Fulton County, nor with the Special Master. The Special Master finds therefore that Mr. Nelson did not respond to such Requests for Admissions within forty-five (45) days from May 25, 2001[5], and therefore such requests for admissions are all deemed admitted as a matter of law. A copy of such First Request for Admissions is attached as an exhibit to this Special Master's Report.

(f)

None of the documents filed by Nelson in the federal district court for the District of Colorado were sworn to or verified, nor did either document filed by Nelson constitute any

---

4       *See*, T., p. 82.

5       *See*, T., p. 82.

answer, denying or controverting the material and substantive allegations of the Quiet Title Petition, as to Respondent John B. Nelson.

**(g)**

Respondent Nelson has never tendered nor made any attempt to tender the statutorily mandated redemption premium amount to Petitioner, in order to attempt to redeem the Subject Property from the referenced tax sale, nor has Nelson made even any attempt to make such tender into the registry of the Court; and indeed, Nelson indicated to the Special Master that he would not make any tender of the statutory redemption amount.[6]

**(h)**

Respondent Nelson has never raised any issues contesting that Nelson was not properly and duly served personally with service of process of the Quiet Title Petition; indeed, in his federal court filings, Nelson admits that he was served personally with the Quiet Title Petition on May 25, 2002.

**(i)**

The Respondent Property was sold, on December 5, 2000, pursuant to a Writ of Fieri Facias issued on Levy and Sale for unpaid State & county ad valorem taxes, by the Sheriff of Fulton County, Georgia. At the time of such sale, the Respondent in fi fa was named as "John B. Nelson, Ambassador". This named individual had taken title to the Respondent Property, by Quit-claim Deed, recorded in Deed Book 20625, page 42, Fulton County Public Deed Records. A copy of such deed was attached to the original Petition as Exhibit "D".

**(j)**

At such referenced tax sale, the highest bidder was Foxworthy, Inc., who subsequently took title to the property by Tax Sale Deed, executed and delivered by the Sheriff at such sale, such deed being recorded at Deed Book 29816, page 298, Fulton County, Georgia records; as subsequently re-recorded as a Corrective Tax Deed, at Deed Book 30074, page 43, aforesaid County deed records. A copy of each such deed(s) was attached to the original Petition as a Exhibit "E".

**(k)**

The Special Master finds that Mr. Nelson had personal knowledge of the pendency of the statutory barment proceeding by not later than March 4, 2002; and that he had received by facsimile transmission a copy of the redemption amount calculation notice by not later than

---

6       *See,* T., pp. 67, 72.

March 13, 2002.[7]  Nelson's right to redeem such property from such tax sale expired and was extinguished on or about March 17, 2002.

(I)

As to the above referenced tax levy and sale, Petitioner, or Petitioner's agent or attorney has completed those actions [the "barment" actions] as required by all applicable provisions of the Georgia Code, to properly foreclose the right of the Respondent Nelson to redeem the Respondent Property from the referenced tax sale, O.C.G.A., § §48-4-45–46.

4.

The Special Master heard from Mr. Blanton on his Motion in Limine, as to the derogatory and inflammatory *ad hominum* allegations set out by both Mr. Nelson and Mr. Gray, in their several and various filings with the Federal District Court and the Superior Court of Fulton County. After hearing from Mr. Nelson on such statements, the Special Master finds that such statements are in fact personal attacks upon Mr. Blanton, and/or upon several and various judges and court officers. Accordingly, the Special Master instructed and directed Mr. Nelson that no such derogatory and inflammatory *ad hominum* allegations were to be included in any further and future filings with the Court; and if any such were included, the Special Master would strike such filings upon motion of the other party(ies).

5.

The Special Master finds therefore that as to Respondents Gray and Nelson, all of the material allegations of the Quiet Title Petition are deemed admitted; and accordingly, all material allegations of the Petition are deemed to be true, correct and factual as to these two named Respondents.

6.

C. Terry Blanton, Esq., on behalf of the Petitioner, tendered certain documents into evidence. Those documents were admitted into evidence by the Special Master without opposition. Those documents are: (1) Affidavits from a court appointed private process server, documenting personal service upon those Respondents so served; (2) a Publisher's Affidavit from *The Fulton County Daily Report*, which shows service by publication on all the Respondents who were to be served by such publication notice; and (3) a conformed copy of the Tax Deed(s)–filed as Exhibits "D" with the Petition–executed and delivered pursuant to the tax sale (the "tax sale").

---

[7]        *See*, T., pp. 64, 66.

7.

The Special Master finds that the only Respondent to file an actual answer was the City of Atlanta. Other than the City, no respondent filed an actual answer or any other responsive filing, which on its face controverted or denied the allegations of the Petition; and that therefore all material allegations of the Petition are deemed to be true, correct and factual as to all the Respondents, other than the City of Atlanta.

8.

As to the City of Atlanta specifically, the Special Master finds that the material allegations of the petition are true. The Special Master expressly finds that the City was properly and timely notified of the statutory proceeding to bar the equity of redemption, and that the City did not redeem the Respondent Property from the referenced tax sale.

9.

The Special Master finds that the Petitioner completed, or had completed, in due and proper substance and procedure the proceeding to bar the equity of redemption from tax sale, as against all parties entitled to notice of such 'barment' proceeding, so as to bar the redemption of the Subject Property by any party in interest.

10.

The Special Master finds that the Petitioner took title to the Subject Property, by virtue of the Tax Sale Deed, as set out above in the Findings Of Fact; and by virtue of the completion in due and proper form of the foreclosure of the equity of redemption, pursuant to O.C.G.A., § 48-4-40 – 46, *et seq.*

**BASED UPON SUCH FINDINGS OF FACTS**, The Special Master enters the following Special Master's Holdings of Law. The Special Master has submitted herewith a Proposed Final Order, which the Special Master recommends to the Court; and the Special Master moves that the Court adopt the Proposed Order as the Order of Court, as stated:

## SPECIAL MASTER'S HOLDINGS OF LAW

1.

Based upon such Findings and Holdings, the Special Master denies Respondent Gray's Motion(s) to Dismiss and for a Temporary or Permanent Injunction.

**2.**

Based upon such Findings, the Special Master holds that Charles Gray has no standing to contest the tax sale and subsequent barment proceeding, as he by his own admission is but a tenant "caretaker" for the owner, John B. Nelson, and has no other right, title or interest in or to the Respondent Property. The Special Master grants Petitioner's Motion that Mr. Gray has no standing to contest such Quiet Title Petition.

**3.**

Furthermore, the Special Master holds that no one, including  Mr. Gray and/or Mr. Nelson, has ever made the requisite tender of the statutory redemption amount.[8] It is the settled law in this state that any party seeking to set aside or void a tax sale, or to attack the legality of any such sale, must, as a prerequisite thereto, make a tender of the required redemption amount. "Moreover, a tender on an offer to redeem property from taxes not only 'must be made in due time and manner,' but must 'be continuous,' with 'a continuous offer to pay;' and if such continuity is not otherwise shown, at least the bringing of the money into court on the filing of the suit is necessary in place of the continuous offer by pleading." [9]

**4.**

Even if Mr. Nelson were not served with the tax levy and sale notice, the Special Master holds that the tax levy and sale proceeding and the tax deed issued thereupon are not voidable or void, as a matter of law. First, by Mr. Nelson's failure to comply with the statutory provisions of O.C.G.A., § 48-5-6, which requires the owner of property to return such property at its fair market value for the purposes of ad valorem taxation, it is probable that failure on his part thus provides the explanation for why Mr. Nelson would not have received any such levy

---

[8]        O.C.G.A. § 48-4-47; *see also,* Durham v. Crawford, 196 Ga. 381, 26 S.E.2d 778 (1943): "It is also the general rule, under the maxim that he who would have equity must do equity, not only that the party seeking equitable relief [from a tax sale] shall have paid or tendered the [redemption] sum due to the other party, but that he shall have done so 'before the filing of the suit....'" *See, e.g.,* Machen, *et al.* v. Wolande Management, Inc., 271 Ga. 163 (1999).

[9]        Durham v. Crawford, *infra;* Clower v. Fleming, 81 Ga. 247 (3), 253, 254 (7 S.E. 278) *See also,* the following language from *Pindar, Georgia Real Estate Law:* "Equity will not ... cancel a defective tax sale until the [putative] owner tenders the amount of tax due and payable." [§ 4-53, *Pindar, infra*], and ". . .where the Respondent [in fi fa] has not paid or tendered the [proper redemption] amount ... admittedly due, relief will be denied." § 4-54, *Pindar, infra,* citing *e.g.,* Derrick v. Campbell, 219 Ga. 795 (1964); *See also,* Register v. Langdale, 226 Ga. 82, 84 (1970).

and sale notice. Both the applicable statutes and the case law makes it absolutely clear that this duty to return such property for ad valorem tax purposes is a statutory mandate.[10]

5.

Moreover, and in any event, even if John B. Nelson was not served with the notice set out in O.C.G.A., §§ 48-3-9 & 10, the lack of such notice does not change the outcome of this case. In G.E. Capital Mortgage Services, v. Clack[11], the Supreme Court stated as follows:

"[T]he rule in this state [is] that defects in following the notice provisions of the tax sale statute may give an injured party a claim for damages, but will not render the tax sale or the deed therefrom void. [*Cits.*] Sizemore v. Brown, 179 Ga. App. 594 (347 S.E.2d 345) (1986)."[12]

6.

Based upon such Findings and Holdings, the Special Master grants Petitioner's Motion for the entry of a Default Judgment and/or a Judgment on the Pleadings, and/or a Summary Judgment as against all the named Respondents.

7.

The Special Master finds and holds that Fee Simple title in to the Subject Property parcel of land is vested into Petitioner herein, **FOXWORTHY, INC.**, by virtue of the Tax Sale, and subsequent Tax Sale Deed, as referenced in the Findings of Fact above.

8.

The title into the Petitioner, is subject only, as may be applicable, to the following exceptions: (a) Any unpaid real estate ad valorem taxes, if any, which have come due and

---

10      *See*, O.C.G.A., § 48-5-6, O.C.G.A. § 48-5-15; *see also*, McLennan v. Undercofler, 222 Ga. 302, 149 S.E.2d, 705 (1966); *see generally*, CC Office Assocs. v. DeKalb County, 219 Ga. App. 101 (464 S.E.2d 243) (1995).

11      Ge Capital Mortgage Services, Inc. v. Clack, *et al.*, 271 Ga. 82; 515 S.E.2d 619 (1999).

12      In the most recent appellate decision dealing with this specific issue, in which Petitioner herein, Foxworthy, Inc., was the prevailing party, the Court of Appeals found and held that the serving of the notices under O.C.G.A., §§ 48-3-9 & 10 imposed upon the Sheriff only a "directory" duty, not a mandatory one. Harper v. Foxworthy, Inc. et al., 254 Ga. App. 495; 562 S.E.2d 736 ( 2002). The Court in its opinion stated, in pertinent part as follows: "Moreover, even if [Nelson] was not provided the requisite notice of the tax sale, this failure will not suffice to set aside the tax sale of [the] property. GE Capital Mtg. Services v. Clack, *infra*; Haden v. Liberty Co., 183 Ga. 209, 211 (1) (188 SE 29) (1936). It is 'the rule in this state that defects in following the notice provisions of the tax sale statute may give an injured party a claim for damages, but will not render the tax sale or the deed therefrom void.' (Citation omitted.) Clack, *infra at 83* (1) (a).

payable since the final stated date for bar of the equity of redemption of the Subject Property by virtue of such barment proceeding; and (b) All easements, restrictions, covenants and right-of-way agreements of record.

### 9.

The Special Master expressly holds that any lien in favor of the City of Atlanta, for ad valorem taxes, for sanitary assessments and water bills, and/or any demolition liens [whether or not such lien(s) are a matter of public record in the office of the records of the Clerk of the Superior Court]–any or all of which lien(s) have accrued or come due as of the year in which the barment proceeding took place–are by operation of law cut off by the tax sale and the subsequent barment proceeding to foreclose the equity of redemption; therefore such lien(s) are of no further legal force or validity.

### 10.

The Special Master holds that the Clerk of the Superior Court of Fulton County is directed to record the original of the Final Order of the Court, in the public Deed Records of this county, upon payment of the recording costs for the same. The recording of the Final Order shall be cross-referenced to the recorded Tax Sale Deed(s), as set out, recorded in Deed Book 29816, page 298, Fulton County, Georgia records; as subsequently re-recorded as a Corrective Tax Deed, at Deed Book 30074, page 43, Fulton County, Georgia Public Deed Records, by marginal reference entered upon such document, as such instruments are referenced herein. The recording of such Final Order, furthermore, shall be and act as a muniment of title.

### 11.

The Special Master asks and holds that the court award all costs and the Special Master's fees, to be assessed against the Petitioner.

THIS _14_ Day of _Jan._ , 2002.

RESPECTFULLY SUBMITTED.

Barry L. Zimmerman, Esq.
As Special Master
State Bar No. _765125_